

# STATE OF RHODE ISLAND

## CLERK'S CERTIFICATE AND TRANSMITTAL OF THE RECORD

| Case Information |
| --- |

Case Caption:   Navy Federal Credit Union   vs.   Estate of Walter E. Thomas III, et al.

Federal Court Case No.   1:23-cv-00522   State Court Case No.   WM-2022-0304

| Record Information |
| --- |

Confidential:   Yes ☐   No ☑   Description: _____

Sealed documents:   Yes ☑   No ☐   Description: "Create Registry of Court Account" 11/30/23
(Financial Documentation for Court Deposit)

| Certification |
| --- |

I,   Brenden T. Oates   , Clerk of the Rhode Island Superior Court for the County

of   Washington   , do certify that the attached documents are all the

documents included in the record in the above referenced case.

Date: December 12, 2023

Clerk:
/s/ _Brenden T. Oates_

Prepared by:

_____ Brenden T. Oates _____

WASHINGTON COUNTY SUPERIOR COURT

# SC DOCKET SHEET
## CASE NO. WM-2022-0304

| | | | |
|---|---|---|---|
| **Navy Federal Credit Union**<br>**v. Estate of Walter E. Thomas III et al.** | §<br>§<br>§<br>§<br>§ | Location:<br>Filed on:<br>US District Court Case<br>Number: | **Washington County Superior Court**<br>**08/03/2022**<br>**1:23-cv-00522** |

---

### CASE INFORMATION

**Statistical Closures**
12/12/2023      Closed-Non Trial-Unassigned-Removed to Federal Court

Case Type:  **Foreclosure - 34-27-1**

Case Status:  **12/12/2023   Closed**

---

| DATE | CASE ASSIGNMENT |
|---|---|
| | **Current Case Assignment**<br>Case Number                WM-2022-0304<br>Court                          Washington County Superior Court<br>Date Assigned            08/03/2022 |

---

### PARTY INFORMATION

|  |  | *Lead Attorneys* |
|---|---|---|
| **Plaintiff** | **Navy Federal Credit Union** | **HAGOPIAN, MICHAEL R.**<br>*Retained*<br>401-298-8866(W) |
| **Defendant** | **Estate of Walter E. Thomas III** | **ZURIER, LAUREN S.**<br>*Retained*<br>4017095030(W) |
| | **Skinner_DeSouza, Tiffany I** | |
| | **Thomas, Amber** | |
| | **Thomas, Walter E, IV** | |

---

| DATE | EVENTS & ORDERS OF THE COURT |
|---|---|
| 12/12/2023 | Closed-Non Trial-Unassigned-Removed to Federal Court |
| 12/12/2023 | Case Removed to US District Court |
| 12/08/2023 | Entry of Appearance<br>Party:  Attorney of Record  ZURIER, LAUREN S. |
| 12/07/2023 | Notice of Removal<br>*Notice of Removal* |
| 11/20/2023 | Order Entered (Judicial Officer: Taft-Carter, Associate Justice Sarah )<br>*Surplus Funds & Judicial Forclosure* |
| 11/03/2023 | **Hearing on Motion for Attorney Fees** (9:30 AM)  (Judicial Officer: Taft-Carter, Associate Justice Sarah ;Location: Wakefield Courtroom 2)<br>*plntf moves for an award of fees and costs*<br>*Heard and Granted* |
| 11/03/2023 | **Hearing on Motion for Deposit** (9:30 AM)  (Judicial Officer: Taft-Carter, Associate Justice Sarah ;Location: Wakefield Courtroom 2)<br>*plntf moves to deposit surplus funds*<br>*Heard and Granted* |
| 10/10/2023 | Omnibus Form |

*Printed on 12/12/2023 at 10:43 AM*

WASHINGTON COUNTY SUPERIOR COURT

# SC DOCKET SHEET

## CASE NO. WM-2022-0304

|  |  |
|---|---|
| | *Omnibus Form* |
| 10/10/2023 | Motion for Attorney Fees |
| | *Plaintiff's Motion for Attorney's Fees and Costs* |
| 10/10/2023 | Motion for Deposit |
| | *Plaintiff's Motion to Deposit Surplus Funds in Court and Interplead Parties* |
| 06/09/2023 | **Hearing on Motion to Confirm** (9:30 AM)  (Judicial Officer: Taft-Carter, Associate Justice Sarah ;Location: Wakefield Courtroom 2) |
| | *MOTION TO CONFIRM FORECLOSURE SALE* |
| | *Approved* |
| 06/09/2023 | Order Entered |
| | *Order Entered Confirming Foreclosure Sale* |
| 05/24/2023 | Omnibus Form |
| | *omnibus scheduling form* |
| 05/24/2023 | Memorandum Filed |
| | *Memo in support of motion to confirm* |
| 05/24/2023 | Affidavit Filed |
| | *Affidavit in support of motion to confirm* |
| 05/24/2023 | Miscellaneous Motion Filed |
| | *Motion to confirm judicial foreclosure* |
| 01/20/2023 | **Hearing on Motion for Entry of Default Judgment** (9:30 AM)  (Judicial Officer: Taft-Carter, Associate Justice Sarah ;Location: Wakefield Courtroom 2) |
| | *Order of Sale* |
| | *Heard and Granted* |
| 01/20/2023 | Order Motion for Entry of Default Judgment |
| | *Granted* |
| 12/08/2022 | Omnibus Form |
| | *omnibus scheduling form* |
| 12/08/2022 | Memorandum Filed |
| | *Memorandum in support of default judgment* |
| 12/08/2022 | Affidavit Filed |
| | *Affidavit in Support of default judgment* |
| 12/08/2022 | Motion to Enter Default Judgment |
| | *Motion for default judgment* |
| 12/01/2022 | Default Entered |
| | Party:  Defendant  Estate of Walter E. Thomas III;  Defendant  Skinner_DeSouza, Tiffany I;  Defendant  Thomas, Walter E, IV;  Defendant  Thomas, Amber |
| 11/30/2022 | Application for Entry of Default Filed |
| | *Application for Entry of Default* |
| 10/05/2022 | Return of Service |
| | *ROS Tiffany Thomas* |
| 10/05/2022 | Return of Service |
| | *ROS Amber Thomas* |
| 10/05/2022 | Return of Service |
| | *ROS Estate* |
| 10/05/2022 | Affidavit of Service Filed |

*Printed on 12/12/2023 at 10:43 AM*

# Washington County Superior Court
# SC Docket Sheet
## Case No. WM-2022-0304

|            |   |                                           |
|------------|---|-------------------------------------------|
|            |   | *Affidavit of Service*                    |
| 08/04/2022 |   | Summons                                   |
| 08/03/2022 |   | Complaint Filed                           |
|            |   | *Verified Complaint*                      |

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 12/8/2023 11:49 AM
Envelope: 4400135
Reviewer: Tracy K.

1:23-cv-00522-JJM-PAS    Document 3    Filed 12/12/23    Page 5 of 178 PageID #: 87



# STATE OF RHODE ISLAND

☐ SUPREME COURT   ☐ SUPERIOR COURT   ☐ FAMILY COURT   ☐ DISTRICT COURT

☐ Providence/Bristol County or Sixth Division   ☐ Washington County or Fourth Division
☐ Kent County or Third Division ☐ Newport County or Second Division

| Plaintiff | Civil Action File Number |
|---|---|
| Defendant | |

## ENTRY OF APPEARANCE – CIVIL CASES

I hereby enter my appearance for the ☐ Plaintiff/Petitioner   ☐ Defendant/Respondent
_____.

/s/ _____        _____
Attorney Name or Self-represented Litigant        Rhode Island Bar Number

_____
Address

_____        _____
Telephone Number                                        Cell Telephone Number

_____
Email Address

_____
Date

## CERTIFICATE OF SERVICE

I hereby certify that, on the _____ day of _____, 20____:
☐ I filed and served this document through the electronic filing system on the following parties:
_____.
The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

☐ I served this document through the electronic filing system on the following parties:
_____.
The document electronically served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

☐ I mailed or ☐ hand-delivered this document to the attorney for the opposing party and/or the opposing party if self-represented, whose name is _____
at the following address _____.

/s/ _____
Name

CC-11 (revised June 2020)

STATE OF RHODE ISLAND
IN THE WASHINGTON COUNTY SUPERIOR COURT

NAVY FEDERAL CREDIT UNION )
)                    Case No. WM-2022-0304
Plaintiff, )
)                    Hon. Judge Taft-Carter
v. )
)
ESTATE OF WALTER E. THOMAS, )
TIFFANY L. SKINNER-DESOUZA, )
WALTER E. THOMAS IV, AND )
AMBER THOMAS, )
)
Defendants. )

## NOTICE OF FILING OF PAPERS REMOVING ACTION
## TO UNITED STATES DISTRICT COURT

PLEASE TAKE NOTICE that on December 7, 2023, a Notice of Removal in the above-captioned case was filed with the United States District Court for the District of Rhode Island. The Notice of Removal was filed by, and on behalf of, the defendant United States of America.

PLEASE TAKE FURTHER NOTICE that, pursuant to the District of Rhode Island Local Rule for Civil Proceedings 81, the United States requests the clerk of this Court to provide to the District Court a copy of the court record for this case, including a certified copy of the docket sheet and all documents filed for this case in this Court.

PLEASE TAKE FURTHER NOTICE that, as provided by 28 U.S.C. § 1446(d), the Superior Court "shall proceed no further unless and until the case is remanded."

A copy of the Notice of Removal (with attachments) is annexed to this Notice.

*/s/ Lauren S. Zurier*
LAUREN S. ZURIER (Bar No. 4496)
Assistant United States Attorney
One Financial Plaza, 17th Floor
Providence, RI 02903
Tel. No. (401)709-5000

1

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 12/7/2023 4:59 PM
Envelope: 4399392
Reviewer: Tracy K.

Case 1:23-CV-00522-JJM-PAS    Document 3    Filed 12/12/23    Page 7 of 178 PageID #: 89

## <u>CERTIFICATE OF SERVICE</u>

I certify that on December 7, 2023, the foregoing **NOTICE OF FILING OF PAPERS**

**REMOVING ACTION TO UNITED STATES DISTRICT COURT** were served on the

following recipients via U.S. mail, with copies also sent by email where noted:

Michael R. Hagopian
Brock & Scott, PLLC
Attorney for Plaintiff
23 Messenger St. – 2nd Floor
Plainville, MA 02762
michael.hagopian@broskandscott.com

Estate of Walter E. Thomas III
14 Acorn Valley Way,
Charlestown, RI 02813

Amber Thomas
14 Acorn Valley Way,
Charlestown, RI 02813

Walter E. Thomas IV,
50 Cutler Road
Dayville, CT 06241

Tiffany J. Skinner-DeSouza
1352 Huckle Berry Road
Mancehster, KY 40962

State of Rhode Island Division of Taxation
1 Capitol Hill, Ste. 1
Providence, RI 02908

_/s/ Lauren S. Zurier_____
Lauren S. Zurier
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NAVY FEDERAL CREDIT UNION | ) | Case No. 1:23-cv-522 |
| | ) | |
| Plaintiff, | ) | (formerly WM-2022-0304 in Rhode |
| | ) | Island Superior Court) |
| v. | ) | |
| | ) | |
| ESTATE OF WALTER E. THOMAS III, | ) | Hon. |
| TIFFANY L. SKINNER-DESOUZA, | ) | |
| WALTER E. THOMAS IV, AND | ) | |
| AMBER THOMAS, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| INTERNAL REVENUE SERVICE AND | ) | |
| STATE OF RHODE ISLAND DIVISION OF | ) | |
| TAX, | ) | |
| | ) | |
| Interpleader Defendants. | ) | |

## <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §§ 1441, 1442, and/or 1444, the United States of America, on behalf of the interpleaded party Internal Revenue Service,[1] hereby removes this action from the Superior Court of the State of Rhode Island in Washington County to the United States District Court for the District of Rhode Island.

1.      This case comes within § 1442(a)(1) because it is a civil action that was commenced in State court and the United States or any agency thereof has been named as a party, by virtue of the Superior Court's order interpleading the Internal Revenue Service into the action. It comes within § 1444 because, within the meaning of 28 U.S.C. § 2410, the plaintiff received an order granting interpleader for claim of the excess proceeds of a foreclosure sale.

---

[1] The United States of America is the proper party to be named in an interpleader action for a federal tax lien. *See* 28 U.S.C. § 1444.

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 12/7/2023 4:59 PM
Envelope: 4399392
Reviewer: Tracy K.

Case 1:23-cv-00522-PAS Document 1 Filed 12/21/23 Page 9 of 178 PageID #: 91

The United States held a federal tax lien on the foreclosed property and now claims a federal tax lien on the interpleaded proceeds.

2.  In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on the United States in this action, as of the date of this Notice of Removal, are attached.

3.  This Notice of Removal is timely under 28 U.S.C. § 1446(b).

4.  Pursuant to 28 U.S.C. § 1446(d), the United States will provide the State of Rhode Island's Superior Court and all other parties with proper written notice of the filing of this Notice of Removal.

DAVID A. HUBBERT
Deputy Assistant Attorney General
U.S. Department of Justice Tax Division


*/s/ Sarah Stoner*
SARAH STONER
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C.  20044
202-514-1170 (v)
202-514-5238 (f)
Sarah.Stoner@usdoj.gov

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 12/7/2023 4:59 PM
Envelope: 4399392
Reviewer: Tracy K.

Case 1:23-cv-00522-PAS Document 3 Filed 12/22/23 Page 10 of 178 PageID #: 92

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 7, 2023, she caused to be mailed, postage prepaid via first class mail, copies of the **NOTICE OF REMOVAL** in the above captioned matter to the following, with copies also sent by email where noted:

Michael R. Hagopian
Brock & Scott, PLLC
Attorney for Plaintiff
23 Messenger St. – 2nd Floor
Plainville, MA 02762
michael.hagopian@broskandscott.com

Estate of Walter E. Thomas III
14 Acorn Valley Way,
Charlestown, RI 02813

Amber Thomas
14 Acorn Valley Way,
Charlestown, RI 02813

Walter E. Thomas IV,
50 Cutler Road
Dayville, CT 06241

Tiffany J. Skinner-DeSouza
1352 Huckle Berry Road
Mancehster, KY 40962

State of Rhode Island Division of Taxation
1 Capitol Hill, Ste. 1
Providence, RI 02908

/s/ Sarah Stoner
SARAH STONER
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C.  20044
202-514-1170 (v) / 202-514-5238 (f)
Sarah.Stoner@usdoj.gov

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 12/7/2023 4:59 PM
Envelope: 4399392
Reviewer: Terry M.

Case 3:23-cv-00522-JJM-PAS   Document 1-1   Filed 12/20/23   Page 1 of 1 PageID #:4

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

ESTATE OF WALTER E. THOMAS III, TIFFANY L. SKINNER-DESOUZA, WALTER E. THOMAS IV, AND AMBER THOMAS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

STATE OF RHODE ISLAND                    SUPERIOR COURT
WASHINGTON, sc

| | |
|---|---|
| Navy Federal Credit Union )<br>Plaintiff )<br>)<br>v. )<br>)<br>Estate of Walter E. Thomas III, Tiffany )<br>L. Skinner-DeSouza, Walter E. Thomas )<br>IV, and Amber Thomas )<br>Defendants ) | Case No.: |

## VERIFIED COMPLAINT TO FORECLOSE MORTGAGE

### I.   INTRODUCTION

Plaintiff, Navy Federal Credit Union ("Plaintiff"), files this complaint seeking to judicially foreclose a certain mortgage given by Walter E. Thomas III. ("Borrower/ Defendant"), which encumbers property commonly known as 14 Acorn Valley Way, Charlestown, RI 02813 (the "Property"). Plaintiff brings this action seeking to judicially foreclose its mortgage on the Property pursuant to R.I.G.L. §34-27-1, which provides as follows: "Any person entitled to foreclose the equity of redemption in any mortgaged estate, whether real or personal, may prefer a complaint to foreclose it, which complaint may be heard, tried and determined according to the usages in chancery and the principles of equity". Borrowers defaulted on their obligation to make monthly payments under the terms of the mortgage and the note which it secures, and Plaintiff seeks to foreclose the mortgage by holding a public auction sale of the Property.

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 8/7/2023 11:59 PM
Envelope: 4239592
Reviewer: Brittany M.

Case 1:23-cv-00052-JJM-PAS Document 3 Filed 02/23/23 Page 2 of 17 PageID #: 95

## II.     JURISDICTION AND VENUE

1. This action is being brought pursuant to the provisions of R.I.G.L. § 34-27-1 and Rule 57 of the Superior Court Rules of Civil Procedure.

2. Pursuant to R.I.G.L. § 8-2-13, the Superior Court has exclusive original jurisdiction over suits and proceedings brought in equity.

3. Under R.I.G.L. § 9-30-1 et seq., the Superior Court is empowered to grant declaratory judgment.

4. Therefore, this Honorable Court has jurisdiction over this matter and has the power and authority to order foreclosure of the mortgage on the Property.

5. Venue is proper under Rhode Island Gen. Laws §9-4-2 as the Property is located in the Town of Charlestown, Washington County, Rhode Island.

## III.     PARTIES

6. Plaintiff, Navy Federal Credit Union has a principal place of business at 820 Follin Lane, Vienna, VA 22180.

7. Defendant, Estate of Walter E. Thomas III, a mortgagor, is, upon information and belief, the successor in interest of Walter E. Thomas III, former a Rhode Island resident with a last known address of 14 Acorn Valley Way, Charlestown, RI 02813.

8. Defendant, Tiffany L. Skinner-DeSouza, is upon information and belief an heir of Walter E. Thomas III, with a last known address of 55 Barneyville Road, Swansea, MA 02777.

9. Defendant, Walter E. Thomas IV, is upon information and belief an heir of Walter E. Thomas III, with a last known address of 50 Cutler Road, Dayville, CT 06241.

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 8/27/2023 3:48:59 PM
Envelope: 4299592
Reviewer: Brittany M.

Case 1:23-cv-00521-PAS Document 3 Filed 07/23/23 Page 14 of 178 PageID #: 96

10. Defendant, Amber Thomas, is upon information and belief an heir of Walter E. Thomas III, with a last known address of 14 Acorn Valley Way, Charlestown, RI 02813.

## IV.    FACTS

11. Walter E. Thomas III and Donna J. Thomas, as tenants by the entirety, are the record owners of the certain real property located at 14 Acorn Valley Way, Charlestown, RI 02813 (the "Property) by virtue of a deed dated January 9, 1998 and recorded in the Town of Charlestown Land Evidence Records on January 9, 1998, in Book 164 at Page 459.  A true and correct copy of the Deed is attached hereto as **Exhibit A**.

12. Donna J. Thomas died on July 3, 2014 and Walter E. Thomas III became the sole owner of the Property as the surviving joint tenant.

13. On October 20, 2014, Walter E. Thomas III executed and delivered to Navy Federal Credit Union a certain promissory note in the original principal amount of $183,000.00 (the "Note").  A true and correct copy of the Note for the Property is attached hereto as **Exhibit B**.

14. To secure the Note, on October 24, 2014, Walter E. Thomas III. executed and delivered to Navy Federal Credit Union a mortgage (the "Mortgage") of the Property, in the amount of $183,000.00, which Mortgage was recorded in the Town of Charlestown Land Records in Book 399 at Page 11.  A copy of the Mortgage is attached hereto as **Exhibit C**.

15. A prior Mortgage from Walter E. Thomas III and Donna J. Thomas to  Navy Federal Credit Union in the sum of $40,000.00 dated November 24, 2006 as recorded in the Town of Charlestown Land Records in Book 305 at Page 239, was subordinated to the

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 3/20/2023 4:59 PM
Envelope: 3799592
Reviewer: Brittany M.

Mortgage by a subordination agreement recorded in Book 399 at Page 5. A copy of the prior mortgage and subordination are attached hereto as **Exhibit D**.

16. Walter E. Thomas III died on March 13, 2019. A copy of the obituary is attached hereto as **Exhibit E**.

17. Upon information and belief, Walter E. Thomas III died leaving 3 children, namely Tiffany L. Skinner-DeSouza, Walter E. Thomas IV, and Amber Thomas, who may have an interest in the Property as heirs of Walter E. Thomas III.

18. Walter E. Thomas III failed to make the monthly payments for June 1, 2019 and consequently defaulted on the Note. The sum due in connection with the Note is the June 1, 2019 payment together with all subsequently accrued but unpaid installments and accrued interest.

19. Borrowers' mortgage account is now due for the June 1, 2019 payment together with all subsequently accrued but unpaid installments and accrued interest.

20. On November 8, 2021 the Estate of Walter E. Thomas III was notified that the loan was in default and the total debt was itemized therein. A true and accurate copy of the Demand Letters are attached hereto as **Exhibit F**.

21. At present, the mortgage loan evidenced by the Note and secured by Mortgage remains delinquent and in default.

22. All conditions precedent to the acceleration of the Mortgage and the Note and to foreclosure under the Mortgage have been fulfilled or have occurred.

23. All parties having a recorded interest in the Property have been named as parties hereto.

24. The status of the title to the Property is reflected in the Report of Title attached hereto as **Exhibit G**.

4

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 8/7/2023 #AM
Envelope: 3799592
Reviewer: Brittany M.

98

25. Attached hereto is NOTICE OF AVAILABILITY OF LOSS MITIGATION AND
MEDIATION PROGRAMS which evidences the Plaintiff's willingness to consider the
Defendant's eligibility for foreclosure alternatives, including modification of the
mortgage loan, and/or to participate in mediation.

## COUNT I
## DECLARATORY JUDGMENT

26. Plaintiff re-alleges and incorporates by reference the allegations contained in
Paragraphs 1-25 above.

27. Plaintiff seeks a judgment from this Court declaring that Navy Federal Credit Union is
the holder of the Mortgage and is entitled to enforce the Mortgage as the mortgagee of
record.

28. Plaintiff seeks a judgment from this Court declaring that (a) Navy Federal Credit Union
is the holder of the Mortgage and is entitled to enforce the default remedies provided for
in the Note and Mortgage, including the exercise of the power of sale provided therein
(see, Paragraph 22 of the Mortgage); (b) that Walter E. Thomas III. is in default of the
obligations set forth in the Note and Mortgage; (c) that Plaintiff has substantially
complied with R.I.G.L. §34-27-3.2; (d) that Plaintiff is entitled to foreclose the
Mortgage; (e) that title shall be quieted in the purchaser/successful bidder of said
foreclosure auction.

29. Upon information and belief and upon examination of the public records, there are no
other parties with a mortgage, lien or encumbrance with respect to the Property.

30. Upon information and belief, there are no persons having any interest of ownership who
are in the military Service of the United States of America or otherwise entitled to the

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 8/27/2023 11:59 PM
Envelope: 4299522
Reviewer: Brittany K.M.

Case 1:23-cv-00502-JJM-PAS Document 2 Filed 12/12/23 Page 6 of 10 PageID #: 99

relief and benefits provided by the Act of Congress known as the Soldiers' and Sailors'

Civil Relief Act of 1940, as Amended. An Affidavit of Non-Military Service Attached

hereto as **Exhibit J**.

## COUNT II
## FOR DECREE BARRING RIGHTS TO REDEMPTION AND VESTING TITLE IN THE PLAINTIFF FREE OF ALL CLAIMS

31. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraph

1-30 above.

32. Plaintiff seeks a decree from this Court pursuant to R.I.G.L. §34-27-1(a) forever

barring any rights of redemption which any or all of the Borrower may have under the

terms of the Mortgage; and (b) vesting title to the Property in favor of the Plaintiff,

Navy Federal Credit Union, free of any and all right, title, interest, or claim of each of

the Defendants to this action.


## COUNT III
## FOR DECREE AUTHORIZING FORECLOSURE SALE

33. Plaintiff re-alleges and incorporates by reference the allegations contained in

paragraph 1-32 above.

34. Plaintiff seeks a decree from this Court pursuant to R.I.G.L. §34-27-1 authorizing and

directing Navy Federal Credit Union to sell the Property at foreclosure auction, by such

means, and as pursuant to such procedures as are set forth in its Motion to Sell. In

relation thereto, Navy Federal Credit Union, further seeks an order allowing it to credit

bid up to the amount of the total debt owed to it under the Note and any such public

sale.

6

## COUNT IV
## QUIET TITLE

35. Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs 1-34 above.

36. Upon completion of the foreclosure auction, Plaintiff seeks an order from this Court vesting title in the successful bidder of the foreclosure auction, whether it be Plaintiff or a third party, and such title shall be free and clear of any right of redemption from any defendant to this action, or any encumbrances recording a lien against the Property subsequent to the Lis Pendens recorded herein.

### PRAYER FOR RELIEF

**WHEREFORE**, Navy Federal Credit Union, requests that this Court:

(a) Given the equitable nature of a proceeding brought pursuant to R.I.G.L. § 34-27-1, Navy Federal Credit Union prays that in the event a representative of the Estate of Walter E. Thomas III, or any heir or beneficiary. should appear in this action at any time prior to the entry of a default and request an opportunity to explore alternatives to foreclosure the Court enter an order staying proceedings in the case for a period of sixty (60) days to afford the Defendant an opportunity to submit a completed application for loss mitigation to Navy Federal Credit Union and for Navy Federal Credit Union to render a determination of Defendants' eligibility, or lack thereof, for any available foreclosure alternatives based on such application;

(b) Issue a decree declaring that Navy Federal Credit Union is the holder of the Mortgage that Navy Federal Credit Union, its successors or assigns is entitled to

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 3/27/2023 4:59 PM
Envelope: 4399592
Reviewer: Brittany M.

101

enforce the Mortgage recorded in the Town of Charlestown Land Records in Book 399 at Page 11 as the mortgagee of record.

(c) Issue a decree determining that the Estate of Walter E. Thomas III., its representative, heirs or assigns, defaulted on their obligations under the terms of the Note and Mortgage, and that Navy Federal Credit Union, is the holder of the Mortgage recorded in the Town of Charlestown Land Records in Book 399 at Page 11, and is entitled to enforce the remedies for default;

(d) Issue a decree authorizing Navy Federal Credit Union to foreclose its Mortgage recorded in the Town of Charlestown Land Records in Book 399 at Page 11 as more fully set forth in a motion to sell, and that the right of redemption, interest, lien, mortgage or claim of any defendant, or holder of an encumbrance filed after the lis pendens has been recorded is hereby extinguished by said foreclosure auction;

(e) Order that title to the subject Property shall be quieted in the name of the purchaser at any such foreclosure sale;

(f) Order that the foreclosure and resulting auction, once validated by this Court, conforms with the mandates of equity;

(g) Order that Plaintiff is entitled to immediate possession of the Property; and

(h) Grant such other relief as the Court deems just.

Respectfully Submitted
Navy Federal Credit Union

By Its Attorney,

/s/ _____     8/3/2022

Michael R. Hagopian, Esq (3448)
Brock & Scott, PLLC
1080 Main Street, Suite 200
Pawtucket, RI 02860
401-217-8701 x2453
Michael.Hagopian@brockandscott.com

## **VERIFICATION**

STATE/COMMONWEALTH OF ____Virginia____
COUNTY OF ____Fairfax____

I, ____Aaron Williams____, of ____Navy Federal Credit Union____, have reviewed the allegations set forth in the foregoing complaint and verify and affirm that the allegations are true based on my personal review of the records maintained in the ordinary course of business and a review of the public records maintained by the Town of Charlestown, Rhode Island. For those facts and allegations set forth in the foregoing Complaint, I believe them to be true based on the information I reviewed.

_____          Dated: ____07/27/2022____
Signature

Aaron Williams - Assistant Manager Equity Collections
Printed Name

Subscribed and sworn to before me this ____27____ day of ____July____, 2022.

_____
Notary Public
Printed Name: ____Judith Alison Grant____
My Commission Expires: ____10/31/2022____
Commission #7593210

9

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 3/7/2023 3:53 PM
Envelope: 4099592
Reviewer: Brittany M.

Case 1:23-cv-00522-JJM-PAS   Document 1-2   Filed 12/12/23   Page 21 of 178 PageID #: 103

STATE OF RHODE ISLAND
WASHINGTON, sc

SUPERIOR COURT

| | |
|---|---|
| Navy Federal Credit Union | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| Estate of Walter E. Thomas III, Tiffany | ) |
| L. Skinner-DeSouza, Walter E. Thomas | ) |
| IV, and Amber Thomas | ) |
| Defendants | ) |
| | ) |

Case No.:

## NOTICE OF AVAILABILITY OF LOSS MITIGATION AND MEDIATION PROGRAMS

Consistent with the equitable nature of this judicial foreclosure proceeding brought by Navy Federal Credit Union (the "Plaintiff") pursuant to R.I. Gen. Laws § 34-27-1, Plaintiff hereby gives notice to the Court and to representatives of the Walter E. Thomas III, its heirs or assigns, (the "Defendants") of the Plaintiff's preparedness to consider the Defendants' eligibility for foreclosure alternatives, including modification of the mortgage loan, and/or to participate in mediation.

To allow Defendants an opportunity to respond, Plaintiff shall forbear from proceeding with a motion for entry of default judgment and order to conduct a foreclosure sale for a period of sixty (60) days from the date the Complaint, with this Notice attached, is served upon Defendants. Further forbearance to allow the parties sufficient time to explore the Defendants' eligibility for loss mitigation options or to engage in mediation will be considered if the Defendants appear in this action at any time prior to the entry of an order authorizing foreclosure of the mortgage on the Property. If the Defendants are prepared to participate in either loss mitigation or mediation, Plaintiff requests that the Defendants notify the Court in writing as soon as possible, but no later than sixty (60) days from the date the Complaint with this Notice attached is served upon Defendants.

### LOSS MITIGATION

Government-sponsored and/or private loss mitigation services are available to allow Defendants to either retain the Property or avoid foreclosure. Some loss mitigation outcomes result in the borrower's retention of the Property, such as when lender and borrowers enter into a loan modification. Other outcomes, such as deed-in-lieu of foreclosure or short sales, while resulting in the Defendant's loss of the Property, may avoid the negative consequences a completed foreclosure may have on the borrowers.

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 8/3/2022
Envelope: 3729592
Reviewer: Brittany M.

Case 1:23-cv-00522-JJM-PAS   Document 2   Filed 12/07/23   Page 22 of 178   PageID #: 104

The Defendants are urged to consult a tax professional before agreeing to either of these non-retention options. To determine eligibility, the Defendants must submit a complete application for loss mitigation to Plaintiff's undersigned counsel. A completed application includes, without limitation, copies of the required number of pay stubs, bank statements, government award letters, income tax returns, and other documents to substantiate the income and expenses disclosed in the application. The submittal of a completed application is no guarantee of eligibility.

## MEDIATION

Mediation offers a mechanism for resolving the parties' issues in a manner that is less formal and more expedient than the court process. If the parties do no reach a mutually acceptable resolution of the case in mediation, they can resume the court process and litigate. Typically, the parties attempt to agree on the selection of a mediator or to ask the Court to assist in the selection of a mediator. Mediators are typically paid on an hourly basis with each side splitting the cumulative fees and expenses of the mediator. Discussions had before the mediator and outside the presence of the Court are confidential and may not be used against the other party should formal litigation resume.

PLEASE NOTE THAT NOTHING IN THIS NOTICE IS MEANT TO INFER OR SHOULD BE DEEMED TO CREATE ANY OBLIGATION WHATSOEVER IN THE DEFENDANTS TO PARTICIPATE IN LOSS MITIGATION OR MEDIATION. RATHER, THIS NOTICE IS MEANT TO INFORM THE COURT AND THE DEFENDANTS OF THE PLAINTIFF'S WILLINGNESS TO ENGAGE IN EITHER PROCESS, SHOULD THE DEFENDANTS APPEAR IN THE ACTION AT PRIOR TO THE ENTRY OF AN ORDER AUTHORIZING FORECLOSURE OF THE MORTGAGE ON THE PROPERTY IN THIS ACTION OR AS MAY OTHERWISE BE REQUIRED BY LAW.

Navy Federal Credit Union
By Its Attorney,

Michael R. Hagopian    8/3/2022
/s/
Michael R. Hagopian, Esq (3448)
Brock & Scott, PLLC
1080 Main Street, Suite 200
Pawtucket, RI 02860
401-217-8701 x2453
Michael.Hagopian@brockandscott.com

11

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 8/3/2022 3:53 PM
Envelope: 3709592
Reviewer: Brittany M.

# CERTIFICATION OF SERVICE

I hereby certify that on ___8/3/2022___ I filed this document through the electronic filing system. The document electronically filed is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System. Additionally, the foregoing document accompanied the complaint and summons to be served upon the named defendants by constable service.

/s/ Michael R. Hagopian
_____
Michael R. Hagopian, Esq (3448)
Brock & Scott, PLLC
1080 Main Street, Suite 200
Pawtucket, RI 02860
401-217-8701 x2453
Michael.Hagopian@brockandscott.com

EXHIBIT A

BK 1 6 4 PG 0 4 5 9

*Doc #00053*

WARRANTY DEED
(Statutory Form)

TOWN OF CHARLESTOWN, R.I.
MARCIA D. CARSTEN
TOWN CLERK

98 JAN -9 PM 12: 12—

DARTMOUTH HOMES, INC., a Rhode Island corporation having its principal place of business at 4433 Old Post Road, Charlestown, RI 02813,

FOR CONSIDERATION PAID, grants to WALTER E. THOMAS III and DONNA J. THOMAS, husband and wife, as tenants by the entirety and not as joint tenants nor tenants in common, with WARRANTY COVENANTS:

THAT CERTAIN TRACT or parcel of land with all buildings and improvements thereon situated in the Town of Charlestown, County of Washington, and State of Rhode Island, being delineated as Lot One (1) on that certain plat entitled, "FINAL PLAN, ACORN VALLEY, in the TOWN OF CHARLESTOWN, RHODE ISLAND, Designed and Platted for JOHN F. & EVELYN J. SMITH, 17 Carolina Back Road, Charlestown, R.I. 02813, JUNE, 1995, SCALE: 1" = 50'" recorded in the Land Evidence Records of the Town of Charlestown in Plat Book 12 at Page 96.

TOGETHER WITH a one-third (1/3rd) undivided interest, in and to those certain parcels laid out and delineated on the aforementioned recorded plat as OPEN SPACE; which interest shall be appurtenant to the aforementioned Lot Number 1; and which interest shall be conveyed with any conveyance of above said Lot, whether said interest is specifically mentioned in any such conveyance or not;

Subject to easements, conditions and restrictions of record.

The undersigned does hereby certify that this transfer is exempt from the smoke detector law as a Certificate of Use and Occupancy has been issued for the property being transferred within six (6) months of the date of this instrument.

Dartmouth Homes, Inc., does hereby covenant that this transfer is such that no RIGL 44-30-71.3 withholding is required as it is a registered corporation of Rhode Island as evidenced by affidavit.

IN WITNESS WHEREOF DARTMOUTH HOMES, INC. has caused these presents to be signed and its corporate seal to be hereto affixed by its officer hereunto duly authorized this ___9th___ day of January, A.D. 1998.

DARTMOUTH HOMES, INC.

By: _Evelyn J Smith_
Evelyn J. Smith, Treasurer

STATE OF RHODE ISLAND
COUNTY OF WASHINGTON

In Charlestown, on the ___9th___ day of January, A.D. 1998, before me personally appeared EVELYN J. SMITH, Treasurer of DARTMOUTH HOMES, INC., to me known and known by me to be the party executing the foregoing instrument, and she acknowledged said instrument, by her executed, to be her free act and deed, individually and in her said capacity, and the free act and deed of said DARTMOUTH HOMES, INC.

_Dale M. Naehr_
Dale M. Naehr, Notary Public
My commission expires: 6/19/01

Grantees address:
14 Acorn Valley Way
Charlestown, R.I. 02813

# EXHIBIT B

# Note

October 20, 2014        ASHBURN        VIRGINIA
*[Date]*             *[City]*             *[State]*

14 ACORN VALLEY WAY
CHARLESTOWN, RI 02813-6107
*[Property Address]*

## 1. Borrower's Promise to Pay

In return for a loan that I have received, I promise to pay U.S. $183,000.00      (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is Navy Federal Credit Union

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. Interest

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 3.500%.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. Payments

### (A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the 1st day of each month beginning on December 01, 2014. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on November 01, 2029, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at 820 Follin Lane, Vienna, VA 22180
or at a different place if required by the Note Holder.

### (B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $ 1,308.24

## 4. Borrower's Right to Prepay

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

MULTISTATE FIXED RATE NOTE - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
VMP ®
Wolters Kluwer Financial Services

VMP5N (1302)
Page 1 of 3

## 5. Loan Charges

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. Borrower's Failure to Pay as Required

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of Fifteen          calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be      4.000 % of my overdue payment of principal and interest.

I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. Giving of Notices

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. Obligations of Persons Under this Note

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9. Waivers**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. Uniform Secured Note**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
WALTER E THOMAS III          -Borrower

_____ (Seal)
                             -Borrower

_____ (Seal)
                             -Borrower

_____ (Seal)
                             -Borrower

[ ] Refer to the attached *Signature Addendum* for additional parties and signatures.

[Sign Original Only]

Loan origination organization Navy Federal Credit Union
NMLS ID 
Loan originator Lolita Lopez
NMLS ID

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 3/20/2023 3:53 PM
Envelope: 3399592
Reviewer: Brittany M.

Case 1:23-cv-00522-MRB Document 1-2 Filed 12/12/23 Page 28 of 178 PageID #: 110

# EXHIBIT C

Return To:

Navy Federal Credit Union
P. O. Box 3340
Merrifield, VA 22119-3340

**Navy Federal Title Services**
**21550 Beaumeade Circle, Suite A**
**Ashburn, VA 20147**

BK: 399 PG: 11
INST: 00002136

TOWN OF CHARLESTOWN, R.I.
AMY ROSE WEINREICH
TOWN CLERK
Oct 24, 2014 11:54:19A

Prepared By:

Taressa Brown
Navy Federal Credit Union
12851 Worldgate Dr. Suite 600
Herndon, VA 20170

---------------- [Space Above This Line For Recording Data] ----------------

## MORTGAGE

**DEFINITIONS**

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

**(A) "Security Instrument"** means this document, which is dated October 20, 2014 together with all Riders to this document.
**(B) "Borrower"** is WALTER E THOMAS III, UNMARRIED

Borrower is the mortgagor under this Security Instrument.
**(C) "Lender"** is Navy Federal Credit Union

Lender is a Corporation
organized and existing under the laws of the U.S. Govt (12USC1751)

RHODE ISLAND - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT       Form 3040 1/01 (rev. 11/02)
Wolters Kluwer Financial Services
VMP®-6(RI) (1302)
Page 1 of 15                    Initials: _____



Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 3/27/2023 3:53 PM
Envelope: 3299592
Reviewer: Brittany M.

111

BK: 399 PG: 12
INST: 00002136

Lender's address is 820 Follin Lane, Vienna, VA 22180

Lender is the mortgagee under this Security Instrument.

**(D) "Note"** means the promissory note signed by Borrower and dated October 20, 2014
The Note states that Borrower owes Lender One Hundred Eighty Three Thousand And
Zero/100                                                                                                Dollars
(U.S. $183,000.00              ) plus interest. Borrower has promised to pay this debt in regular Periodic
Payments and to pay the debt in full not later than November 01, 2029.

**(E) "Property"** means the property that is described below under the heading "Transfer of Rights in the
Property."

**(F) "Loan"** means the debt evidenced by the Note, plus interest, any prepayment charges and late charges
due under the Note, and all sums due under this Security Instrument, plus interest.

**(G) "Riders"** means all Riders to this Security Instrument that are executed by Borrower. The following
Riders are to be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| ☐ Adjustable Rate Rider | ☐ Condominium Rider | ☐ Second Home Rider |
| ☐ Balloon Rider | ☐ Planned Unit Development Rider | ☐ 1-4 Family Rider |
| ☐ VA Rider | ☐ Biweekly Payment Rider | ☐ Other(s) [specify] |

**(H) "Applicable Law"** means all controlling applicable federal, state and local statutes, regulations,
ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final,
non-appealable judicial opinions.

**(I) "Community Association Dues, Fees, and Assessments"** means all dues, fees, assessments and other
charges that are imposed on Borrower or the Property by a condominium association, homeowners
association or similar organization.

**(J) "Electronic Funds Transfer"** means any transfer of funds, other than a transaction originated by
check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic
instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit
or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller
machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse
transfers.

**(K) "Escrow Items"** means those items that are described in Section 3.

**(L) "Miscellaneous Proceeds"** means any compensation, settlement, award of damages, or proceeds paid
by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i)
damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the
Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the
value and/or condition of the Property.

**(M) "Mortgage Insurance"** means insurance protecting Lender against the nonpayment of, or default on,
the Loan.

**(N) "Periodic Payment"** means the regularly scheduled amount due for (i) principal and interest under the
Note, plus (ii) any amounts under Section 3 of this Security Instrument.

**(O) "RESPA"** means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its
implementing regulation, Regulation X (12 C.F.R. Part 1024), as they might be amended from time to
time, or any additional or successor legislation or regulation that governs the same subject matter. As used
in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard
to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage
loan" under RESPA.

BK: 399 PG: 13
INST: 00002136

(P) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to Lender, with Mortgage Covenants upon the Statutory Condition and with the Statutory Power of Sale, the following described property located in the City/Town [Type of Recording Jurisdiction]
of CHARLESTOWN [Name of Recording Jurisdiction]:
SEE ATTACHED LEGAL DESCRIPTION MADE A PART HEREOF.

Parcel ID Number: PLAT 23: LOT 30-1     which currently has the address of
14 ACORN VALLEY WAY     [Street]
CHARLESTOWN     [City], Rhode Island 02813-6107 [Zip Code]
("Property Address"):

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S.

RHODE ISLAND - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
VMP ®-6(RI) (1302)     Page 3 of 15    Initials_____     Form 3040 1/01 (rev. 11/02)

currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

**2. Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

**3. Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be

RHODE ISLAND - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
VMP ®-6(RI) (1302)                    Page 4 of 15      Initials:_____      Form 3040 1/01 (rev. 11/02)



Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 3/27/2023 3:57 PM
Envelope: 3799592
Reviewer: Brittany M.

BK: 399 PG: 15
INST: 00002136

in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

**4. Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the

RHODE ISLAND - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
VMP®-6(RI) (1302)                    Page 5 of 15        Initials:_____        Form 3040  1/01  (rev. 11/02)

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 8/27/2023 3:53 PM
Envelope: 4299592
Reviewer: Brittany K.M.

BK: 399  PG: 16
INST: 00002136

lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

**5. Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with

**RHODE ISLAND - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**
VMP®-6(RI) (1302)                    Page 6 of 15        Initials:_____        Form 3040  1/01  (rev. 11/02)



Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted:
Envelope:
Reviewer: Brittany K.M.

116

BK: 399 PG: 17
INST: 00002136

the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

**6. Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

**7. Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

**8. Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

**9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable

RHODE ISLAND - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
VMP ®-6(RI) (1302)          Page 7 of 15   Initials:_____     Form 3040 1/01 (rev. 11/02)



Case 1:23-cv-00522-M-PAS Document 1-2 Filed 12/28/23 Page 2 of 3 PageID #: 117

attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**10. Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

**(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.**

Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
VMP ®-6(RI) (1302)    Page 8 of 15    Initials: _____    Form 3040 1/01 (rev. 11/02)



(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

11. **Assignment of Miscellaneous Proceeds; Forfeiture.** All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

VMP ®-6(RI) (1302)                          Page 9 of 16        Initials:_____        Form 3040  1/01  (rev. 11/02)



Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 3/27/2023 3:48:53 PM
Envelope: 3399592
Reviewer: Brittany K.M.

Case Number: WM-2022-0304 5:23-cv-00522M-PAS Document Filed Filed 07/28/23 Page 26 of 370 Page ID #:
119

**12. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**15. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

BK: 399 PG: 21
INST: 00002136

**16. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA

BK: 399 PG: 22
INST: 00002136

requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

**21. Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.



NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**22. Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

**23. Release.** Upon payment of all sums secured by this Security Instrument, this Security Instrument shall become null and void. Lender shall discharge this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

**24. No Outstanding Automatic Orders in Domestic Relations Cases.** Borrower hereby represents and warrants to Lender that either (a) there is no outstanding automatic order under Chapter 15-5 of the Rhode Island General Laws against any Borrower relating to a complaint for dissolution of marriage, legal separation, annulment, custody or visitation or (b) there is an outstanding automatic order under Chapter 15-5 of the Rhode Island General Laws against a Borrower relating to a complaint for dissolution of marriage, legal separation, annulment, custody or visitation, and the other party that is subject to such order has consented to, or the court which issued the automatic order has issued another order authorizing, such Borrower's execution of the Note and this Security Instrument.

**25. Homestead Estate.** If Borrower heretofore has acquired or hereafter acquires an estate of homestead in the Property, Borrower hereby agrees that such homestead estate is waived to the extent of this Security Instrument and the amount due under the Note and to the extent of all renewals, extensions and modifications of this Security Instrument or the Note, and that said homestead estate is subject to all of the rights of Lender under this Security Instrument and the Note and all renewals, extensions and modifications of this Security Instrument and the Note, and is subordinate to the lien evidenced by this Security Instrument, and all renewals, extensions and modifications of this Security Instrument. Furthermore, Borrower hereby waives the benefits of any homestead or similar laws or regulations that may otherwise be applicable from time to time.

Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

VMP ®-6(RI) (1302)                    Page 13 of 15    Initials:_____                  Form 3040  1/01  (rev. 11/02)



123

### Exhibit A

That certain tract or parcel of land with all the buildings and improvements thereon situated in the Town of Charlestown, County of Washington, in the State of Rhode Island, being delineated as Lot No. 1 on that certain plat entitled "FINAL PLAN, ACORN VALLEY, IN THE TOWN OF CHARLESTOWN, RHODE ISLAND, Designed and Platted for JOHN F. & EVELYN J. SMITH, 17 Carolina Bank Road, Charlestown, R.I. 02813, JUNE, 1995; SCALE: 1"=50'", recorded I the Land Evidence Records of the Town of Charleston in Plat Book 12 at Page 96.

TOGETHER WITH a one-third (1/3rd) undivided interest in and to those certain parcels laid out and delineated on the aforementioned recorded plat as OPEN SPACE.

BK: 399 PG: 25
INST: 00002136

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____ (Seal)
WALTER E THOMAS III        -Borrower

CHRISTOPHER J. PLANTE
Notary Public-State of Rhode Island
My Commission Expires
April 26, 2016

_____        _____ (Seal)
                                                      -Borrower

_____ (Seal)        _____ (Seal)
                 -Borrower                                       -Borrower

_____ (Seal)        _____ (Seal)
                 -Borrower                                       -Borrower

_____ (Seal)        _____ (Seal)
                 -Borrower                                       -Borrower

le Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

VMP®-6(RI) (1302)                    Page 14 of 15                    Form 3040  1/01  (rev. 11/02)

BK: 399 PG: 26
INST: 00002136

STATE OF RHODE ISLAND,   Washington County ss:

On this 20th   day of October, 2014   , in ASHBURN
in said County, before me personally appeared WALTER E THOMAS III

each and all to me known and known to me to be the person(s) executing the foregoing instrument and
acknowledged said execution to be his/her/their free act and deed.

Notary Public

CHRISTOPHER J. PLANTE
Notary Public-State of Rhode Island
My Commission Expires
April 26, 2016

Loan origination organization Navy Federal Credit Union
NMLS ID
Loan originator Rosita Lopez
NMLS ID

RHODE ISLAND - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
VMP®-6(RI) (1302)                    Page 15 of 15    Initials:_____    Form 3040 1/01 (rev. 11/02)

# EXHIBIT D

INST# 00003331
Bk # 305 Pg # 239
TOWN OF CHARLESTOWN, R.I.
JODI P. LACROIX CMC
Town Clerk
Dec 29, 2006 12:47:43P

## MORTGAGE

THIS MORTGAGE is made this 24th     day of **November, 2006**     , between the Mortgagor, **WALTER E THOMAS III and DONNA J THOMAS**

(herein "Borrower"), whose address is

**14 ACORN VALLEY WAY, CHARLESTOWN, RI 02813**

       and the Mortgagee,
**Navy Federal Credit Union**       , a corporation organized and existing under the laws of **the U.S. Govt (12USC1751)**       , whose address is
**820 Follin Lane, Vienna, VA 22180**

(herein "Lender").

WHEREAS, Borrower is indebted to Lender in the principal sum of U.S. **$40,000.00**       , which indebtedness is evidenced by Borrower's note dated **November 24, 2006**        and extensions and renewals thereof (herein "Note"), providing for monthly installments of principal and interest, with the balance of indebtedness, if not sooner paid, due and payable on **December 01, 2026**       ;

TO SECURE to Lender the repayment of the indebtedness evidenced by the Note, with interest thereon; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Mortgage; and the performance of the covenants and agreements of Borrower herein contained, Borrower does hereby mortgage, grant and convey to Lender, with power of sale, the following described property located in **CHARLESTOWN**       , State of Rhode Island:

which has the address of **14 ACORN VALLEY WAY**        [Street]
**CHARLESTOWN**        [City], Rhode Island **02813**        [ZIP Code] (herein "Property Address");

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents, all of which shall be deemed to be and remain a part of the property covered by this Mortgage; and all of the foregoing, together with said property (or the leasehold estate if this Mortgage is on a leasehold) are hereinafter referred to as the "Property."

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

**2. Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Mortgage and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender.

---

**RHODE ISLAND** - SECOND MORTGAGE - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT

Form 3840
Amended 6/05

VMP®-76(RI) (0508).01
Page 1 of 4

Initials: 

VMP Mortgage Solutions, Inc

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 8/27/2023 3:53 PM
Envelope: 4299592
Reviewer: Brittany M.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Mortgage that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Mortgage.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Mortgage, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Mortgage.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

**4. Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Mortgage, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Mortgage.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Mortgage is on a leasehold. If this Mortgage is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Mortgage, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Mortgage, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Mortgage. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

**10. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Mortgage granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Mortgage by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.



VMP-76(RI) (9506).0*

Page 2 of 4

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted:
Envelope: 3299592
Reviewer: Brittany K.M.

INST# 00003331
Bk: 305 Pg: 241
128

**11. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Mortgage, but does not execute the Note, (a) is co-signing this Mortgage only to mortgage, grant and convey that Borrower's interest in the Property to Lender under the terms of this Mortgage, (b) is not personally liable on the Note or under this Mortgage, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Mortgage or the Note without that Borrower's consent and without releasing that Borrower or modifying this Mortgage as to that Borrower's interest in the Property.

**12. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Mortgage shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Mortgage shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**13. Governing Law; Severability.** The state and local laws applicable to this Mortgage shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of federal law to this Mortgage. In the event that any provision or clause of this Mortgage or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Mortgage or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Mortgage and the Note are declared to be severable. As used herein, "costs," "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

**14. Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Mortgage at the time of execution or after recordation hereof.

**15. Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

**16. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Mortgage. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Mortgage.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Mortgage. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Mortgage without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Acceleration; Remedies. Upon Borrower's breach of any covenant or agreement of Borrower in this Mortgage, including the covenants to pay when due any sums secured by this Mortgage, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 30 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Mortgage and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a Court action to assert the nonexistence of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Mortgage to be immediately due and payable without further demand and Lender may invoke the STATUTORY POWER OF SALE and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorneys' fees.**

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in paragraph 12 hereof. Lender shall publish the notice of sale and the Property shall be sold in the manner prescribed by applicable law. Lender or Lender's designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to, reasonable attorneys' fees and costs of title evidence; (b) to all sums secured by this Mortgage; and (c) the excess, if any, to the person or persons legally entitled thereto.

**18. Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Mortgage due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Mortgage discontinued at any time prior to the earlier to occur of (i) the fifth day before sale of the Property pursuant to the power of sale contained in this Mortgage or (ii) entry of a judgment enforcing this Mortgage if: (a) Borrower pays Lender all sums which would be then due under this Mortgage and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Mortgage; (c) Borrower pays all reasonable expenses incurred by Lender in enforcing the covenants and agreements of Borrower contained in this Mortgage, and in enforcing Lender's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Mortgage, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Mortgage shall continue unimpaired. Upon such payment and cure by Borrower, this Mortgage and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

**19. Assignment of Rents; Appointment of Receiver.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender shall be entitled to have a receiver appointed by a court to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by the receiver shall be applied first to payment of the costs of management of the Property



and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Mortgage. The receiver shall be liable to account only for those rents actually received.

**20. Release.** Upon payment of all sums secured by this Mortgage, this Mortgage shall become null and void, and Lender shall discharge this Mortgage without charge to Borrower. Borrower shall pay all costs of recordation, if any.

**21. Waiver of Homestead.** If Borrower heretofore has acquired or hereafter acquires an estate of homestead in the Property, Borrower hereby agrees that such homestead estate is waived to the extent of this Mortgage and the amount due under the Note and to the extent of all renewals, extensions and modifications of this Mortgage or the Note, and that said homestead estate is subject to all of the rights of Lender under this Mortgage and the Note and all renewals, extensions and modifications of this Mortgage and the Note, and is subordinate to the lien evidenced by this Mortgage, and all renewals, extensions and modifications of this Mortgage. Futhermore, Borrower hereby waives the benefits of any homestead or similar laws or regulations that may otherwise be applicable from time to time.

**REQUEST FOR NOTICE OF DEFAULT**
—————————**AND FORECLOSURE UNDER SUPERIOR**—————————
**MORTGAGES OR DEEDS OF TRUST**

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Mortgage to give Notice to Lender, at Lender's address set forth on page one of this Mortgage, of any default under the superior encumbrance and of any sale or other foreclosure action.

IN WITNESS WHEREOF, Borrower has executed this Mortgage.

_____ (Seal)   _____ (Seal)
WALTER E THOMAS III          -Borrower    DONNA J THOMAS          -Borrower

_____ (Seal)   _____ (Seal)
                             -Borrower                            -Borrower

_____ (Seal)   _____ (Seal)
                             -Borrower                            -Borrower

_____ (Seal)   _____ (Seal)
                             -Borrower                            -Borrower

*(Sign Original Only)*

**STATE OF RHODE ISLAND,**          Washington          County ss:

On this 24th          day of **November, 2006**          , in CHARLESTOWN
in said County, before me personally appeared **WALTER E THOMAS III and DONNA J THOMAS**

each and all to me known and known to me to be the person(s) executing the foregoing instrument and acknowledged said execution to be his/her/their free act and deed.

_____
Notary Public   Notary Public
William E Palmikas Jr
my commission expires 9/8/09

INST: 00003331
Bk: 305 Pg: 243

**Exhibit A (Legal Description)**

ALL THAT PARCEL OF LAND IN TOWNSHIP OF CHARLESTOWN, WASHINGTON COUNTY, STATE OF RHODE ISLAND, AS MORE FULLY DESCRIBED IN DEED BOOK 164, PAGE 459, TAX ID# 023-030-001, BEING KNOWN AND DESIGNATED AS;

THAT CERTAIN TRACT OR PARCEL OF LAND WITH ALL BUILDINGS AND IMPROVEMENTS THEREON SITUATED IN THE TOWN OF CHARLESTOWN, COUNTY OF WASHINGTON, AND STATE OF RHODE ISLAND, BEING DELINEATED AS LOT ONE (1) ON THAT CERTAIN PLAT ENTITLED, "FINAL PLAN, ACORN VALLEY, IN THE TOWN OF CHARLESTOWN, RHODE ISLAND, DESIGNED AND PLATTED FOR JOHN F. & EVELYN J. SMITH, 17 CAROLINA BACK ROAD, CHARLESTOWN, R.I. 02813, JUNE, 1995, SCALE: 1" = 50" RECORDED IN THE LAND EVIDENCE RECORDS OF THE TOWN OF CHARLESTOWN IN PLAT BOOK 12 AT PAGE 96.

TOGETHER WITH A ONE-THIRD (1/3RD) UNDIVIDED INTEREST, IN AND TO THOSE CERTAIN PARCELS LAID OUT AND DELINEATED ON THE AFOREMENTIONED RECORDED PLAT AS OPEN SPACE, WHICH INTEREST SHALL BE APPURTENANT TO THE AFOREMENTIONED LOT NUMBER 1; AND WHICH INTEREST SHALL BE CONVEYED WITH ANY CONVEYANCE OF ABOVE SAID LOT, WHETHER SAID INTEREST IS SPECIFICALLY MENTIONED IN ANY SUCH CONVEYANCE OR NOT.

BY FEE SIMPLE DEED FROM DARTMOUTH HOMES, INC. AS SET FORTH IN BOOK 164 PAGE 459 DATED 01/09/1998 AND RECORDED 01/09/1998, WASHINGTON COUNTY RECORDS, STATE OF RHODE ISLAND.

Page 1

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 8/27/2023 3:53 PM
Envelope: 4299592
Reviewer: Brittany M.

BK: 399 PG: 5
INST: 00002135



Return to: 14NT04 RI
**Navy Federal Title Services**
21550 Beaumeade Circle, Suite A
Ashburn, VA 20147

TOWN OF CHARLESTOWN, R.I.
AMY ROSE WEINREICH
TOWN CLERK
Oct 24,2014 11:53:39A

## SUBORDINATION AGREEMENT

THIS SUBORDINATION AGREEMENT RESULTS IN YOUR SECURITY
INTEREST IN THE PROPERTY BECOMING SUBJECT TO AND OF LOWER
PRIORITY THAN THE LIEN OF SOME OTHER OR LATER SECURITY
INSTRUMENT

**THIS AGREEMENT** made this 14th day of ____ October 2014 ____ by
_____ Walter E Thomas III _____, owner of the land
hereinafter described and hereinafter referred to as "Owner" and NAVY FEDERAL
CREDIT UNION, present owner and holder of the deed of trust and note first hereinafter
described and hereinafter referred to as "Beneficiary",

### WITNESSETH

**THAT WHEREAS,** Owner did execute a DEED OF TRUST, MORTGAGE,
OPEN-END MORTGAGE DEED OR SECURITY DEED, hereinafter described and
hereinafter referred to as "Security Instrument", dated ___ November 24, 2006 ___
covering:

SEE ATTACHED LEGAL DESCRIPTION MADE A PART HEREOF.

to secure a note in the sum of $ 40,000.00 of even date as the aforesaid Security
Instrument in favor of Beneficiary, which Security Instrument was recorded on
____ December 29, 2006 ____ in _____ Book 35 at Page 239 ____
among the Land Records of _____ Washington _____ County,

1

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 3/7/2023
Envelope: 3799592
Reviewer: Brittany M.

132

BK: 399 PG: 6
INST: 00002135

**WHEREAS,** Owner has executed, or is about to execute, a Security Instrument and note is the sum of $ 183,000.00 , dated ___October 24, 2014___ in favor of NAVY FEDERAL CREDIT UNION hereinafter referred to as "Lender" payable with interest and upon the terms and conditions described therein, which Security Instrument is also to be recorded concurrently herewith; and

**WHEREAS,** it is a condition precedent to obtaining said loan from Lender that said Security Instrument last above mentioned shall unconditionally be and remain at all times a lien or charge upon the land hereinbefore described, prior and superior to the lien or charge of the Security Instrument first above mentioned; and

**WHEREAS,** Lender is willing to make said loan provided the Security Instrument securing the same is a lien or charge upon the above described property prior and superior to the lien or charge of the Security Instrument first above mentioned and provided that Beneficiary will specifically and unconditionally subordinate the lien or charge of Security Instrument first above mentioned to the lien or charge of Security Instrument in favor of the Lender; and

**WHEREAS,** it is to the mutual benefit of the parties hereto that Lender makes such loan to Owner; and Beneficiary is willing that the Security Instrument securing the same shall, when recorded, constitute a lien or charge upon said land which is unconditionally prior and superior to the lien or charge of the Security Instrument first above mentioned.

**NOW, THEREFORE,** in consideration of the mutual benefits accruing to the parties hereto and other valuable consideration, the receipt and sufficiency of which consideration is hereby acknowledged, and in order to induce Lender to make the loan above referred to, it is hereby declared, understood and agreed as follows:

(1)     That said Security Instrument securing said note in favor of Lender, and any renewals or extensions thereof, shall unconditionally be and remain at all times a lien or charge on the property therein described, prior and superior to the lien or charge of the Security Instrument first above mentioned.

(2)     That Lender would not make its loan above described without this subordination agreement

(3)     That this agreement shall be the whole and only agreement with regard to the subordination of the lien or charge of the Security Instrument first above mentioned to the lien or charge of the Security Instrument in favor of Lender above referred to and shall supersede and cancel, but only

2

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted:
Envelope:
Reviewer:

133

insofar as would affect the priority between the Security Instrument hereinbefore specifically described, any prior agreement as to such subordination including, but not limited to those provisions, if any, contained in the Security Instrument first above mentioned, which provide for the subordination of the lien or charge thereof to another deed of deeds of trust or to another mortgage of mortgages or to another deed of security deeds.

Beneficiary declares, agrees and acknowledges that:

(a)    Beneficiary consents to and approves (i) all provisions of the note and Security Instrument in favor of Lender above referred to, and (ii) all agreements, including but not limited to any loan or escrow agreements, between Owner and Lender for the disbursement of the proceeds of Lender's loan; and

(b)    Lender in making disbursements pursuant to any such agreement is under no obligation or duty to, nor has Lender represented that it will, see to the application of such proceeds by the person or persons to whom Lender disburses such proceeds and any application or use of such proceeds for the purposes other than those provided for in such agreement of agreements shall not defeat the subordination herein made in whole or in part; and

(c)    Beneficiary intentionally and unconditionally waives, relinquishes and subordinates the lien or charge of the Security Instrument first above mentioned in favor of the lien or charge upon said land of the Security Instrument in favor of Lender above referred to and understands that in reliance upon, and in consideration of, this waiver, relinquishment and subordination specific loans and advances are being and will be made and, as part and parcel thereof, specific monetary and other obligations are being and will be entered into which would not be made or entered into but for said reliance upon this waiver, relinquishment and subordination; and

(d)    An endorsement has been placed upon the note secured by the Security Instrument first above mentioned that said Security Instrument has by this instrument been subordinated to the lien or charge of the Security Instrument in favor of Lender above referred to.

**NOTICE:**    **THIS SUBORDINATION AGREEMENT CONTAINS A PROVISION WHICH ALLOWS THE PERSON OBLIGATED ON YOUR REAL PROPERTY SECURITY TO OBTAIN A PORTION OF WHICH MAY BE EXPENDED FOR OTHER PURPOSES THAN IMPROVEMENT OF THE LAND.**

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 
Envelope: 
Reviewer: Brittany M.

134

BK: 399 PG: 8
INST: 00002135

**NAVY FEDERAL CREDIT UNION, Beneficiary**

By, *[signature]*

DONNA M. BRADFORD, ASSISTANT TREASURER

---

**STATE OF** Virginia

**COUNTY OF** Fairfax          **to wit:**

    **I HEREBY CERTIFY,** that on this 18th day of May 2014 before me, the undersigned officer, personally appeared Donna Bradford, who Acknowledged himself/herself to be the Assistant Treasurer of NAVY FEDERAL CREDIT UNION and that he/she, as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained, by signing the name of the corporation by himself/herself as said officers.

    **IN WITNESS WHEREOF,** I hereto set my hand and official seal.

_____
Notary Public

My commission expires: _____

```
BIJAL NAIK
NOTARY PUBLIC
Commonwealth of Virginia
Reg. #7561093
My Commission Expires July 31, 2017
```

4

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 8/7/2023 3:03 PM
Envelope: 4299592
Reviewer: Brittany M.

135

BK: 399 PG: 9
INST: 00002135

_____ (Owner)
Walter E Thomas III

_____ (Owner)

**STATE OF** _Rhode Island_

**COUNTY OF** _Washington_ to wit: _____

     **I HEREBY CERTIFY,** that on this _20th_ day of _October_ before me, the undersigned officer, a Notary Public, in and for the aforesaid State and County, personally appeared _Walter E. Thomas III_ , known to me as satisfactorily proven to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged that he/she/they executed the same for the purposes therein contained.

     **IN WITNESS WHEREOF,** I hereunto set my hand and official seal.

My Commission expires: _2-2-2016_     Notary Public
                                        Ashley F. Avelar

**STATE OF** _____

**COUNTY OF** _____ to wit: _____

     **I HEREBY CERTIFY,** that on this _____ day of _____ before me, the undersigned officer, a Notary Public, in and for the aforesaid State and County, personally appeared _____ , known to me as satisfactorily proven to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged that he/she/they executed the same for the purposes therein contained.

     **IN WITNESS WHEREOF,** I hereunto set my hand and official seal.

_____
                               Notary Public
My Commission expires: _____

*IT IS RECOMMENDED THAT, PRIOR TO THE EXECUTION OF THIS SUBORDINATION AGREEMENT, THE PARTIES CONSULT WITH THEIR ATTORNEYS WITH RESPECT THERETO*

BK: 399 PG: 10
INST: 00002135

# EXHIBIT A

That certain tract or parcel of land with all the buildings and improvements thereon situated in the Town of Charlestown, County of Washington, in the State of Rhode Island, being delineated as Lot No. 1 on that certain plat entitled "FINAL PLAN, ACORN VALLEY, IN THE TOWN OF CHARLESTOWN, RHODE ISLAND, Designed and Platted for JOHN F. & EVELYN J. SMITH, 17 Carolina Bank Road, Charlestown, R.I. 02813, JUNE, 1995; SCALE: 1"=50'", recorded I the Land Evidence Records of the Town of Charleston in Plat Book 12 at Page 96.

TOGETHER WITH a one-third (1/3rd) undivided interest in and to those certain parcels laid out and delineated on the aforementioned recorded plat as OPEN SPACE.



**USPS CERTIFIED MAIL**

9207 1969 0043 7100 0505 0191 16

# EXHIBIT E



2-796-18161-0000014-001-000-000-000-000
Estate of WALTER E THOMAS III
14 ACORN VALLEY WAY
CHARLESTOWN RI 02813-6107

RE:  Loan No ████████
Property Address:
14 ACORN VALLEY WAY
CHARLESTOWN RI 02813-6107

November 08, 2021

## NOTICE OF DEFAULT AND INTENT TO ACCELERATE

Estate of Walter E Thomas Iii:

Navy Federal Credit Union (herein as "Navy Federal") is currently servicing the mortgage loan that is secured by the above-referenced property. You are hereby formally notified that the mortgage loan associated with the referenced Deed of Trust/Mortgage is in default for failure to pay amounts due.

The loan payment and subsequent payments, plus late charges, fees, and other costs, was due on June 01, 2019. As of the date of this notice, the total delinquency and reinstatement amount is $60,183.58, which consists of the following:

| | | |
|---|---|---|
| Next Payment Due Date: | | June 01, 2019 |
| Current Monthly Payment: | | $1,640.36 |
| Total Monthly Payments Due: | | $50,235.38 |
| Late Charges: | | $1,569.90 |
| Other Charges: | Uncollected NSF Fees: | $0.00 |
| | Other Fees: | $0.00 |
| | Corporate Advance Balance: | $8,378.30 |

| | |
|---|---|
| TOTAL REQUIRED TO CURE DEFAULT: | $60,183.58 |

796-2000-0913F

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 3/27/2023
Envelope: 3299592
Reviewer: Brittany M.

Page 2 of 3

It is possible that after payment of the amounts detailed above, there may be other fees still due and owing, including but not limited to other fees, escrow advances, or corporate advances that Navy Federal paid on behalf of the borrower or advanced to the account. Navy Federal is not waiving its right to collect such additional fees either now or in the future.

This notice is a formal demand to pay $60,183.58.

If the loan is more than 120 days delinquent and the default, together with additional payments that subsequently become due, is not cured by December 13, 2021, Navy Federal may take steps to accelerate the maturity date of the account, declare the total balance immediately due and payable, and terminate your ownership in the property by a foreclosure proceeding, filing the Notice of Default in the land records or other action to seize the property.

IF YOU ARE UNABLE TO BRING THE ACCOUNT CURRENT, Navy Federal offers member assistance programs designed to help resolve delinquencies and avoid FORECLOSURE. These services are provided without cost to our members. You may be eligible for a loan workout plan. If you would like to learn more about these programs, please contact our Member Outreach Team, your single point of contact, toll-free at 1-888-503-7102, Option 4, weekdays between 8:00 am and 6:30 pm, Eastern Time. Additionally, you can reach us via email at **Mortgage_Collection_Loss_Mitigation@navyfederal.org** or by mail at 820 Follin Lane SE, Vienna, VA 22180-4907. WE ARE VERY INTERESTED IN ASSISTING YOU.

The default above can be cured by payment of the total delinquency and reinstatement amount plus any additional payments and fees that become due by December 13, 2021. Note that in addition to the regular monthly payments, additional charges, costs, and fees may become due during the period between the date of this notice and the date the aforementioned payments are due. To obtain updated payment information please call our Collections Department at 1-800-258-5948 Monday through Friday from 8:00 am to 11:00 pm and Saturday from 8:00 am to 4:30 pm, Eastern Time.

Please include the loan number and property address with the payment and send it to Navy Federal Credit Union, PO Box 3300, Merrifield, VA 22119-3300.

You may also make a payment by wire transfer using the information listed below.

| Financial Institution: | Navy Federal Credit Union |
|---|---|
| ABA/Routing No.: | 2560-7497-4 |
| Account No.: | 8022994407 |

If you wish to dispute the delinquency, or if you dispute the calculation of the delinquency and reinstatement amount, you may contact our Collections Department at 1-800-258-5948.

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 3/17/2023 2:33 PM
Envelope: 4299592
Reviewer: Brittany J.M.

Case 3:23-cv-00522M-PAS Document 1 Filed 07/28/23 Page 46 of 70 PageID #: 139

2-796-16161-0000014-001-000-000-000-000



If you would like additional information or to report an error related to this matter, please write to Navy Federal Credit Union, Mortgage Servicing Error Resolution and Information Request, PO Box 3302, Merrifield, VA 22119-3302.

You have the right to reinstate the loan after acceleration. You also have the right to bring a court action to assert the non-existence of a default or any other defense to acceleration or foreclosure sale.

For your benefit and assistance, there are government approved homeownership counseling agencies designed to help homeowners avoid losing their homes. To obtain a list of approved counseling agencies you can access the Consumer Financial Protection Bureau's contact for housing counselors at **http://www.consumerfinance.gov/find-a-housing-counselor/** or by calling the Department of Housing and Urban Development at 1-800-569-4287.

This matter is very important. Please give it your immediate attention. Failure to respond to this notice may result in the loss of the property.

Sincerely,

Navy Federal Credit Union

This is an attempt to collect a debt, and any information obtained will be used for that purpose. If you have filed for bankruptcy, you may no longer be personally liable for this debt. In that case, this notice is purely informational, based on your contact with us, and not an attempt to collect a debt. Please contact your bankruptcy attorney with any questions.



Federally insured by NCUA.
© 2019 Navy Federal NFCU 40710-XC570 (2-19)

Case Number: WM-2022-0304
Filed in Washington County Superior Court... Submitted:... Case Number: WM-2022-0304 Document Filed... Page 57 of 178 Page ID #:
Submitted:...
Envelope:...
Reviewer: Brittany K.M.
140



**NAVY FEDERAL**
**Credit Union**

November 8, 2021

Estate of Walter E Thomas III
14 Acorn Valley Way
Charlestown, RI 02813

## FORM 34-27-3.2

| NOTICE OF MEDIATION CONFERENCE PURSUANT TO R.I. GEN. LAWS § 34-27-3.2 |
| --- |

### THIS IS NOT AN EVICTION NOTICE

This Notice is provided to you to inform you of the protections provided by R.I. Gen. Laws § 34-27-3.2 of The Rhode Island Mortgage Foreclosure and Sale Act.

**TO ASSIST YOU IN AVOIDING FORECLOSURE, YOU HAVE THE RIGHT TO A FREE, IN-PERSON OR TELEPHONE MEDIATION CONFERENCE WITH AN INDEPENDENT MEDIATION COORDINATOR. THE MORTGAGEE MAY NOT FORECLOSE UNLESS IT PROVIDES YOU THE OPPORTUNITY TO PARTICIPATE IN THE MEDIATION CONFERENCE, WHICH MUST BE SCHEDULED WITHIN SIXTY (60) DAYS OF THE RECEIPT OF A COMPLETED NOTICE OF MEDIATION, SINGLE POINT OF CONTACT INFORMATION FOR THE MORTGAGEE, AND PAYMENT INTIATING THE MEDATION PROCESS HAS BEEN RECEIVED BY THE MEDIATION COORDINATOR. YOU WILL BE CONTACTED BY A FORECLOSURE MEDIATION COORDINATOR TO SCHEDULE THAT MEDIATION CONFERENCE.**

**Name of Mortgagor:** Walter E Thomas III          **Phone #** 401-364-1288
**Mortgage Loan Number** ▮▮▮▮▮▮▮▮▮▮
**Address of Residential Real Estate:** 14 Acorn Valley Way, Charlestown, RI 02813

Date of Default: 06/02/2019
Date of release of loan from automatic stay in bankruptcy proceedings if applicable: N/A
Date of release of loan from protections of the Servicemembers Civil Relief Act, 50 U.S.C. App. § 501 et seq., or R.I. Gen. Laws § 34-27-4(d) if applicable: N/A
The mortgagee named below ("Mortgagee") hereby notifies you that you are in Default on your mortgage. If you fail to remedy this Default, the Mortgagee has the right to foreclose on the real estate securing the mortgage loan referenced in this Notice.

**Mortgagee: Navy Federal Credit Union**
**Mortgage Address:**
Street: **820 Follin Lane SE**
City, State, Zip Code: **Vienna, VA 22180-4907**

**Mortgagee Authorized Representative:** Stacy Jennings
Date Mailed: November 8, 2021

| Certified Article Number |
| --- |
| 9414 7266 9904 2173 5725 44 |
| SENDER'S RECORD |

Estate of WALTER E THOMAS III
14 ACORN VALLEY WAY
CHARLESTOWN RI 02813

Page 1 of 5

Case Number: WM-2022-0304
Filed in Washington County Superior Court Case 2:23-cv-00522-JAM-PDCS Document 1 Filed 12/12/23 Page 58 of 178 Page ID #:
Submitted: 8/30/2023 3:53 PM
Envelope: 3799582
Reviewer: Brittany M.
141

**Contact Information for Mortgagee Authorized Representative:**
Telephone: **1-800-258-5948 x74694**     Email: **Stacy_Jennings@navyfederal.org**

cc: **Mediation Coordinator: William Martinelli**

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 
Envelope: 
Reviewer: Brittany K.M.

Case 1:23-cv-00522M-PAS Document 1 Filed 12/12/23 Page 60 of 178 PageID #: 142



**NAVY FEDERAL**
**Credit Union®**

FORMULARIO 34-27-3.2

| NOTIFICACIÓN DE REUNIÓN DE MEDIACIÓN SEGÚN EL § 34-27-3.2 DE LAS LEYES GENERALES DE RHODE ISLAND (R.I.) |
|---|

### ESTO NO ES UN AVISO DE DESALOJO

Esta notificación se le proporciona para informarle sobre la protección que proveen las Leyes Generales de R.I. en el § 34-27-3.2 de la Mortgage Foreclosure and Sale Act (Ley de Ejecuciones Hipotecarias y Ventas) del estado de Rhode Island.

**PARA AYUDARLO A EVITAR LA EJECUCIÓN HIPOTECARIA, USTED TIENE DERECHO A UNA REUNIÓN DE MEDIACIÓN GRATUITA CON UN COORDINADOR DE MEDIACIÓN INDEPENDIENTE. DICHA REUNIÓN SE PODRÁ EFECTUAR PERSONALMENTE O POR TELÉFONO. EL ACREEDOR HIPOTECARIO NO PODRÁ EJECUTAR LA HIPOTECA SIN HABERLE PROPORCIONADO LA OPORTUNIDAD DE PARTICIPAR EN LA REUNIÓN DE MEDIACIÓN, LA CUAL DEBE ESTAR PROGRAMADA DENTRO DE LOS SESENTA (60) DÍAS DE RECIBIR EL AVISO DE CONFERENCIA DE MEDIACIÓN COMPLETO, PUNTO DE CONTACTO ÚNICO DEL ACREEDOR HIPOTECARIO, Y EL PAGO PARA EL INICIO DEL PROCESO DE MEDIACIÓN. USTED SERÁ CONTACTADO POR UN COORDINADOR DE MEDIACIÓN DE EJECUCIONES HIPOTECARIAS PARA PROGRAMMAR LA CONFERENCIA DE MEDIACIÓN.**

**Nombre del cliente:** Walter E Thomas III        **Teléfono:** 401-364-1288
**Ref.** ▮▮▮▮▮▮▮▮
**Escriba la Dirección de la Propiedad Resindencial:** 14 Acorn Valley Way, Charlestown, RI 02813

Fecha de Defecto: 06/02/2019
Fecha de liberación de préstamo de la suspensión, automática en un procedimiento de quiebra, si es aplicable: No aplicable
Fecha de liberación de la hipoteca de la protección de la ley general Servicemembers Civil Relief Act, 50 U.S.C. App. § 501 et seq., or R.I. Gen. Laws § 34-27-4(d), si corresponde: No aplicable
Por la presente, el acreedor hipotecario nombrado a continuación ("Acreedor hipotecario") lo notifica que usted está en mora en los pagos de su hipoteca. Si no soluciona esta mora, el Acreedor hipotecario tiene derecho a ejecutar la hipoteca de la propiedad que garantiza el préstamo hipotecario citado en la referencia de esta notificación.

**Acreedor hipotecario: Navy Federal Credit Union**
**Dirección del Acreedor hipotecario:**
Calle: **820 Follin Lane SE**
Ciudad, estado y código postal: **Vienna, VA 22180-4907**

**Representante autorizado del Acreedor hipotecario: Stacy Jennings**
Fecha de envoi postal: November 8, 2021

**Información de contacto del representante autorizado del Acreedor hipotecario:**
Teléfono: **1-800-258-5948 x74694**

Page 3 of 5

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 3/27/2023
Envelope: 4799592
Reviewer: Brittany M.

Case 1:23-cv-00522-M-PAS Document 2 Filed 12/12/23 Page 50 of 67 PageID #:
143

Dirección de correo electrónico: **Stacy_Jennings@navyfederal.org**
cc: **Coordinador de Mediación: William Martinelli**

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 3/20/2023 3:43 PM
Envelope: 4099592
Reviewer: Britany M.

Case Number: WM-2022-0304 Case: WM-2022-0304 Document Filed Filed 12/07/22 12/23 Page Page 62 of 178 Page ID #:
144



**NAVY FEDERAL** Credit Union

## FORMULÁRIO 34-27-3.2

| NOTIFICAÇÃO DE CONFERÊNCIA DE MEDIAÇÃO CONFORME LEIS R.I. GEN. § 34-27-3.2 |
|---|

### ISTO NÃO É UM AVISO DE DESPEJO

Esta Notificação destina-se a informar-lhe as proteções fornecidas pelas leis R.I. Gen. § 34-27-3.2 de Execução Hipotecária e a Lei de Venda de Valores Imobiliários de Rhode Island.

**PARA AJUDAR-ILE A EVITAR O EMBARGO (FORECLOSURE) DA SUA CASA, INFORMAMOS-IHE QUE TEM O DIREITO A UMA CONFERÊNCIA DE MEDIAÇÃO, GRATUITA SEJA VIA TELEFÓNICA SEJA PESSOALMENTE COM UM COORDENADOR INDEPENDENTE DE MEDIAÇÃO. O CREDOR HIPOTECARIO NÃO PODE EMBARGAR ATÉ DAR-LHE A OPORTUNIDADE DE PARTICIPAR NESTA CONFERENCIA A QUAL SERÁ MARCADA NO PERIODO DE SESSENTA (60) DIAS DESDE OU AO RECEBERMOS O AVISO DE CONFERÊNCIA DE MEDIAÇÃO PREENCHIDO E ASSINALANDO O PEDIDO DE INFORMAÇÃO DE UM CONTACTO PARA O CREDOR, OU O PAGO INICIAL REQUERIDO SEJA RECEBIDO PELO MEDIODOR UM COORDENADOR IRÁ CONTACTAR-LHE PARA MARCAR A DATA DESTA MEDIAÇÃO.**

**Nome do cliente:** Walter E Thomas III          **Telefone:** 401-364-1288
**Re:** ▮▮▮▮▮▮▮
**Endereço de Imóveis Residenciais:** 14 Acorn Valley Way, Charlestown, RI 02813

Data de delinquência: 06/02/2019
Data em que o empréstimo foi liberado da suspensão automática de falência, se aplicável: Não aplicável
Data da exoneração da hipoteca da proteção conferida pela lei dos Estados Unidos da America e do Estado de Rhode Island (Servicemembers Civil Relief Act, 50 U.S.C. App § 501 et seq. or R.I. Gen. Laws § 34-27-4(d)), se aplicável: Não aplicável
O Crédito Imobiliário denominada abaixo ("Créditos Imobiliários") por este instrument notifica –se que está inadimplente em sua hipoteca. Se você falhar em corrigir tal inadimplência, Créditos Imobiliários têm o direito de executar o empréstimo de hipoteca consistente dos bens imóveis relacionados nesta notificação.

**Créditos Imobiliários:** Navy Federal Credit Union
**Endereço de Créditos Imobiliários:**
Rua: **820 Follin Lane SE**
Cidade, Estado, CEP: **Vienna, VA 22180-4907**

| Certified Article Number |
|---|
| 9414 7266 9904 2173 5725 56 |
| SENDER'S RECORD |

**Representante Autorizado de Créditos Imobiliários:** Stacy Jennings
Data de envio: November 8, 2021

**Informações de Contato para Representante Autorizado de Créditos Imobiliários:**
Telefone: 1-800-258-5948 x 74694      Email: Stacy_Jennings@navyfederal.org
cc: **Coordenador de Mediação:** William Martinelli

Page 5 of 5

RHODE ISLAND HOUSING &
MORTGAGE FINANCE
CORPORATION
44 WASHINGTON ST
PROVIDENCE RI 02903

Case Number: WM-2022-0304
Filed in Washington County Superior Court 23-00500522M-FDC Summons Document Filed Filed 07/28/23 Page Page 63 of 178 Page ID #:
Submitted: 8/7/2023 3:45 PM
Envelope: 3299522
Reviewer: Brittany M.
145



**NAVY ⊕**
**FEDERAL**.
**Credit Union**

November 8, 2021

Estate of Walter E Thomas III
14 Acorn Valley Way
Charlestown, RI 02813

**FORM 34-27-3.2**

| NOTICE OF MEDIATION CONFERENCE PURSUANT TO |
| R.I. GEN. LAWS § 34-27-3.2 |

### THIS IS NOT AN EVICTION NOTICE

This Notice is provided to you to inform you of the protections provided by R.I. Gen. Laws § 34-27-3.2 of The Rhode Island Mortgage Foreclosure and Sale Act.

**TO ASSIST YOU IN AVOIDING FORECLOSURE, YOU HAVE THE RIGHT TO A FREE, IN-PERSON OR TELEPHONE MEDIATION CONFERENCE WITH AN INDEPENDENT MEDIATION COORDINATOR. THE MORTGAGEE MAY NOT FORECLOSE UNLESS IT PROVIDES YOU THE OPPORTUNITY TO PARTICIPATE IN THE MEDIATION CONFERENCE, WHICH MUST BE SCHEDULED WITHIN SIXTY (60) DAYS OF THE RECEIPT OF A COMPLETED NOTICE OF MEDIATION, SINGLE POINT OF CONTACT INFORMATION FOR THE MORTGAGEE, AND PAYMENT INTIATING THE MEDATION PROCESS HAS BEEN RECEIVED BY THE MEDIATION COORDINATOR. YOU WILL BE CONTACTED BY A FORECLOSURE MEDIATION COORDINATOR TO SCHEDULE THAT MEDIATION CONFERENCE.**

**Name of Mortgagor:** Walter E Thomas III          **Phone #** 401-364-1288
**Mortgage Loan Number:** ▮▮▮▮▮▮▮▮
**Address of Residential Real Estate:** 14 Acorn Valley Way, Charlestown, RI 02813

Date of Default: 06/02/2019
Date of release of loan from automatic stay in bankruptcy proceedings if applicable: N/A
Date of release of loan from protections of the Servicemembers Civil Relief Act, 50 U.S.C. App. § 501 et seq., or R.I. Gen. Laws § 34-27-4(d) if applicable: N/A
The mortgagee named below ("Mortgagee") hereby notifies you that you are in Default on your mortgage. If you fail to remedy this Default, the Mortgagee has the right to foreclose on the real estate securing the mortgage loan referenced in this Notice.

**Mortgagee: Navy Federal Credit Union**
**Mortgage Address:**
Street: **820 Follin Lane SE**
City, State, Zip Code: **Vienna, VA 22180-4907**

**Mortgagee Authorized Representative: Stacy Jennings**
Date Mailed: November 8, 2021

Page 1 of 5

Case Number: WM-2022-0304
Filed in Washington County Superior Court Case 5:23-cv-00522-M-DAG Document 2 Filed 12/07/22 Page 5 of 6 of 178 Page ID #:
Submitted: 12/7/2022 3:43 PM
Envelope: 3799522
Reviewer: Brittany M.
146

**Contact Information for Mortgagee Authorized Representative:**
Telephone: **1-800-258-5948 x74694**     Email: **Stacy_Jennings@navyfederal.org**

cc: **Mediation Coordinator: William Martinelli**

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 8/7/2023 3:53 PM
Envelope: 3739592
Reviewer: Brittany M.

Case Number: WM-2022-0304 Document Filed 07/28/23 Page 65 of 178 PageID #:
147



## NAVY ⊕
## FEDERAL.
### Credit Union®

**FORMULARIO 34-27-3.2**

| NOTIFICACIÓN DE REUNIÓN DE MEDIACIÓN SEGÚN EL § 34-27-3.2 DE LAS LEYES GENERALES DE RHODE ISLAND (R.I.) |
|---|

### ESTO NO ES UN AVISO DE DESALOJO

Esta notificación se le proporciona para informarle sobre la protección que proveen las Leyes Generales de R.I. en el § 34-27-3.2 de la Mortgage Foreclosure and Sale Act (Ley de Ejecuciones Hipotecarias y Ventas) del estado de Rhode Island.

**PARA AYUDARLO A EVITAR LA EJECUCIÓN HIPOTECARIA, USTED TIENE DERECHO A UNA REUNIÓN DE MEDIACIÓN GRATUITA CON UN COORDINADOR DE MEDIACIÓN INDEPENDIENTE. DICHA REUNIÓN SE PODRÁ EFECTUAR PERSONALMENTE O POR TELÉFONO. EL ACREEDOR HIPOTECARIO NO PODRÁ EJECUTAR LA HIPOTECA SIN HABERLE PROPORCIONADO LA OPORTUNIDAD DE PARTICIPAR EN LA REUNIÓN DE MEDIACIÓN, LA CUAL DEBE ESTAR PROGRAMADA DENTRO DE LOS SESENTA (60) DÍAS DE RECIBIR EL AVISO DE CONFERENCIA DE MEDIACIÓN COMPLETO, PUNTO DE CONTACTO ÚNICO DEL ACREEDOR HIPOTECARIO, Y EL PAGO PARA EL INICIO DEL PROCESO DE MEDIACIÓN. USTED SERÁ CONTACTADO POR UN COORDINADOR DE MEDIACIÓN DE EJECUCIONES HIPOTECARIAS PARA PROGRAMMAR LA CONFERENCIA DE MEDIACIÓN.**

**Nombre del cliente:** Walter E Thomas III          **Teléfono:** 401-364-1288
**Ref.:** ▆▆▆▆▆▆▆▆▆
**Escriba la Dirección de la Propiedad Resindencial:** 14 Acorn Valley Way, Charlestown, RI 02813

Fecha de Defecto: 06/02/2019
Fecha de liberación de préstamo de la suspensión, automática en un procedimiento de quiebra, si es aplicable: No aplicable
Fecha de liberación de la hipoteca de la protección de la ley general Servicemembers Civil Relief Act, 50 U.S.C. App. § 501 et seq., or R.I. Gen. Laws § 34-27-4(d), si corresponde: No aplicable
Por la presente, el acreedor hipotecario nombrado a continuación ("Acreedor hipotecario") lo notifica que usted está en mora en los pagos de su hipoteca. Si no soluciona esta mora, el Acreedor hipotecario tiene derecho a ejecutar la hipoteca de la propiedad que garantiza el préstamo hipotecario citado en la referencia de esta notificación.

**Acreedor hipotecario:** Navy Federal Credit Union
**Dirección del Acreedor hipotecario:**
**Calle: 820 Follin Lane SE**
Ciudad, estado y código postal: **Vienna, VA 22180-4907**

**Representante autorizado del Acreedor hipotecario: Stacy Jennings**
Fecha de envoi postal: November 8, 2021

**Información de contacto del representante autorizado del Acreedor hipotecario:**
Teléfono: **1-800-258-5948 x74694**

Page 3 of 5

Dirección de correo electrónico: **Stacy_Jennings@navyfederal.org**
cc: **Coordinador de Mediación: William Martinelli**



**NAVY ⊕ FEDERAL**
**Credit Union**

FORMULÁRIO 34-27-3.2

| NOTIFICAÇÃO DE CONFERÊNCIA DE MEDIAÇÃO CONFORME LEIS R.I. GEN. § 34-27-3.2 |
| --- |

### ISTO NÃO É UM AVISO DE DESPEJO

Esta Notificação destina-se a informar-lhe as proteções fornecidas pelas leis R.I. Gen. § 34-27-3.2 de Execução Hipotecária e a Lei de Venda de Valores Imobiliários de Rhode Island.

**PARA AJUDAR-ILE A EVITAR O EMBARGO (FORECLOSURE) DA SUA CASA, INFORMAMOS-IHE QUE TEM O DIREITO A UMA CONFERÊNCIA DE MEDIAÇÃO, GRATUITA SEJA VIA TELEFÓNICA SEJA PESSOALMENTE COM UM COORDENADOR INDEPENDENTE DE MEDIAÇÃO. O CREDOR HIPOTECARIO NÃO PODE EMBARGAR ATÉ DAR-LHE A OPORTUNIDADE DE PARTICIPAR NESTA CONFERENCIA A QUAL SERÁ MARCADA NO PERIODO DE SESSENTA (60) DIAS DESDE OU AO RECEBERMOS O AVISO DE CONFERÊNCIA DE MEDIAÇÃO PREENCHIDO E ASSINALANDO O PEDIDO DE INFORMAÇÃO DE UM CONTACTO PARA O CREDOR, OU O PAGO INICIAL REQUERIDO SEJA RECEBIDO PELO MEDIODOR UM COORDENADOR IRÁ CONTACTAR-LHE PARA MARCAR A DATA DESTA MEDIAÇÃO.**

**Nome do cliente:** Walter E Thomas III       **Telefone:** 401-364-1288
**Re:** ▮▮▮▮▮▮
**Endereço de Imóveis Residenciais:** 14 Acorn Valley Way, Charlestown, RI 02813

Data de delinquência: 06/02/2019
Data em que o empréstimo foi liberado da suspensão automática de falência, se aplicável: Não aplicável
Data da exoneração da hipoteca da proteção conferida pela lei dos Estados Unidos da America e do Estado de Rhode Island (Servicemembers Civil Relief Act, 50 U.S.C. App § 501 et seq. or R.I. Gen. Laws § 34-27-4(d)), se aplicável: Não aplicável
O Crédito Imobiliário denominada abaixo ("Créditos Imobiliários") por este instrument notifica –se que está inadimplente em sua hipoteca. Se você falhar em corrigir tal inadimplência, Créditos Imobiliários têm o direito de executar o empréstimo de hipoteca consistente dos bens imóveis relacionados nesta notificação.

**Créditos Imobiliários:** Navy Federal Credit Union
**Endereço de Créditos Imobiliários:**
Rua: 820 Follin Lane SE
Cidade, Estado, CEP: **Vienna, VA 22180-4907**

**Representante Autorizado de Créditos Imobiliários: Stacy Jennings**
Data de envio: November 8, 2021

**Informações de Contato para Representante Autorizado de Créditos Imobiliários:**
Telefone: 1-800-258-5948 x 74694       Email: Stacy_Jennings@navyfederal.org
cc: **Coordenador de Mediação: William Martinelli**

# EXHIBIT F



## Walter E. Thomas, III

September 10, 1943 - March 13, 2019

Share Obituary:

f                    (sms:?
                     &body=https://www.averystortifuneralhome.com/obituaries/Walter-
                     E-
Tribute Wall         Thomas-                          **Obituary & Events**
                     III?
                     obId=12469808#/obituaryInfo)

Sign In

## Obituary

Walter E. Thomas, III, 75, of Charlestown, passed away Wednesday. He was the beloved husband of the late Donna J. (Slaven) Thomas, whom he met while serving in the United States Navy.

Born in Newport, he was a son of the late Walter E., Jr. and Laura (Silvia) Thomas.

CWO4 (Ret.) Thomas served honorably in the United States Navy for 26 years, following in his fathers footsteps. After his military service, he continued to serve his country, working at the Naval Undersea Warfare Center, in Newport.

After retiring, he enjoyed golfing, traveling, spending time with his dogs, and devoting as much time he could spend with his grandchildren. He is survived by his children, a daughter Tiffany L. Skinner-DeSouza and her husband Gregory and late husband Joseph Skinner and grandchildren, Monica Jean Skinner, Brian Tyler Skinner, Savannah Rose Skinner and Jewelia Ann DeSouza; a son, Walter E. Thomas IV and grandson, Walter E. Thomas V; a son Shawn Paul Thomas; a daughter Amber Thomas and grandchildren, Emmit Joseph Thomas, Noah David Thomas and Elias Edward Thomas; a sister Suzanne LeFevre; and a brother Steven Thomas and his wife Beth.

The funeral will be held at 11 am Tuesday at the Avery-Storti Funeral Home, 88 Columbia Street, Wakefield. Burial with military honors will be follow in the Rhode Island Veterans Memorial Cemetery, Exeter. Visiting hours are Monday 4-8 p.m. In lieu of flowers, memorial donations may be made to the DAV, 380 Westminster Street, Providence, RI 02903.

Hide ∧

## Events

Share a memory                    Send Flowers (http://averystorti-funeral-home-inc.tributestore

Plant a tree (https://tree.tributestore.com/?old=12469808&tag=&source=tco_button&mtph=1)

Privacy - Terms

### MAR 18

## Visitation

🕐 Monday, March 18, 2019
4:00PM - 8:00PM

📍 Avery-Storti Funeral Home, Inc.
88 Columbia Street
Wakefield, RI 02879

**Get Directions**

View Map (Http://Maps.Google.Com/Maps?Saddr=&Daddr=41.4431900000000000,-71.4961270000000000)　　Text　　Email

---

### MAR 19

## Funeral Service

🕐 Tuesday, March 19, 2019
11:00AM - 11:30AM

📍 Avery-Storti Funeral Home, Inc.
88 Columbia Street
Wakefield, RI 02879

**Get Directions**

View Map (Http://Maps.Google.Com/Maps?Saddr=&Daddr=41.4431900000000000,-71.4961270000000000)　　Text　　Email

---

𝐟 (https://www.facebook.com/Avery-Storti-Funeral-Home-111073142290231/)
▶ (https://www.youtube.com/channel/UCuOPcuUmmp5o0Gx7wz2rfmw)

Avery-Storti Funeral Home & Crematory
Phone: (401) 783-7271 (tel:4017837271)
88 Columbia Street, Wakefield, RI

© Avery-Storti Funeral Home & Crematory
Supported by SRS Computing (http://www.srscomputing.com/) and TA (https://www.tributearchive.com/)

Privacy Policy & Terms of Use

Share a memory　　　　　　Send Flowers (http://averystorti-funeral-home-inc.tributestore

Plant a tree (https://tree.tributestore.com/?old=12469808&tag=&source=tcu_button&mtph=1)　Plant a tree (https://tree.tributestore.com/?old=12469808&ta
Share a memory

Privacy - Terms

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 3/7/2023 3:55 PM
Envelope: 3799592
Reviewer: Brittany M.

EXHIBIT G

Case Number: 1:23-cv-00522-M-PAS Document 1-2 Filed 12/12/23 Page 70 of 178 PageID #: 152



# Elm Street Title, Inc.
## Report on Title Examination

**Property Locus:** <u>14 Acorn Valley Way, Chrlestown  RI</u>

**County:** Washington **Plan/Plat Card:** <u>Lot 1 on survey entitled "Final Plan Acorn Valley…"</u>
<u>in Plat B.12  P.96</u>

**Assessor's Plat** <u>23</u> **Block** _____ **Lot** <u>30.1</u>  **Tenancy:** Tenants by Entirety

**Deed Type:** Warranty

**Title In:** <u>*Walter E. Thomas III and Donna J. Thomas</u>
<u>(Walter E. Thomas III, as surviving tenant by entirety)</u>

**By Deed Of:** <u>Dartmouth Homes, Inc.</u>

**Book:** <u>164</u> **Page:** <u>459</u> **Doc. #** <u>53</u> S <u>01/09/198</u>  R <u>01/09/1998</u>

**Mortgages:**
<u>1. Navy Federal Credit Union  B.305 P.239 Doc.#3331 S.11/24/2006 R.12/29/2006</u>
_____ <u>$40,000.00</u>
<u>-Subordination Agreement  B.399 P.5 Doc.#2135 S.10/14/014 R.10/24/2014</u>
_____ <u>(Subordinated to mortgage in 399/11)</u>
<u>2. Navy Federal Credit Union  B.399 P.11 Doc.#2136 S.10/20/2014 R.10/24/2014</u>
_____ <u>$183,000.00</u>

**Attachments & Liens:**
---

**Easements & Restrictions:**
<u>1. Residential Cluster Subdivision Agreement, By-Laws, and Open Space Easement Agreement</u>
_____ <u>B.159 P.324 Doc.#1329 S.04/11/1996 R.06/16/1997</u>
<u>2. As affected by Deed of Acorn Valley Way to the Town of Charlestown  B.159 P.341</u>
_____ <u>Doc.#1330 S.06/16/1997 R.06/16/1997</u>
<u>3. Easement to The Narragansett Electric Company and New England Telephone And Telegraph</u>
_____ <u>Company  B.161 P.720 Doc.#2350 S.09/05/1997 R.09/24/1997</u>
<u>4. Drainage Easement, Buffer, and any other matters as shown on recorded plat</u>

**Remarks:**
<u>*Donna J. Thomas deceased 07/03/2014 as evidenced by Discharge of Estate Tax Lien recorded</u>
_____ <u>12/08/2014 in 400/411.</u>

**Current Owner Checked for Probate:** Yes

**Buyer Run for Tax Liens:** N/A

**Title Examined From** <u>11/30/1988</u> **Through** <u>02/10/2022</u>

**Records verified/certified through** <u>2/10/2022</u>

**Examiner Initials:** <u>AY</u>

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 3/27/2023 3:48:09 PM
Envelope: 4099592
Reviewer: Brittany M.

Case 1:23-cv-00522-M-PAS   Document 1-2   Filed 12/12/23   Page 72 of 178 PageID #: 154

# EXHIBIT J

STATE OF RHODE ISLAND          SUPERIOR COURT
WASHINGTON, sc

| | |
|---|---|
| Navy Federal Credit Union ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No.: |
| ) | |
| Estate of Walter E. Thomas III, Tiffany ) | |
| L. Skinner-DeSouza, Walter E. Thomas ) | |
| IV, and Amber Thomas ) | |
| Defendants ) | |
| ) | |

## AFFIDAVIT OF NON-MILITARY SERVICE

The undersigned, being duly sworn, deposes and says that, to the best of his knowledge, the Defendants, Walter E. Thomas III, Tiffany L. Skinner-DeSouza, Walter E. Thomas IV and Amber Thomas were not at the time of this commencement of said action, nor are they now in Military Service of the United States as defined in Article 1 of the Soldiers' and Sailors' Civil Relief Act of 1940, as amended. Which inquiry was made via a search at the Department of Defense Manpower Data Center website by using the Defendants' first and last names and social security numbers, results of which are attached hereto.

Further, the undersigned, being duly sworn, deposes and says that, to the best of his knowledge, no evidence has been provided to suggest that any other occupants reside at the Property that are persons in Military Service.

1

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 8/17/2022 3:53 PM
Envelope: 3799592
Reviewer: Brittany M.

Case 1:23-cv-00522-M-PAS   Document 1-2   Filed 12/12/23   Page 73 of 178 PageID #: 155

Subscribed to on August 3, 2022 under the pains and penalties of perjury.


Plaintiff
By Its Attorney,

/s/ Michael R. Hagopian
_____

Michael R. Hagopian, Esq (3448)
Brock & Scott, PLLC
1080 Main Street, Suite 200
Pawtucket, RI 02860
401-217-8701 x2453
Michael.Hagopian@brockandscott.com

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 8/3/2022 5:48:57 AM
Envelope: 3348382
Reviewer: Brittany K.M.

Case 3:23-cv-00522-M-BN Document 1-2 Filed 07/28/23 Page 68 of 178 PageID #: 156

Results as of : Aug-03-2022 03:38:55 AM

SCRA 5.14





Department of Defense Manpower Data Center

## Status Report
## Pursuant to Servicemembers Civil Relief Act

| | |
|---|---|
| SSN: | ███████ |
| Birth Date: | |
| Last Name: | THOMAS III |
| First Name: | WALTER |
| Middle Name: | E |
| Status As Of: | Aug-03-2022 |
| Certificate ID: | 5P9H6GSDFVNGTLB |

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

Michael V. Sorrento, Director
Department of Defense - Manpower Data Center
400 Gigling Rd.
Seaside, CA 93955

Case 3:23-cv-00522-M-PDC Document 1-2 Filed 12/01/22 Page 75 of 178 PageID #:

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 3901 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q35) via this URL: https://scra.dmdc.osd.mil/scra/#/faqs. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. § 3921(c).

This response reflects the following information:  (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days  preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1).  Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available.  In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds.  All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support.  This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs).  Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate.  SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction.  The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING:  This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester.  Providing erroneous information will cause an erroneous certificate to be provided.

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 8/17/2022 9:48:57 AM
Envelope: 3783532
Reviewer: Brittany M.

Case 23-00910-JMM-PAC Document 1-2 Filed 07/28/23 Page 76 of 178 Page ID #: 158



**Status Report**
**Pursuant to Servicemembers Civil Relief Act**

| | |
|---|---|
| SSN: | |
| Birth Date: | |
| Last Name: | THOMAS IV |
| First Name: | WALTER |
| Middle Name: | E |
| Status As Of: | Aug-03-2022 |
| Certificate ID: | KJGVRTKMC5QF69S |

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

*Michael V. Sorrento*

Michael V. Sorrento, Director
Department of Defense - Manpower Data Center
400 Gigling Rd.
Seaside, CA 93955

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 3901 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q35) via this URL: https://scra.dmdc.osd.mil/scra/#/faqs. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. § 3921(c).

This response reflects the following information:  (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days  preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1).  Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available.  In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds.  All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support.  This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs).  Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate.  SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction.  The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING:  This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester.  Providing erroneous information will cause an erroneous certificate to be provided.



### Status Report
### Pursuant to Servicemembers Civil Relief Act

SSN:

Birth Date:

Last Name:        SKINNER-DESOUZA

First Name:       TIFFANY

Middle Name:      L

Status As Of:     Aug-03-2022

Certificate ID:   SX7L4GV67ZYJTZS

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

Michael V. Sorrento, Director
Department of Defense - Manpower Data Center
400 Gigling Rd.
Seaside, CA  93955

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 3901 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q35) via this URL: https://scra.dmdc.osd.mil/scra/#/faqs. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. § 3921(c).

This response reflects the following information:  (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days  preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1).  Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available.  In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds.  All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support.  This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs).  Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate.  SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction.  The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING:  This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester.  Providing erroneous information will cause an erroneous certificate to be provided.

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 8/17/2022 9:48:57 AM
Envelope: 7285902
Reviewer: Brittany K.M.

Case: 23-00900522M-FAC Document 1 Filed 11/28/23 Page 80 of 178 Page ID #: 162

Results as of : Aug-03-2022 03:38:55 AM

SCRA 5.14



## Status Report
## Pursuant to Servicemembers Civil Relief Act

| | |
|---|---|
| SSN: | ███████████ |
| Birth Date: | |
| Last Name: | THOMAS |
| First Name: | AMBER |
| Middle Name: | |
| Status As Of: | Aug-03-2022 |
| Certificate ID: | 9GV164L4ZVZ8NSQ |

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

*Michael V. Sorrento*

Michael V. Sorrento, Director
Department of Defense - Manpower Data Center
400 Gigling Rd.
Seaside, CA  93955

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 3901 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q35) via this URL: https://scra.dmdc.osd.mil/scra/#/faqs. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. § 3921(c).

This response reflects the following information:  (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days  preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1).  Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available.  In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds.  All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support.  This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs).  Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate.  SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction.  The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING:  This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester.  Providing erroneous information will cause an erroneous certificate to be provided.

STATE OF RHODE ISLAND        SUPERIOR COURT
WASHINGTON, SC

| | |
|---|---|
| Navy Federal Credit Union )<br>       Plaintiff )<br>)<br>v. )<br>)<br>Estate of Walter E. Thomas III, Tiffany )<br>L. Skinner-DeSouza, Walter E. Thomas )<br>IV, and Amber Thomas )<br>       Defendants )<br>) | Case No.:  WM-2022-0304 |

## ORDER REGARDING SURPLUS FUNDS – JUDICIAL FORECLOSURE

The above matter was before the Honorable Judge Taft-Carter on November 3, 2023 on Motion of Plaintiff, Navy Federal Credit Union, to deposit surplus finds in registry of court, interplead the United States of America on behalf of the Internal Revenue Service and the Rhode Island Division of Taxation and motion for attorneys fee.  There being no objection filed, after hearing, it is hereby

ORDERED, ADJUDGED and DECREED

1. Plaintiff's motion for an attorney's fee in the sum of $600 for legal services in connection with surplus funds after the foreclosure sale is fair and reasonable and Plaintiff's motion for payment is granted;

2. Plaintiff is authorized and directed to disburse the Surplus funds in sum of $217,081.41, as follows:

    a. The sum of $600 shall be disbursed to Brock & Scott PLLC; and

    b. The sum of $216,481.41 shall be deposited into the Registry of Court pending further order of this Court.

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 12/7/2023 12:50 PM
Envelope: 4398082
Reviewer: Tracy K.

WM-2022-0304 Document Filed 12/07/23 Page 83 of 178 PageID #: 165

3. The motion to interplead the Internal Revenue Service and the Rhode Island Division of Taxation into this action is granted;

4. That any parties in this action which claim a right to the Surplus funds file a claim with this Court, including, without limitation Plaintiff's second mortgage;

5. Plaintiff and its attorneys with respect to the Surplus funds are fully adjudicated and Plaintiff is discharged of any liability in connection with the Surplus funds.

ENTER:                                    ORDER:


/s/ Sarah Taft-Carter
_____          _____
                                         /s/ Christine Feeney

                                         Deputy Clerk I        November 20, 2023

                                         Prepared by:

                                         /s/ *Michael R. Hagopian*
                                         _____
Dated: November 7, 2023                  Michael R. Hagopian, Esq (3448)
                                         Brock & Scott, PLLC
                                         23 Messenger St – 2nd Floor
                                         Plainville, MA 02762
                                         (401) 217-8774
                                         michael.hagopian@brockandscott.com

CERTIFICATE OF SERVICE

I hereby certify that, on the ___7____ day of __November__, 2023:
[  ] I filed and served this document through the electronic filing system on the following:

The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.
[  ] I served this document through the electronic filing system on the following:
_____.
The document electronically served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.
[ X ] I mailed or [  ] hand-delivered this document to the attorney for the opposing party and/or to:

- Estate of Walter E. Thomas III, 14 Acorn Valley Way, Charlestown, RI 02813
- Amber Thomas, 14 Acorn Valley Way, Charlestown, RI 02813

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 12/7/2023 12:50 PM
Envelope: 4398082
Reviewer: Tracy K.

Case 1:23-cv-00512-M-PAS   Document 3   Filed 07/22/23   Page 84 of 178 PageID #: 166

- Walter E. Thomas IV, 50 Cutler Road, Dayville, CT 06241
- Tiffany J. Skinner-DeSouza, 1352 Huckle Berry Road, Manchester, KY 40962
- State of Rhode Island Division of Taxation, 1 Capitol Hill, Ste 1, Providence, RI 02908
- Attorney General 150 South Main Street, Providence, RI
- US Attorney for RI, 50 Kennedy Plaza, Providence, RI
- US Attorney General Merrik Garland, 950 Pennsylvania Ave NW, Washington, DC 20530
- Internal Revenue Service, 380 Westminster St, Ste 418, Providence, RI 02903

And by certified mail to

- State of Rhode Island Division of Taxation, 1 Capitol Hill, Ste 1, Providence, RI 02908
- Attorney General 150 South Main Street, Providence, RI
- US Attorney for RI, 50 Kennedy Plaza, Providence, RI
- US Attorney General Merrik Garland, 950 Pennsylvania Ave NW, Washington, DC 20530
- Internal Revenue Service, 380 Westminster St, Ste 418, Providence, RI 02903

/s/ *Michael R. Hagopian*

_____

Michael R. Hagopian

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 12/7/2023 4:59 PM
Envelope: 4399392
Reviewer: Tracy K.

Case 1:23-cv-00522-JJM-PAS    Document 1-4   Filed 12/12/23   Page 85 of 178 PageID #: 767

STATE OF RHODE ISLAND
IN THE WASHINGTON COUNTY SUPERIOR COURT

NAVY FEDERAL CREDIT UNION      )
                                      )   Case No. WM-2022-0304
           Plaintiff,         )
                                        )   Hon. Judge Taft-Carter
           v.              )
                                        )
ESTATE OF WALTER E. THOMAS,   )
TIFFANY L. SKINNER-DESOUZA,   )
WALTER E. THOMAS IV, AND      )
AMBER THOMAS,                )
                                        )
           Defendants.        )

**NOTICE OF FILING OF PAPERS REMOVING ACTION
TO UNITED STATES DISTRICT COURT**

       PLEASE TAKE NOTICE that on December 7, 2023, a Notice of Removal in the above-captioned case was filed with the United States District Court for the District of Rhode Island. The Notice of Removal was filed by, and on behalf of, the defendant United States of America.

       PLEASE TAKE FURTHER NOTICE that, pursuant to the District of Rhode Island Local Rule for Civil Proceedings 81, the United States requests the clerk of this Court to provide to the District Court a copy of the court record for this case, including a certified copy of the docket sheet and all documents filed for this case in this Court.

       PLEASE TAKE FURTHER NOTICE that, as provided by 28 U.S.C. § 1446(d), the Superior Court "shall proceed no further unless and until the case is remanded."

       A copy of the Notice of Removal (with attachments) is annexed to this Notice.

                                DAVID A. HUBBERT
                                Deputy Assistant Attorney General
                                U.S. Department of Justice Tax Division

                                */s/* Sarah Stoner

1

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 12/7/2023 4:59 PM
Envelope: 4399392
Reviewer: Tracy K.

Case 1:23-cv-00522-JJM-PAS    Document 31-4  Filed 12/12/23  Page 86 of 178 PageID #: 1768

SARAH STONER
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C.  20044
202-514-1170 (v)
202-514-5238 (f)
Sarah.Stoner@usdoj.gov


Local Counsel:

_____
LAUREN S. ZURIER (Bar No. 4496)
Assistant United States Attorney
One Financial Plaza, 17th Floor
Providence, RI  02903
Tel. No. (401)709-5000

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 12/7/2023 4:59 PM
Envelope: 4399392
Reviewer: Tracy K.

Case 1:23-cv-00522-JJM-PAS    Document 1-4 Filed 12/12/23 Page 87 of 178 PageID #: 1869

## CERTIFICATE OF SERVICE

I certify that on December 7, 2023, I served the foregoing **NOTICE OF FILING OF**

**PAPERS REMOVING ACTION TO UNITED STATES DISTRICT COURT** on the

following recipients via U.S. mail, with copies also sent by email where noted:

Michael R. Hagopian
Brock & Scott, PLLC
Attorney for Plaintiff
23 Messenger St. – 2nd Floor
Plainville, MA 02762
michael.hagopian@broskandscott.com

Estate of Walter E. Thomas III
14 Acorn Valley Way,
Charlestown, RI 02813

Amber Thomas
14 Acorn Valley Way,
Charlestown, RI 02813

Walter E. Thomas IV,
50 Cutler Road
Dayville, CT 06241

Tiffany J. Skinner-DeSouza
1352 Huckle Berry Road
Mancehster, KY 40962

State of Rhode Island Division of Taxation
1 Capitol Hill, Ste. 1
Providence, RI 02908

/s/ Sarah Stoner
SARAH STONER
Trial Attorney, Tax Division

Local Counsel:

LAUREN ZURIER
Assistant US Attorney

3



# STATE OF RHODE ISLAND

### REGISTRY OF COURT
### SERVICE REQUEST

☐ SUPREME COURT ☑ SUPERIOR COURT ☐ FAMILY COURT ☐ DISTRICT COURT
☐ Providence/Bristol County or Sixth Division ☑ Washington County or Fourth Division
☐ Kent County or Third Division ☐ Newport County or Second Division

| To: | Escrow Management Services - Supreme Court Finance | From: | State of Rhode Island Judiciary |
|---|---|---|---|

**Service Requested (Please Check):**

☑ OPEN    ☐ CLOSE    ☐ ADD TO EXISTING    ☐ PARTIAL WITHDRAWAL

**Instructions:** Please enter the information in the boxes below including the full case number. Once completed, please scan this document to the case and submit it to the "SU Finance Registry of Court" queue and notify the Finance and Budget Office at roc@courts.ri.gov.

| Case Number | Initiator's Title | Authorized Initiator's Name |
|---|---|---|
| WM-2022-0304 | Clerk of Superior Court, Washington County | Brenden T. Oates |

| Sub-Account Number | Amount | Date | Authorized Initiator's Signature |
|---|---|---|---|
| 109200329363 | $216,484.41 | November 30, 2023 | *Brenden T. Oates* |

*Reminder: You must obtain a W9 form from any party receiving a disbursement. The name on the W9 must be the same as the name on the check request.*

Finance-1 (revised June 2021)

DT0268

**DEPOSIT TICKET**
FOR CLEAR COPY, PRESS FIRMLY

STATE OF RI AND PROV PLANTATIONS
SUPERIOR COURT
670 NEW LONDON AVE.
CRANSTON, RI 02920-3002

**Citizens Bank**
Rhode Island

DATE November 30, 2023

| | DOLLARS | CENTS |
|---|---|---|
| CURRENCY | | |
| COINS | | |
| CHECKS LIST EACH SEPARATELY | | |
| 1  2251 | 216,484 | 41 |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | | |
| 9 | | |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |
| PLEASE RE-ENTER TOTAL HERE    **TOTAL** | 216,484 | 41 |

PLEASE BE SURE ALL ITEMS ARE PROPERLY ENDORSED.

CHECKS AND OTHER ITEMS ARE RECEIVED FOR DEPOSIT SUBJECT TO THE PROVISIONS OF THE UNIFORM COMMERCIAL CODE OR ANY APPLICABLE COLLECTION AGREEMENT. DEPOSITS MAY NOT BE AVAILABLE FOR IMMEDIATE WITHDRAWAL.

**TOTAL ITEMS**    **1**

57-12/115
641

⑆5010⑆115⑈ 2200 812 8⑆

Any 3295 4465

$

216484 41

CW

# OFFICIAL RECEIPT
## State of Rhode Island
## Superior Court
## McGrath Judicial Complex
## 4800 Tower Hill Road
## Wakefield, RI 02879
## (401) 782-4121(phone)
## (401) 782-4190(fax)

Payor
Brock and Scott PLLC
RI - IOLTA Trust Account
1080 Main Street
Pawtucket, Rhode Island 02860

Receipt No.
**SCW-2023-001289**

Transaction Date
11/30/2023

| Description | Amount Paid |
|---|---|

On Behalf Of  Court Beneficiary_WM-2022-0304
   WM-2022-0304
   Navy Federal Credit Union v. Estate of Walter E. Thomas III et al.
   WM-2022-0304

| | |
|---|---|
| Registry of the Court SC | 216,484.41 |
| **SUBTOTAL** | **216,484.41** |

| **PAYMENT TOTAL** | **216,484.41** |
|---|---|

| Check (Ref #2251) Tendered | 216,484.41 |
|---|---|
| **Total Tendered** | **216,484.41** |
| Change | 0.00 |

| 11/30/2023 | Cashier | Audit |
|---|---|---|
| 01:14 PM | Station WSCBO | 18505660 |

# OFFICIAL RECEIPT

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 11/7/2023 12:50 PM
Envelope: 4358082
Reviewer: Tracy K.

1:22-CV-00522-JJM-PAS    Document 3    Filed 12/12/23    Page 91 of 178 PageID #:
173

STATE OF RHODE ISLAND          SUPERIOR COURT
WASHINGTON, SC

| | |
|---|---|
| Navy Federal Credit Union )<br>      Plaintiff )<br>)<br>v. )<br>)<br>Estate of Walter E. Thomas III, Tiffany )<br>L. Skinner-DeSouza, Walter E. Thomas )<br>IV, and Amber Thomas )<br>      Defendants )<br>) | Case No.: WM-2022-0304 |

### <u>ORDER REGARDING SURPLUS FUNDS – JUDICIAL FORECLOSURE</u>

The above matter was before the Honorable Judge Taft-Carter on November 3, 2023 on Motion of Plaintiff, Navy Federal Credit Union, to deposit surplus finds in registry of court, interplead the United States of America on behalf of the Internal Revenue Service and the Rhode Island Division of Taxation and motion for attorneys fee. There being no objection filed, after hearing, it is hereby

ORDERED, ADJUDGED and DECREED

1. Plaintiff's motion for an attorney's fee in the sum of $600 for legal services in connection with surplus funds after the foreclosure sale is fair and reasonable and Plaintiff's motion for payment is granted;

2. Plaintiff is authorized and directed to disburse the Surplus funds in sum of $217,081.41, as follows:

    a. The sum of $600 shall be disbursed to Brock & Scott PLLC; and

    b. The sum of $216,481.41 shall be deposited into the Registry of Court pending further order of this Court.

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 11/7/2023 12:50 PM
Envelope: 4358082
Reviewer: Tracy K.

1:23-CV-00522-JJM-PAS    Document 3    Filed 12/12/23    Page 92 of 178 PageID #: 174

3. The motion to interplead the Internal Revenue Service and the Rhode Island Division of Taxation into this action is granted;

4. That any parties in this action which claim a right to the Surplus funds file a claim with this Court, including, without limitation Plaintiff's second mortgage;

5. Plaintiff and its attorneys with respect to the Surplus funds are fully adjudicated and Plaintiff is discharged of any liability in connection with the Surplus funds.

ENTER:                                          ORDER:

/s/ Sarah Taft-Carter
_____

                                    /s/ Christine Feeney
                                    _____
                                    Deputy Clerk I        November 20, 2023

                                    Prepared by:

                                    /s/ *Michael R. Hagopian*
                                    _____
Dated: November 7, 2023             Michael R. Hagopian, Esq (3448)
                                    Brock & Scott, PLLC
                                    23 Messenger St – 2nd Floor
                                    Plainville, MA 02762
                                    (401) 217-8774
                                    michael.hagopian@brockandscott.com

CERTIFICATE OF SERVICE

I hereby certify that, on the ___7____ day of ___November__, 2023:
[  ] I filed and served this document through the electronic filing system on the following:

The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.
[  ] I served this document through the electronic filing system on the following:
_____.
The document electronically served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.
[ X ] I mailed or [  ] hand-delivered this document to the attorney for the opposing party and/or to:

- Estate of Walter E. Thomas III, 14 Acorn Valley Way, Charlestown, RI 02813
- Amber Thomas, 14 Acorn Valley Way, Charlestown, RI 02813

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 11/7/2023 12:50 PM
Envelope: 4358082
Reviewer: Tracy K.

Case 1:23-cv-00522-JJM-PAS    Document 3    Filed 12/12/23    Page 93 of 178 PageID #: 175

- Walter E. Thomas IV, 50 Cutler Road, Dayville, CT 06241
- Tiffany J. Skinner-DeSouza, 1352 Huckle Berry Road, Manchester, KY 40962
- State of Rhode Island Division of Taxation, 1 Capitol Hill, Ste 1, Providence, RI 02908
- Attorney General 150 South Main Street, Providence, RI
- US Attorney for RI, 50 Kennedy Plaza, Providence, RI
- US Attorney General Merrik Garland, 950 Pennsylvania Ave NW, Washington, DC 20530
- Internal Revenue Service, 380 Westminster St, Ste 418, Providence, RI 02903

And by certified mail to

- State of Rhode Island Division of Taxation, 1 Capitol Hill, Ste 1, Providence, RI 02908
- Attorney General 150 South Main Street, Providence, RI
- US Attorney for RI, 50 Kennedy Plaza, Providence, RI
- US Attorney General Merrik Garland, 950 Pennsylvania Ave NW, Washington, DC 20530
- Internal Revenue Service, 380 Westminster St, Ste 418, Providence, RI 02903

/s/ *Michael R. Hagopian*

_____

Michael R. Hagopian

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 10/10/2023 1:48 PM
Envelope: 4316875
Reviewer: Tracy K.



# STATE OF RHODE ISLAND

## SUPERIOR COURT

### OMNIBUS CALENDAR ASSIGNMENT FORM

| ☐ **Providence/Bristol County**   ☐ **Kent County**   ☑ **Washington County**   ☐ **Newport County** | |
|---|---|
| Navy Federal Credit Union | **CASE NUMBER** |
| VS. | WM-2022-0304 |
| Estate of Walter E. Thomas III, et als | |

## CALENDAR TYPE MUST BE SELECTED FOR SCHEDULING PURPOSES
☑ FORMAL SPECIAL CAUSE CALENDAR   ☐ BUSINESS CALENDAR   ☐ DISPOSITIVE MOTION CALENDAR

### FORMAL SPECIAL CAUSE AND BUSINESS CALENDAR

| | |
|---|---|
| ☐ AGENCY APPEAL | ☐ MOTION FOR PROTECTIVE ORDER |
| ☐ ASSESSMENT OF DAMAGES | ☐ MOTION TO RECONSIDER |
| ☐ APPOINTMENT OF A SPECIAL MASTER | ☐ ORAL PROOF OF CLAIM |
| ☐ CONFIRM ARBITRATION | ☐ PETITION TO ALLOW SECURED CLAIM |
| ☐ DECLARATORY JUDGMENT | ☐ PETITION TO APPOINT TEMPORARY RECEIVER |
| ☐ ENTRY OF JUDGMENT | ☐ PROOF OF CLAIM |
| ☐ EVIDENTIARY HEARING | ☐ PETITION TO ENFORCE |
| ☐ FIRST AND FINAL REPORT | ☐ PETITION FOR INSTRUCTIONS |
| ☐ FORECLOSURE OF RIGHT OF REDEMPTION | ☐ PRELIMINARY INJUNCTION |
| ☐ FRIENDLY SUIT | ☐ APPOINTMENT OF PERMANENT SPECIAL MASTER |
| ☐ APPOINTMENT OF PERMANENT RECEIVER | ☐ PETITION TO RECLAIM |
| ☐ MOTION TO ATTACH | ☐ PARTITION PROCEEDINGS |
| ☐ MOTION FOR ATTORNEYS FEES | ☐ PETITION TO SELL |
| ☐ MOTION TO COMPEL RECEIVER | ☐ RECEIVERSHIP PROCEEDINGS |
| ☐ MOTION TO DEFAULT | ☐ SHOW CAUSE HEARING |
| ☐ MOTION FOR ENTRY OF FINAL JUDGMENT | ☐ SUPPLEMENTARY PROCEEDINGS |
| ☐ MECHANIC'S LIEN | ☐ TITLE PROCEEDINGS |
| ☐ MOTION FOR APPROVAL | ☐ TEMPORARY RESTRAINING ORDER |
| ☐ MANDATORY INJUNCTION | ☐ TRUSTEE PROCEEDINGS |
| ☐ MOTION TO ADJUDGE IN CONTEMPT | ☐ VACATE ARBITRATION |
| ☑ OTHER FORMAL MATTER (EXPLAIN) | ☐ WRIT OF MANDAMUS |
|   Motion to deposit surplus funds | ☐ WRIT OF REPLEVIN |
| ☐ OTHER BUSINESS MATTER (EXPLAIN) | |

**If you require witnesses, state the estimated time frame of said hearing and attach a witness list and expected testimony to this form.**

### DISPOSITIVE MOTION CALENDAR

| | |
|---|---|
| ☐ MOTION TO DISMISS, UNDER RULE 12 | ☐ MOTION FOR PARTIAL SUMMARY JUDGMENT |
| ☐ MOTION FOR ENTRY OF JUDGMENT ON PLEADINGS | |
| ☐ OTHER DISPOSITIVE MOTION: (EXPLAIN) _____ | ☐ MOTION FOR SUMMARY JUDGMENT |

**HEARING DATE:** November 3, 2023 @9:30AM **APPROVED BY:**

**Failure to fill out this form properly may result in your hearing date not being approved.**

| Signature of Attorney or Self-represented Litigant | Address: |
|---|---|
| /s/  Michael R. Hagopian | 1080 Main Street, Pawtucket, RI 02860 |
| Rhode Island Bar Number: 3448 | Office Telephone Number: 401-217-8755   Date: 10/10/2023 |

Superior-37 (revised June 2020)

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 10/10/2023 1:48 PM
Envelope: 4316875
Reviewer: Tracy K.

1:22-CV-00522-JJM-PAS    Document 3    Filed 12/12/23    Page 95 of 178 PageID #:
177

STATE OF RHODE ISLAND                        SUPERIOR COURT
WASHINGTON, SC

| | |
|---|---|
| Navy Federal Credit Union | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| Estate of Walter E. Thomas III, Tiffany | ) |
| L. Skinner-DeSouza, Walter E. Thomas | ) |
| IV, and Amber Thomas | ) |
| Defendants | ) |
| | ) |

Case No.:  WM-2022-0304

## **AFFIDAVIT IN SUPPORT OF ATTORNEYS FEE**

I, Michael R. Hagopian, being first duly sworn, do hereby depose and state:

1. I am an attorney with the Law Firm of Brock & Scott, PLLC and am licensed to practice law in the State of Rhode Island.

2. I served as attorney for Plaintiff in the above captioned matter.

3. Brock & Scott is requesting reasonable fees and expenses rendered for this matter.  I am requesting 2 hours of time at a rate of $300 for services rendered. Total fees are $600. This fee is based on the preparation of the motion, reviewing title and foreclosure documents. It also contemplates appearing in court and preparing necessary orders.

4. Based upon the complexity, the time involved, the issues presented and the level of contest, the time spent was reasonable and necessary.

5. I have been practicing law in RI since 1986 and my hourly rate is $300 per hour for this type of matter.  This billing rate is fair and reasonable given my experience.

6. The fee of $600 is fair and reasonable and necessary to the filing of the above action.

Michael R. Hagopian, Esq.
Attorney at Law
Brock & Scott PLLC
October 6, 2023

Subscribed to and sworn before me this _____6th_____ day of October, 2023.

Notary Public
My commission expires: 9/11/2026

JEFFREY E. NOONAN
Notary Public
Commonwealth of Massachusetts
My Commission Expires September 11, 2026

22-02575

STATE OF RHODE ISLAND                  SUPERIOR COURT
WASHINGTON, SC

| | |
|---|---|
| Navy Federal Credit Union | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| Estate of Walter E. Thomas III, Tiffany | ) |
| L. Skinner-DeSouza, Walter E. Thomas | ) |
| IV, and Amber Thomas | ) |
| Defendants | ) |
| | ) |

Case No.:  WM-2022-0304

## PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

The plaintiff, Navy Federal Credit Union, moves for an award of attorney's fees and costs

in the amount of $600, on the grounds set out in the Affidavit and Memorandum submitted

herewith.

Plaintiff

By its attorney

/s/ *Michael R. Hagopian*
_____
Dated: October 10, 2023            Michael R. Hagopian, Esq (3448)
Brock & Scott, PLLC
23 Messenger St – 2nd Floor
Plainville, MA 02762
(401) 217-8774
michael.hagopian@brockandscott.com

22-02515

## CERTIFICATE OF SERVICE

I hereby certify that, on the ____10____ day of ____October_____, 2023:
[  ] I filed and served this document through the electronic filing system on the following:

The document electronically filed and served is available for viewing and/or downloading from
the Rhode Island Judiciary's Electronic Filing System.

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 10/10/2023 1:48 PM
Envelope: 4316875
Reviewer: Tracy K.

1:23-CV-00522-JJM-PAS    Document 3    Filed 12/12/23    Page 97 of 178 PageID #: 179

[  ] I served this document through the electronic filing system on the following:

_____.

The document electronically served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

[ X ] I mailed or [  ] hand-delivered this document to the attorney for the opposing party and/or to:

Estate of Walter E. Thomas III, 14 Acorn Valley Way, Charlestown, RI 02813
Amber Thomas, 14 Acorn Valley Way, Charlestown, RI 02813
Walter E. Thomas IV, 50 Cutler Road, Dayville, CT 06241
Tiffany J. Skinner-DeSouza, 1352 Huckle Berry Road, Manchester, KY 40962
State of Rhode Island Division of Taxation, 1 Capitol Hill, Ste 1, Providence, RI 02908
Internal Revenue Service, 380 Westminster St, Ste 418, Providence, RI 02903

/s/ *Michael R. Hagopian*

_____
Michael R. Hagopian

STATE OF RHODE ISLAND                    SUPERIOR COURT
WASHINGTON, SC

| | |
|---|---|
| Navy Federal Credit Union | ) |
| Plaintiff | ) |
| | ) |
| v. | )     Case No.:  WM-2022-0304 |
| | ) |
| Estate of Walter E. Thomas III, Tiffany | ) |
| L. Skinner-DeSouza, Walter E. Thomas | ) |
| IV, and Amber Thomas | ) |
| Defendants | ) |
| | ) |

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION TO DEPOSIT FUNDS IN COURT, ATTORNEY'S FEES AND
## TO BE DISMISSED FROM ACTION

### Statement of the Case

The plaintiff has filed a Motion to Deposit Funds with the Court and for Attorney's Fees

together with this Memorandum in support of the Motion.

### Argument

Interpleader is an action to sort out competing claims among lienholders and the former

owners of the real estate foreclosed on by the mortgagee. Superior Court R.Civ.P. Rule 22;

Pawtucket Inst. For Sav v. Gagnon, 475 A.2d 1028 (RI 1984).  Here, the plaintiff does not know

which of the defendants is entitled to the Surplus. Where the persons entitled to the Surplus

cannot be reasonably ascertained, it is appropriate to deposit the Surplus with the Court because

the foreclosing mortgagee, here Plaintiff, is merely an innocent stakeholder. Because Plaintiff is

an innocent stakeholder it should not bear the financial burden of determining who is

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 10/10/2023 1:48 PM
Envelope: 4316875
Reviewer: Tracy K.

1:22-CV-00522-JJM-PAS    Document 3    Filed 12/12/23    Page 99 of 178 PageID #:
181

entitled to the Surplus. This should include the right of Plaintiff to deduct from the Surplus its

attorney's fees and costs. It is recognized that the decision to award costs and attorneys fees rests

in the sole discretion of the Court, if its costs and fees are reasonable. Hogan v. Jackson Nat'l

Life Ins. Co., 142 F.Supp.3d 220, 223 (DRI 2015); Wright, Miller & Kane, Federal Practice and

Procedure: Civil 2d 1719 ; See Sun Life Assur. Co. of Canada v. Sampson, 556 F.3d 6 (1st Cir

2009); See Also Commonwealth Bank & Trust Co. v. Gens, 1986 Mass.App.Div. 127, 128-129

(foreclosing mortgagee that filed interpleader was entitled to attorney's fees).


Conclusion


        For the foregoing reasons, Plaintiff requests that the Court grant the Motion to Deposit

Funds in Court, discharge Plaintiff from any further obligation in connection with the Surplus

Funds from this Action and grant the Motion for Attorney's Fees.

                                Plaintiff

                                By its attorney

                                /s/ Michael R. Hagopian

                                _____
Dated: October 10, 2023         Michael R. Hagopian, Esq (3448)
                                Brock & Scott, PLLC
                                23 Messenger St – 2nd Floor
                                Plainville, MA 02762
                                (401) 217-8774
                                michael.hagopian@brockandscott.com

        22-02515


                        CERTIFICATE OF SERVICE

I hereby certify that, on the _____10_____ day of _____October_____, 2023:
[   ] I filed and served this document through the electronic filing system on the following:

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 10/10/2023 1:48 PM
Envelope: 4316875
Reviewer: Tracy K.

Case 1:23-CV-00522-JJM-PAS   Document 3   Filed 12/12/23   Page 100 of 178 PageID #: 182

The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

[  ] I served this document through the electronic filing system on the following:

_____.

The document electronically served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

[ X ] I mailed or [  ] hand-delivered this document to the attorney for the opposing party and/or to:

Estate of Walter E. Thomas III, 14 Acorn Valley Way, Charlestown, RI 02813
Amber Thomas, 14 Acorn Valley Way, Charlestown, RI 02813
Walter E. Thomas IV, 50 Cutler Road, Dayville, CT 06241
Tiffany J. Skinner-DeSouza, 1352 Huckle Berry Road, Manchester, KY 40962
State of Rhode Island Division of Taxation, 1 Capitol Hill, Ste 1, Providence, RI 02908
Internal Revenue Service, 380 Westminster St, Ste 418, Providence, RI 02903

/s/ *Michael R. Hagopian*

_____

Michael R. Hagopian

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 10/10/2023 1:48 PM
Envelope: 4316875
Reviewer: Tracy K.

Case 1:23-CV-00522-JJM-PAS   Document 3   Filed 12/12/23   Page 101 of 178 PageID #: 183

STATE OF RHODE ISLAND                    SUPERIOR COURT
WASHINGTON, SC

| | |
|---|---|
| Navy Federal Credit Union )<br>Plaintiff )<br> )<br>v. )<br> )<br>Estate of Walter E. Thomas III, Tiffany )<br>L. Skinner-DeSouza, Walter E. Thomas )<br>IV, and Amber Thomas )<br>Defendants )<br> ) | Case No.: WM-2022-0304 |

## AFFIDAVIT IN SUPPORT OF CLAIM OF NAVY FEDERAL CREDIT UNION

    I   Aaron J. Williams  , of Navy Federal Credit Union. ("Navy Federal"), having personal knowledge of the facts contained in this affidavit, on oath, state as follows:

1. I am employed by or serve in the capacity of   Assistant Manager   at Navy Federal.

2. In my capacity as   Assistant Manager  , I along with others have knowledge of the business records of Navy Federal, as they relate to the Mortgage which is the subject of this action and affidavit. Navy Federal's records are kept in the ordinary course of business by persons who have a business duty to make such records. The records are made at or near the occurrence of events so recorded. To the extent records related to the loan come from another entity, those records were received by Navy Federal in the ordinary course of its business, have been incorporated into and maintained as part of Navy Federal's business records, and have been relied on by Navy Federal. I have personal knowledge of facts set forth in this affidavit based upon my review of Navy Federal's business records maintained in connection with the Mortgage and the related Mortgage loan account whose repayment the Mortgage Secures.

3. On November 24, 2006, Walter E. Thomas III and Donna J. Thomas executed and delivered to Navy Federal Credit Union a mortgage (the "2006 Mortgage") of the Property, in the amount of $40,000.00, which Mortgage was recorded in the Town of Charlestown Land Records in Book 305 at Page 239. A true and accurate copy of the Mortgage is attached as **Exhibit 1.**

4. Navy Federal is the holder of the Note and Mortgage.

5. The 2006 Mortgage was subordinated to the subject mortgage of the Plaintiff's Complaint by a subordination agreement recorded in the Town of Charlestown Land Records in Book 399 at Page 5. A true and accurate copy of the Subordination Agreement is attached as **Exhibit 2.**

6. Upon the foreclosure of the subject mortgage of the Plaintiff's Complaint, the 2006 Mortgage was no longer secured by the Property.

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 10/10/2023 1:48 PM
Envelope: 4316875
Reviewer: Tracy K.

Case 1:23-CV-00522-JJM-PAS    Document 3    Filed 12/12/23    Page 102 of 178 PageID #: 184

7. The payoff for the 2006 Mortgage is $18,522.25 which is detailed as follows:

    a. Principal Balance      $14,489.46
    b. Interest as of 8/22/23    $2,338.43
    c. Fees                 $49.00
    d. Late charges         $620.00
    e. Recoverable advances   $1,025.00

8. Walter E. Thomas III failed to make required monthly payment obligations to Navy Federal due under 2006 Mortgage. As of the date of this affidavit, the account is still past due.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY this ____27____ day of September _____, 2023.

                            Navy Federal Credit Union

                            By:

                            Aaron J. Williams

                            Title:    Assistant Manager

STATE OF ___Virginia_____
COUNTY OF ___Fairfax_____

       The foregoing instrument was acknowledged and sworn before me this ____27____ day of September _____, 2023 by ____Aaron J. Williams_____ as a ___Assistant Manager_____ of Navy Federal Credit Union, who is personally known to me or who has produced _____ as identification.

Signature of Notary Public: _____

Name of Notary Public: ____Alexis Nelson_____

Personally known: ___✓_____
OR Produced Identification_____
Type of Identification Produced_____

ALEXIS DOMINIC NELSON
NOTARY PUBLIC
REG # 7860845
MY COMMISSION EXPIRES
12/31/2024
COMMONWEALTH OF VIRGINIA

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 10/10/2023 1:48 PM
Envelope: 4316875
Reviewer: Tracy K.

Case 1:23-CV-00522-JJM-PAS    Document 3    Filed 12/12/23    Page 103 of 178 PageID #: 185

INST: 00003331
Bk: 305 Pg: 239
TOWN OF CHARLESTOWN, R.I.
JODI P. LACROIX CMC
Town Clerk
Dec 29,2006 12:47:48P

# EXHIBIT 1

## MORTGAGE

THIS MORTGAGE is made this 24th        day of **November, 2006**        , between the Mortgagor,
**WALTER E THOMAS III and DONNA J THOMAS**

(herein "Borrower"), whose address is
**14 ACORN VALLEY WAY, CHARLESTOWN, RI 02813**        and the Mortgagee,
, a corporation organized and
**Navy Federal Credit Union**        , whose address is
existing under the laws of **the U.S. Govt (12USC1751)**
**820 Follin Lane, Vienna, VA  22180**        (herein "Lender").
, which
WHEREAS, Borrower is indebted to Lender in the principal sum of U.S. **$40,000.00**
indebtedness is evidenced by Borrower's note dated **November 24, 2006**        and extensions and renewals
thereof (herein "Note"), providing for monthly installments of principal and interest, with the balance of indebtedness, if not
sooner paid, due and payable on **December 01, 2026**
TO SECURE to Lender the repayment of the indebtedness evidenced by the Note, with interest thereon; the payment of all
other sums, with interest thereon, advanced in accordance herewith to protect the security of this Mortgage; and the
performance of the covenants and agreements of Borrower herein contained, Borrower does hereby mortgage, grant and convey
to Lender, with power of sale, the following described property located in **CHARLESTOWN**
State of Rhode Island:

[Street]
which has the address of **14 ACORN VALLEY WAY**
**CHARLESTOWN**        [City], Rhode Island **02813**        [ZIP Code] (herein "Property Address");

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances
and rents, all of which shall be deemed to be and remain a part of the property covered by this Mortgage; and all of the
foregoing, together with said property (or the leasehold estate if this Mortgage is on a leasehold) are hereinafter referred to as
the "Property."
Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and
convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that
Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of
record.
UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:
**1. Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness
evidenced by the Note and late charges as provided in the Note.
**2. Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to
Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum
(herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit
development assessments, if any) which may attain priority over this Mortgage and ground rents on the Property, if any, plus
one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage
insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and
reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that
Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender.

RHODE ISLAND - SECOND MORTGAGE - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT

Form 3840
Amended 6/05

VMP-76(RI) (0508) 01
Page 1 of 4
VMP Mortgage Solutions, Inc



Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 10/10/2023 1:48 PM
Envelope: 4316875
Reviewer: Tracy K.

3-CV-00522-JJM-PAS   Document 3   Filed 12/12/23   Page 104 of 178 PageID
#: 186   INST: 00003331
Pg: 305 Pg: 240

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a federal or state agency (including Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Mortgage that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid. Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Mortgage.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Mortgage, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Mortgage.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

**4. Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Mortgage, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Mortgage.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Mortgage is on a leasehold. If this Mortgage is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Mortgage, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Mortgage, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Mortgage. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

**10. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Mortgage granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Mortgage by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.



Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 10/10/2023 1:48 PM
Envelope: 4316875
Reviewer: Tracy K.

3:23-CV-00522-JJM-PAS    Document 3    Filed 12/12/23    Page 105 of 178 PageID
#: 187

**11. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Mortgage, but does not execute the Note, (a) is co-signing this Mortgage only to mortgage, grant and convey that Borrower's interest in the Property to Lender under the terms of this Mortgage, (b) is not personally liable on the Note or under this Mortgage, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Mortgage or the Note without that Borrower's consent and without releasing that Borrower or modifying this Mortgage as to that Borrower's interest in the Property.

**12. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Mortgage shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Mortgage shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**13. Governing Law; Severability.** The state and local laws applicable to this Mortgage shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of federal law to this Mortgage. In the event that any provision or clause of this Mortgage or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Mortgage or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Mortgage and the Note are declared to be severable. As used herein, "costs," "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

**14. Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Mortgage at the time of execution or after recordation hereof.

**15. Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

**16. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Mortgage. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Mortgage.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Mortgage. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Mortgage without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Acceleration; Remedies.** Upon Borrower's breach of any covenant or agreement of Borrower in this Mortgage, including the covenants to pay when due any sums secured by this Mortgage, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Mortgage and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a Court action to assert the nonexistence of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Mortgage to be immediately due and payable without further demand and Lender may invoke the STATUTORY POWER OF SALE and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorneys' fees.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in paragraph 12 hereof. Lender shall publish the notice of sale and the Property shall be sold in the manner prescribed by applicable law. Lender or Lender's designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to, reasonable attorneys' fees and costs of title evidence; (b) to all sums secured by this Mortgage; and (c) the excess, if any, to the person or persons legally entitled thereto.

**18. Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Mortgage due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Mortgage discontinued at any time prior to the earlier to occur of (i) the fifth day before sale of the Property pursuant to the power of sale contained in this Mortgage or (ii) entry of a judgment enforcing this Mortgage if: (a) Borrower pays Lender all sums which would be then due under this Mortgage and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Mortgage; (c) Borrower pays all reasonable expenses incurred by Lender in enforcing the covenants and agreements of Borrower contained in this Mortgage, and in enforcing Lender's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Mortgage, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Mortgage shall continue unimpaired. Upon such payment and cure by Borrower, this Mortgage and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

**19. Assignment of Rents; Appointment of Receiver.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender shall be entitled to have a receiver appointed by a court to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by the receiver shall be applied first to payment of the costs of management of the Property



VMP -76(RI) (9508).01                    Page 3 of 4                    Form 3040

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 10/10/2023 1:48 PM
Envelope: 4316875
Reviewer: Tracy K.

Case 1:23-CV-00522-JJM-PAS    Document 3    Filed 12/12/23    Page 106 of 178 PageID
#: 188

and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Mortgage. The receiver shall be liable to account only for those rents actually received.

**20. Release.** Upon payment of all sums secured by this Mortgage, this Mortgage shall become null and void, and Lender shall discharge this Mortgage without charge to Borrower. Borrower shall pay all costs of recordation, if any.

**21. Waiver of Homestead.** If Borrower heretofore has acquired or hereafter acquires an estate of homestead in the Property, Borrower hereby agrees that such homestead estate is waived to the extent of this Mortgage and the amount due under the Note and to the extent of all renewals, extensions and modifications of this Mortgage or the Note, and that said homestead estate is subject to all of the rights of Lender under this Mortgage and the Note and all renewals, extensions and modifications of this Mortgage and the Note, and is subordinate to the lien evidenced by this Mortgage, and all renewals, extensions and modifications of this Mortgage. Furthermore, Borrower hereby waives the benefits of any homestead or similar laws or regulations that may otherwise be applicable from time to time.

**REQUEST FOR NOTICE OF DEFAULT
AND FORECLOSURE UNDER SUPERIOR
MORTGAGES OR DEEDS OF TRUST**

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Mortgage to give Notice to Lender, at Lender's address set forth on page one of this Mortgage, of any default under the superior encumbrance and of any sale or other foreclosure action.

IN WITNESS WHEREOF, Borrower has executed this Mortgage.

_____ (Seal)        _____ (Seal)
WALTER E THOMAS III        -Borrower        DONNA J THOMAS        -Borrower

_____ (Seal)        _____ (Seal)
-Borrower        -Borrower

_____ (Seal)        _____ (Seal)
-Borrower        -Borrower

_____ (Seal)        _____ (Seal)
-Borrower        -Borrower

*(Sign Original Only)*

STATE OF RHODE ISLAND,        Washington        County ss:

On this 24th        day of **November, 2006**        , in CHARLESTOWN
in said County, before me personally appeared **WALTER E THOMAS III and DONNA J THOMAS**

each and all to me known and known to me to be
the person(s) executing the foregoing instrument and acknowledged said execution to be his/her/their free act and deed.

_____
Notary Public        Notary Public

William E Paplauskas Jr
my commission expires 9/8/09

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 10/10/2023 1:48 PM
Envelope: 4316875
Reviewer: Tracy K.

1:23-CV-00522-JJM-PAS    Document 3    Filed 12/12/23    Page 107 of 178 PageID
#: 189

INST:    00003331
Bk:    305 Pg:    243

**Exhibit A (Legal Description)**

ALL THAT PARCEL OF LAND IN TOWNSHIP OF CHARLESTOWN, WASHINGTON COUNTY, STATE OF RHODE ISLAND,
AS MORE FULLY DESCRIBED IN DEED BOOK 164, PAGE 459, TAX ID# 023-030-001, BEING KNOWN AND DESIGNATED
AS;

THAT CERTAIN TRACT OR PARCEL OF LAND WITH ALL BUILDINGS AND IMPROVEMENTS THEREON SITUATED IN
THE TOWN OF CHARLESTOWN, COUNTY OF WASHINGTON, AND STATE OF RHODE ISLAND, BEING DELINEATED
AS LOT ONE (1) ON THAT CERTAIN PLAT ENTITLED, "FINAL PLAN, ACORN VALLEY, IN THE TOWN OF
CHARLESTOWN, RHODE ISLAND, DESIGNED AND PLATTED FOR JOHN F. & EVELYN J. SMITH, 17 CAROLINA BACK
ROAD, CHARLESTOWN, R.I. 02813, JUNE, 1995, SCALE: 1" = 50" RECORDED IN THE LAND EVIDENCE RECORDS OF
THE TOWN OF CHARLESTOWN IN PLAT BOOK 12 AT PAGE 96

TOGETHER WITH A ONE-THIRD (1/3RD) UNDIVIDED INTEREST, IN AND TO THOSE CERTAIN PARCELS LAID OUT
AND DELINEATED ON THE AFOREMENTIONED RECORDED PLAT AS OPEN SPACE, WHICH INTEREST SHALL BE
APPURTENANT TO THE AFOREMENTIONED LOT NUMBER 1; AND WHICH INTEREST SHALL BE CONVEYED WITH
ANY CONVEYANCE OF ABOVE SAID LOT, WHETHER SAID INTEREST IS SPECIFICALLY MENTIONED IN ANY SUCH
CONVEYANCE OR NOT.

BY FEE SIMPLE DEED FROM DARTMOUTH HOMES, INC. AS SET FORTH IN BOOK 164 PAGE 459 DATED 01/09/1998
AND RECORDED 01/09/1998, WASHINGTON COUNTY RECORDS, STATE OF RHODE ISLAND.

Page 6

Case 1:23-CV-00522-JJM-PAS     Document 3     Filed 12/12/23     Page 108 of 178 PageID #: 190

# EXHIBIT 2

BK: 399 PG: 5
INST: 00002135



TOWN OF CHARLESTOWN, R.I.
AMY ROSE WEINREICH
TOWN CLERK
Oct 24,2014 11:53:39A

Return to: 14NT04RI
**Navy Federal Title Services**
**21550 Beaumeade Circle, Suite A**
**Ashburn, VA 20147**

## SUBORDINATION AGREEMENT

**THIS SUBORDINATION AGREEMENT RESULTS IN YOUR SECURITY INTEREST IN THE PROPERTY BECOMING SUBJECT TO AND OF LOWER PRIORITY THAN THE LIEN OF SOME OTHER OR LATER SECURITY INSTRUMENT**

**THIS AGREEMENT** made this _14th_ day of _____October 2014_____ by _____Walter E Thomas III_____, owner of the land hereinafter described and hereinafter referred to as "Owner" and NAVY FEDERAL CREDIT UNION, present owner and holder of the deed of trust and note first hereinafter described and hereinafter referred to as "Beneficiary",

### WITNESSETH

**THAT WHEREAS,** Owner did execute a DEED OF TRUST, MORTGAGE, OPEN-END MORTGAGE DEED OR SECURITY DEED, hereinafter described and hereinafter referred to as "Security Instrument", dated _November 24, 2006_ covering:

SEE ATTACHED LEGAL DESCRIPTION MADE A PART HEREOF.

to secure a note in the sum of $ _40,000.00_ of even date as the aforesaid Security Instrument in favor of Beneficiary, which Security Instrument was recorded on _December 29, 2006_ in _____Book 35 at Page 239_____ among the Land Records of _____Washington_____ County,

1

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 10/10/2023 1:48 PM
Envelope: 4316875
Reviewer: Tracy K.

2:23-CV-00522-JJM-PAS    Document 3    Filed 12/12/23    Page 109 of 178 PageID
#: 191

BK: 399 PG: 6
INST: 00002135

**WHEREAS,** Owner has executed, or is about to execute, a Security Instrument and note is the sum of $ 183,000.00 , dated ___October 24, 2014___ in favor of NAVY FEDERAL CREDIT UNION hereinafter referred to as "Lender" payable with interest and upon the terms and conditions described therein, which Security Instrument is also to be recorded concurrently herewith; and

**WHEREAS,** it is a condition precedent to obtaining said loan from Lender that said Security Instrument last above mentioned shall unconditionally be and remain at all times a lien or charge upon the land hereinbefore described, prior and superior to the lien or charge of the Security Instrument first above mentioned; and

**WHEREAS,** Lender is willing to make said loan provided the Security Instrument securing the same is a lien or charge upon the above described property prior and superior to the lien or charge of the Security Instrument first above mentioned and provided that Beneficiary will specifically and unconditionally subordinate the lien or charge of Security Instrument first above mentioned to the lien or charge of Security Instrument in favor of the Lender; and

**WHEREAS,** it is to the mutual benefit of the parties hereto that Lender makes such loan to Owner; and Beneficiary is willing that the Security Instrument securing the same shall, when recorded, constitute a lien or charge upon said land which is unconditionally prior and superior to the lien or charge of the Security Instrument first above mentioned.

**NOW, THEREFORE,** in consideration of the mutual benefits accruing to the parties hereto and other valuable consideration, the receipt and sufficiency of which consideration is hereby acknowledged, and in order to induce Lender to make the loan above referred to, it is hereby declared, understood and agreed as follows:

(1)   That said Security Instrument securing said note in favor of Lender, and any renewals or extensions thereof, shall unconditionally be and remain at all times a lien or charge on the property therein described, prior and superior to the lien or charge of the Security Instrument first above mentioned.

(2)   That Lender would not make its loan above described without this subordination agreement.

(3)   That this agreement shall be the whole and only agreement with regard to the subordination of the lien or charge of the Security Instrument first above mentioned to the lien or charge of the Security Instrument in favor of Lender above referred to and shall supersede and cancel, but only

2

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 10/10/2023 1:48 PM
Envelope: 4316875
Reviewer: Tracy K.

Case 3:23-CV-00522-JJM-PAS    Document 3    Filed 12/12/23    Page 110 of 178 PageID #: 192

BK: 399 PG: 7
INST: 00002135

insofar as would affect the priority between the Security Instrument hereinbefore specifically described, any prior agreement as to such subordination including, but not limited to those provisions, if any, contained in the Security Instrument first above mentioned, which provide for the subordination of the lien or charge thereof to another deed of deeds of trust or to another mortgage of mortgages or to another deed of security deeds.

Beneficiary declares, agrees and acknowledges that:

(a)    Beneficiary consents to and approves (i) all provisions of the note and Security Instrument in favor of Lender above referred to, and (ii) all agreements, including but not limited to any loan or escrow agreements, between Owner and Lender for the disbursement of the proceeds of Lender's loan; and

(b)    Lender in making disbursements pursuant to any such agreement is under no obligation or duty to, nor has Lender represented that it will, see to the application of such proceeds by the person or persons to whom Lender disburses such proceeds and any application or use of such proceeds for the purposes other than those provided for in such agreement of agreements shall not defeat the subordination herein made in whole or in part; and

(c)    Beneficiary intentionally and unconditionally waives, relinquishes and subordinates the lien or charge of the Security Instrument first above mentioned in favor of the lien or charge upon said land of the Security Instrument in favor of Lender above referred to and understands that in reliance upon, and in consideration of, this waiver, relinquishment and subordination specific loans and advances are being and will be made and, as part and parcel thereof, specific monetary and other obligations are being and will be entered into which would not be made or entered into but for said reliance upon this waiver, relinquishment and subordination; and

(d)    An endorsement has been placed upon the note secured by the Security Instrument first above mentioned that said Security Instrument has by this instrument been subordinated to the lien or charge of the Security Instrument in favor of Lender above referred to.

**NOTICE:**    **THIS SUBORDINATION AGREEMENT CONTAINS A PROVISION WHICH ALLOWS THE PERSON OBLIGATED ON YOUR REAL PROPERTY SECURITY TO OBTAIN A PORTION OF WHICH MAY BE EXPENDED FOR OTHER PURPOSES THAN IMPROVEMENT OF THE LAND.**

3

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 10/10/2023 1:48 PM
Envelope: 4316875
Reviewer: Tracy K.

Case 3:23-CV-00522-JJM-PAS    Document 3    Filed 12/12/23    Page 111 of 178 PageID #: 193

BK: 399 PG: 8
INST: 00002135

### NAVY FEDERAL CREDIT UNION, Beneficiary

By, _~~Donna M. Bradford~~_

DONNA M. BRADFORD, ASSISTANT TREASURER

STATE OF __Virginia__

COUNTY OF __Fairfax__ ____to wit:_____

    **I HEREBY CERTIFY,** that on this __14__ day of __10th, 2014__ before me, the undersigned officer, personally appeared __Donna Bradford__, who Acknowledged himself/herself to be the __Assistant Treasurer__ of NAVY FEDERAL CREDIT UNION and that he/she, as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained, by signing the name of the corporation by himself/herself as said officers.

    **IN WITNESS WHEREOF,** I hereto set my hand and official seal.

_____
Notary Public

My commission expires: _____

> BIJAL NAIK
> NOTARY PUBLIC
> Commonwealth of Virginia
> Reg. #7561093
> My Commission Expires July 31, 2017

4

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 10/10/2023 1:48 PM
Envelope: 4316875
Reviewer: Tracy K.

1:23-CV-00522-JJM-PAS     Document 3     Filed 12/12/23     Page 112 of 178 PageID #: 194

BK: 399 PG: 9
INST: 00002135

_____ (Owner)
Walter E Thomas III

_____ (Owner)

**STATE OF** Rhode Island

**COUNTY OF** Washington **to wit:** _____

I HEREBY CERTIFY, that on this 20th day of October before me, the undersigned officer, a Notary Public, in and for the aforesaid State and County, personally appeared Walter E. Thomas III, known to me as satisfactorily proven to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged that he/she/they executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

Ashley F. Avelar
Notary Public

My Commission expires: 2-2-2016        Ashley F. Avelar

**STATE OF** _____

**COUNTY OF** _____ **to wit:** _____

I HEREBY CERTIFY, that on this _____ day of _____ before me, the undersigned officer, a Notary Public, in and for the aforesaid State and County, personally appeared _____, known to me as satisfactorily proven to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged that he/she/they executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_____
Notary Public

My Commission expires: _____

*IT IS RECOMMENDED THAT, PRIOR TO THE EXECUTION OF THIS SUBORDATION AGREEMENT, THE PARTIES CONSULT WITH THEIR ATTORNEYS WITH RESPECT THERETO*

5

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 10/10/2023 1:48 PM
Envelope: 4316875
Reviewer: Tracy K.

1:23-CV-00522-JJM-PAS     Document 3     Filed 12/12/23     Page 113 of 178 PageID
#: 195

BK:   399  PG:    10
INST:  00002135

# EXHIBIT A

That certain tract or parcel of land with all the buildings and improvements thereon situated in the Town of Charlestown, County of Washington, in the State of Rhode Island, being delineated as Lot No. 1 on that certain plat entitled "FINAL PLAN, ACORN VALLEY, IN THE TOWN OF CHARLESTOWN, RHODE ISLAND, Designed and Platted for JOHN F. & EVELYN J. SMITH, 17 Carolina Bank Road, Charlestown, R.I. 02813, JUNE, 1995; SCALE: 1"=50'", recorded I the Land Evidence Records of the Town of Charleston in Plat Book 12 at Page 96.

TOGETHER WITH a one-third (1/3rd) undivided interest in and to those certain parcels laid out and delineated on the aforementioned recorded plat as OPEN SPACE.

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 10/10/2023 1:48 PM
Envelope: 4316875
Reviewer: Tracy K.

1:23-CV-00522-JJM-PAS     Document 3     Filed 12/12/23     Page 114 of 178 PageID
#: 196

STATE OF RHODE ISLAND                          SUPERIOR COURT
WASHINGTON, SC
_____
Navy Federal Credit Union               )
              Plaintiff                 )
                                        )
v.                                      )        Case No.:  WM-2022-0304
                                        )
Estate of Walter E. Thomas III, Tiffany )
L. Skinner-DeSouza, Walter E. Thomas    )
IV, and Amber Thomas                    )
              Defendants                 )
_____        )

## **PLAINTIFF'S MOTION TO DEPOSIT SURPLUS FUNDS IN COURT AND INTERPLEAD PARTIES**

The plaintiff, Navy Federal Credit Union, moves to deposit the Surplus funds it is holding as the result of a foreclosure sale with the Court in the above-captioned civil action and interpleading the United States of America on behalf of the Internal Revenue Service and the Rhode Island Division of Taxation for any interest that may have in connection with estate tax liens.  In support thereof, Plaintiff states:

1. On October 20, 2014, Walter E. Thomas III. executed and delivered to Navy Federal Credit Union a mortgage (the "Mortgage") of the Property, in the amount of $183,000.00, which Mortgage was recorded in the Town of Charlestown Land Records in Book 399 at Page 11.

2. On January 20, 2023, this Court entered Judgment and an Interlocutory Order authorizing the Plaintiff to foreclose the Mortgage recorded in the Town of Charlestown Land Evidence Records in Book 399 at Page 11 by the exercise of power of sale therein and in accordance with R.I.G.L. § 34-27-1, et seq.

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 10/10/2023 1:48 PM
Envelope: 4316875
Reviewer: Tracy K.

Case 1:23-CV-00522-JJM-PAS    Document 3    Filed 12/12/23    Page 115 of 178 PageID
#: 197

3. On May 10, 2023, Navy Federal Credit Union, as mortgagee, sold by foreclosure auction, the Property, for breach of the condition pursuant to the Statutory Power of Sale contained in the Mortgage.

4. At the foreclosure auction, the Property was sold to an arm's length third party purchaser for value in the amount of $405,000.00.

5. The foreclosure auction was confirmed by the Court by Order entered on June 9, 2023.

6. The Foreclosure Deed was recorded on June 29, 2023 with the Land Evidence Records for the Town of Charlestown in Book 496 page 678.

7. After deduction and payment of the balance due to Navy Federal Credit Union on the first mortgage and the fees and costs for the foreclosure, the remaining proceeds from the foreclosure auction are in the amount of $217,081.41.

8. The following persons and entities appear of record to be the persons or entities having an interest in the Surplus Funds:

   a. Navy Federal Credit Union is the mortgagee of a junior mortgage from Walter E Thomas III and Donna J. Thomas on the property in the amount of $40,000.00 recorded with the Land Evidence Records for the Town of Charlestown in Book 305, Page 239. The sum due and owing in connection with the junior mortgage is $18,522.25. (See Exhibit A).

   b. Walter E. Thomas III died March 13, 2019. No discharge of the automatic inheritance lien was recorded by the State of Rhode Island Division of Taxation. As a result of the death of Walter E. Thomas III, the United States of America on behalf of the Internal Revenue Service and/or the

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 10/10/2023 1:48 PM
Envelope: 4316875
Reviewer: Tracy K.

1:23-CV-00522-JJM-PAS    Document 3    Filed 12/12/23    Page 116 of 178 PageID
#: 198

State of Rhode Island may have an interest in any surplus proceeds from the foreclosure sale.

    c.   Tiffany L. Skinner-DeSouza, Walter E. Thomas IV and Amber Thomas, may have an interest in the equity of redemption in the property by reason their status as potential heirs of Walter E. Thomas III.

WHEREFORE, the Plaintiff prays that on order enter as follows:

1. This Court authorize Plaintiff a reasonable fee for filing this action in the sum of in the sum of $600.00;

2. Approve and enter an order authorizing the Plaintiff to disburse the sum of $18,522.25 to Plaintiff in full satisfaction of its junior mortgage;

3. This Court authorize and direct Plaintiff to deposit the Surplus funds in sum of $217,018.41, **minus** any fees and costs awarded to Plaintiff and payoff of the junior mortgage into the Registry of Court;

4. Enter an order interpleading the United States of America on behalf of the Internal Revenue Service and/or the State of Rhode Island for the purposes of this motion;

5. That any parties in this action which claim a right to the Surplus funds file a claim with this Court;

6. Declare that the obligations of Plaintiff and its attorneys with respect to the Surplus funds are fully adjudicated and that Plaintiff is discharged of any liability in connection with the Surplus funds; and

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 10/10/2023 1:48 PM
Envelope: 4316875
Reviewer: Tracy K.

Case 1:23-CV-00522-JJM-PAS    Document 3    Filed 12/12/23    Page 117 of 178 PageID #: 199

7.   Such other and further relief as this Honorable Court deems meet and just

Navy Federal Credit Union

By its attorney

/s/  *Michael R. Hagopian*
_____

Dated: October 10, 2023                    Michael R. Hagopian, Esq (3448)
                                           Brock & Scott, PLLC
                                           23 Messenger St – 2nd Floor
                                           Plainville, MA 02762
                                           (401) 217-8774
                                           michael.hagopian@brockandscott.com

        22-02515

## CERTIFICATE OF SERVICE

I hereby certify that, on the __10___ day of ___October_____, 2023:
[  ] I filed and served this document through the electronic filing system on the following:

The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.
[ ] I served this document through the electronic filing system on the following:

_____.
The document electronically served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.
[ X ] I mailed or [  ] hand-delivered this document to the attorney for the opposing party and/or to:

Estate of Walter E. Thomas III, 14 Acorn Valley Way, Charlestown, RI 02813
Amber Thomas, 14 Acorn Valley Way, Charlestown, RI 02813
Walter E. Thomas IV, 50 Cutler Road, Dayville, CT 06241
Tiffany J. Skinner-DeSouza, 1352 Huckle Berry Road, Manchester, KY 40962
State of Rhode Island Division of Taxation, 1 Capitol Hill, Ste 1, Providence, RI 02908
Internal Revenue Service, 380 Westminster St, Ste 418, Providence, RI 02903

/s/  *Michael R. Hagopian*
_____
Michael R. Hagopian

STATE OF RHODE ISLAND                                    SUPERIOR COURT
WASHINGTON, SC

| | |
|---|---|
| Navy Federal Credit Union )<br>　　　Plaintiff )<br> )<br>v. )<br> )<br>Estate of Walter E. Thomas III, Tiffany )<br>L. Skinner-DeSouza, Walter E. Thomas )<br>IV, and Amber Thomas )<br>　　　Defendants )<br> ) | Case No.: WM-2022-0304 |

## ORDER TO CONFIRM FORECLOSURE SALE – JUDICIAL FORECLOSURE

The above matter was before the Honorable Judge ⟨Taft - Carter⟩ June 9, 2023 on Motion of Plaintiff, Navy Federal Credit Union, to issue an Order confirming the foreclosure sale of the property located at 14 Acorn Valley Way, Charlestown, RI 02813, RI, as otherwise described in the Mortgage (the "Property"). After hearing thereon, it is hereby

ORDERED, ADJUDGED and DECREED

1. The foreclosure sale on May 10, 2023 conducted pursuant to the Mortgage recorded with the Town of Charlestown Land Evidence Records in Book 399, at Page 11 is a valid and lawful sale of the Property in accordance with the terms and conditions of the Mortgage and Rhode Island law;

2. The foreclosure sale was fairly advertised and conducted and there is no evidence of any fraud or impropriety which would justify its being set aside;

3. The foreclosure sale is confirmed, and Plaintiff is authorized to convey and record a foreclosure deed to Jeffrey Domingoes as assigned to: an undivided 50% interest to Jeffrey A. Domingoes and Laura J. Domingoes, Trustees, or their successors in interest, of the Jeffrey A. Domingoes Revocable Living Trust dated August 30, 2018 and any amendments thereto, and an undivided 50% interest to Laura J. Domingoes and Jeffrey A. Domingoes, Trustees, or their successors in interest, of the Laura J. Domingoes Revocable Living Trust dated August 30, 2018, and any amendments

thereto., its successors or assigns, in the sum of $405,000, free and clear of any lien and encumbrances;

4. All equity of redemption is hereby foreclosed;

5. The lis pendens recorded with the City of Town of Charlestown is hereby released and discharged;

6. Plaintiff is authorized to apply the proceeds from the sale to satisfy all sums due and owing in connection with the Note and Mortgage together with its expenses, including costs and all reasonable attorneys' fees, incurred in bringing this action and conducting the foreclosure sale; and

7. The foreclosure sale was not affected by any local, state or federal foreclosure moratorium.

ENTER:                                    ORDER:

*Sarah P/Alater*                          *Christine Levy*
                                          *Deputy Clerk* 6-9-23

                                          Prepared by:

                                          /s/ *Michael R. Hagopian*

Dated: June 9, 2023                       _____
                                          Michael R. Hagopian, Esq (3448)
                                          Brock & Scott, PLLC
                                          1080 Main Street, Suite 200
                                          Pawtucket, Rhode Island 02860
                                          (401) 217-8774
                                          michael.hagopian@brockandscott.com

## CERTIFICATION OF SERVICE

I hereby certify that, on the _9___ day of _____June____, 2023:
[ ] I filed and served this document through the electronic filing system on the following:

The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.
[ ] I served this document through the electronic filing system on the following:

_____.

2

The document electronically served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

[ X ] I mailed or [   ] hand-delivered this document to the attorney for the opposing party and/or the opposing party if self-represented, at the following addresses:

Estate of Walter E. Thomas III, 14 Acorn Valley Way, Charlestown, RI 02813
Amber Thomas, 14 Acorn Valley Way, Charlestown, RI 02813
Walter E. Thomas IV, 50 Cutler Road, Dayville, CT 06241
Tiffany J. Skinner-DeSouza, 1352 Huckle Berry Road, Manchester, KY 40962

/s/ *Michael R. Hagopian*

_____
Michael R. Hagopian, Esq

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 5/24/2023 10:20 AM
Envelope: 4122014
Reviewer: Matthew H.

1:23-CV-00522-JJM-PAS    Document 3    Filed 12/12/23    Page 121 of 178 PageID #: 203



# STATE OF RHODE ISLAND

## SUPERIOR COURT

## OMNIBUS CALENDAR ASSIGNMENT FORM

| ☐ **Providence/Bristol County** | ☐ **Kent County** | ☑ **Washington County** | ☐ **Newport County** |
|---|---|---|---|

| Navy Federal Credit Union | **CASE NUMBER** WM-2022-0304 |
|---|---|
| VS. Estate of Walter E. Thomas III, et als | |

### CALENDAR TYPE MUST BE SELECTED FOR SCHEDULING PURPOSES

☑ FORMAL SPECIAL CAUSE CALENDAR ☐ BUSINESS CALENDAR ☐ DISPOSITIVE MOTION CALENDAR

### FORMAL SPECIAL CAUSE AND BUSINESS CALENDAR

| | |
|---|---|
| ☐ AGENCY APPEAL | ☐ MOTION FOR PROTECTIVE ORDER |
| ☐ ASSESSMENT OF DAMAGES | ☐ MOTION TO RECONSIDER |
| ☐ APPOINTMENT OF A SPECIAL MASTER | ☐ ORAL PROOF OF CLAIM |
| ☐ CONFIRM ARBITRATION | ☐ PETITION TO ALLOW SECURED CLAIM |
| ☐ DECLARATORY JUDGMENT | ☐ PETITION TO APPOINT TEMPORARY RECEIVER |
| ☐ ENTRY OF JUDGMENT | ☐ PROOF OF CLAIM |
| ☐ EVIDENTIARY HEARING | ☐ PETITION TO ENFORCE |
| ☐ FIRST AND FINAL REPORT | ☐ PETITION FOR INSTRUCTIONS |
| ☐ FORECLOSURE OF RIGHT OF REDEMPTION | ☐ PRELIMINARY INJUNCTION |
| ☐ FRIENDLY SUIT | ☐ APPOINTMENT OF PERMANENT SPECIAL MASTER |
| ☐ APPOINTMENT OF PERMANENT RECEIVER | ☐ PETITION TO RECLAIM |
| ☐ MOTION TO ATTACH | ☐ PARTITION PROCEEDINGS |
| ☐ MOTION FOR ATTORNEYS FEES | ☐ PETITION TO SELL |
| ☐ MOTION TO COMPEL RECEIVER | ☐ RECEIVERSHIP PROCEEDINGS |
| ☐ MOTION TO DEFAULT | ☐ SHOW CAUSE HEARING |
| ☐ MOTION FOR ENTRY OF FINAL JUDGMENT | ☐ SUPPLEMENTARY PROCEEDINGS |
| ☐ MECHANIC'S LIEN | ☐ TITLE PROCEEDINGS |
| ☐ MOTION FOR APPROVAL | ☐ TEMPORARY RESTRAINING ORDER |
| ☐ MANDATORY INJUNCTION | ☐ TRUSTEE PROCEEDINGS |
| ☐ MOTION TO ADJUDGE IN CONTEMPT | ☐ VACATE ARBITRATION |
| ☑ OTHER FORMAL MATTER (EXPLAIN) | ☐ WRIT OF MANDAMUS |
| Motion to confirm Judicial Foreclosure | ☐ WRIT OF REPLEVIN |
| ☐ OTHER BUSINESS MATTER (EXPLAIN) _____ | |

**If you require witnesses, state the estimated time frame of said hearing and attach a witness list and expected testimony to this form.**

### DISPOSITIVE MOTION CALENDAR

| | |
|---|---|
| ☐ MOTION TO DISMISS, UNDER RULE 12 | ☐ MOTION FOR PARTIAL SUMMARY JUDGMENT |
| ☐ MOTION FOR ENTRY OF JUDGMENT ON PLEADINGS | |
| ☐ OTHER DISPOSITIVE MOTION: (EXPLAIN) _____ | ☐ MOTION FOR SUMMARY JUDGMENT |

| **HEARING DATE**: June 9, 2023 at 9:30Am | **APPROVED BY**: |
|---|---|

**Failure to fill out this form properly may result in your hearing date not being approved.**

| Signature of Attorney or Self-represented Litigant /s/ Michael R. Hagopian | Address: 1080 Main Street, Pawtucket, RI 02860 |
|---|---|
| Rhode Island Bar Number: 3448 | Office Telephone Number: 401-217-8755 | Date: 5/24/3023 |

Superior-37 (revised June 2020)

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 5/24/2023 10:20 AM
Envelope: 4122014
Reviewer: Matthew H.

1:23-CV-00522-JJM-PAS      Document 3      Filed 12/12/23      Page 122 of 178 PageID
#: 204

STATE OF RHODE ISLAND                              SUPERIOR COURT
WASHINGTON, SC

| | |
|---|---|
| Navy Federal Credit Union <br>          Plaintiff | ) <br> ) <br> ) |
| v. | ) <br> ) |
| Estate of Walter E. Thomas III, Tiffany <br> L. Skinner-DeSouza, Walter E. Thomas <br> IV, and Amber Thomas <br>          Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Case No.: WM-2022-0304

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S
## MOTION TO CONFIRM FORECLOSURE SALE

Plaintiff filed a Motion to confirm a foreclosure sale in connection with Order of this Court authorizing an interlocutory foreclosure sale of the property that is secured by Plaintiff's Mortgage.

### ARGUMENT

I.    <u>The Plaintiff Complied with the Statutory Power of Sale</u>

There is no dispute that Defendant, Estate of Walter E. Thomas III executed a Note and Mortgage as set forth in Plaintiff's Complaint. There is also no dispute that Estate of Walter E. Thomas III, its heirs successors or assigns are in default of the Note and Mortgage by reason of their failure to make timely principal and interest payments in connection with such obligation. The allegations set forth in the Verified Complaint support the fact that the loan obligation is in default. The Judgment and interlocutory Order entered by the Court authorizing a foreclosure sale of the property, subject to confirmation by this Court, entitled the Plaintiff to commence a foreclosure sale under the Statutory Power of Sale.

The Statutory Power of Sale is set forth in RIGL §34-11-22. The mortgagee is required to comply with these requirements for a valid foreclosure sale. RIGL §34-27-4, sets forth the requirements necessary to publish a statutory mortgagee foreclosure sale. In addition, the foreclosure sale must be advertised in accordance with RIGL §34-27-5. The Affidavit of Sale

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 5/24/2023 10:20 AM
Envelope: 4122014
Reviewer: Matthew H.

3-CV-00522-JJM-PAS    Document 3    Filed 12/12/23    Page 123 of 178 PageID
#: 205

annexed to the foreclosure deed sets forth compliance with the Statutory Power of Sale in the form proscribed by RIGL §34-11-12.

II.    <u>The Foreclosure Sale Was Valid as a Matter of Law</u>

Rhode Island Courts consider it a delicate matter to interfere with a foreclosure sale where the mortgagee has acted within the letter of its' power of sale in a mortgage. <u>Rhode Island Cent. Credit Union v. Pazienza</u>, 572 A.2d 296, 297 (RI 1990). Absent "any evidence of fraud or of gross inadequacy of price or of any circumstances which might combine with inadequacy of price to support an inference that the mortgagees had overreached the mortgagor" a foreclosure sale should be upheld as fair and valid. <u>Woolley v. Tougas</u>, 61 RI 434 (1938). While inadequacy of price alone is not sufficient to set aside a foreclosure sale, a disparity in price would need to "shock the conscience" in order for the Court to consider it, with other factors, in determining whether the sale was "so unjust and inequitable as to justify its being set aside". <u>Cedrone. v. Warwick Federal Savings and Loan Association</u>, 459 A.2d 944, 946 (RI 1983 (Citing <u>Anderson v. Anderson</u>, 107 RI 202 (1970)); <u>Galvin v. Newton</u>, 19 RI 176 (1896); <u>Beacon Hill Land Co. v. Bowen</u>, 33 RI 404 (1912) (land sold by auction under a power of sale in a mortgage is seldom sold for fair market value). Even if the amount realized at a foreclosure sale is less than fair market value, the sale should not be disturbed short of fraud or impropriety in connection with the sale. <u>Rhode Island Depositors Economic Protection Corp. v. Macomber</u>, 658 A.2d 511 (RI 1995).

Pursuant to the terms of the Mortgage and the Order of this Court, Plaintiff, as mortgagee of the Mortgage, was entitled to invoke the statutory power of sale and foreclose the Mortgage. There was no impropriety in the foreclosure sale, it was conducted in strict compliance with the Statutory Power of Sale and the price realized does not "shock the conscience". As such, the foreclosure sale is valid and should be confirmed as a valid foreclosure sale.

III.    <u>Plaintiff is entitled to confirmation of the foreclosure auction</u>

Pursuant to RIGL §34-27-1, a person entitled to foreclose the equity of redemption in any mortgaged estate may enforce same through an Order of the Court. Plaintiff has elected to proceed through judicial means, specifically seeking an Order of this Court authorizing a sale in

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 5/24/2023 10:20 AM
Envelope: 4122014
Reviewer: Matthew H.

1:23-CV-00522-JJM-PAS    Document 3    Filed 12/12/23    Page 124 of 178 PageID #: 206

accordance with Rhode Island law rather than by proceeding in a non-judicial sale. As requested in the Plaintiff's request for an Order permitted it to proceed to a sale as provided in the Mortgage, any sale authorized by this Court will be subject to confirmation by the Court after the sale. Plaintiff seeks confirmation of the sale at this time. As set forth in the Motion, Plaintiff has complied with the Court Order, the terms of the mortgage and the statutory requirements for a foreclosure sale. Therefore, Plaintiff is entitled to an Order confirming the foreclosure sale. See Ocwen Loan Servicing LLC v. Medina, Slip Op. March 25, 2021 (RI Supreme Court No. 2019-241)

IV.    The provisions of RIGL § 34-27-3.2 do not apply to these proceedings

Since this action to foreclose the mortgage was commenced judicially, the foreclosure mediation provisions of RIGL § 34-27-3.2 do not apply. Although RIGL § 34-27-3.2(d) requires mediation prior to initiation of foreclosure of real estate pursuant to § 34-27-4(b) (the non-judicial foreclosure statute), it does not apply to judicial foreclosures. The Legislature clarified this point in RIGL § 34-27-3.2(d)(5) where the statute excludes judicial foreclosure from the requirements of this section. This position is also supported by Banking Regulation 5 Section 4 B(vii), which permits a mortgagee to proceed to foreclosure without providing a Notice of Mediation Conference to the mortgagor. See Medina pages 6-9.

V.    Conclusion

For the reasons set forth in the motion and memorandum filed herein, Plaintiff requests that the foreclosure sale conducted by the Plaintiff be confirmed and the foreclosure deed deemed a valid transfer of the Property once duly recorded.

Plaintiff
By its attorney

/s/ *Michael R. Hagopian*

Dated: May 24, 2023

Michael R. Hagopian, Esq (3448)
Brock & Scott, PLLC
1080 Main Street, Suite 200
Pawtucket, Rhode Island 02860
(401) 217-8774
michael.hagopian@brockandscott.com

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 5/24/2023 10:20 AM
Envelope: 4122014
Reviewer: Matthew H.

1:23-CV-00522-JJM-PAS    Document 3    Filed 12/12/23    Page 125 of 178 PageID #: 207

CERTIFICATION OF SERVICE

I hereby certify that, on the __24__ day of _____May____, 2023:

[ ] I filed and served this document through the electronic filing system on the following:

The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

[ ] I served this document through the electronic filing system on the following:

_____.

The document electronically served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

[ X ] I mailed or [ ] hand-delivered this document to the attorney for the opposing party and/or the opposing party if self-represented, at the following addresses:

Estate of Walter E. Thomas III, 14 Acorn Valley Way, Charlestown, RI 02813
Amber Thomas, 14 Acorn Valley Way, Charlestown, RI 02813
Walter E. Thomas IV, 50 Cutler Road, Dayville, CT 06241
Tiffany J. Skinner-DeSouza, 1352 Huckle Berry Road, Manchester, KY 40962

/s/ *Michael R. Hagopian*

_____

Michael R. Hagopian, Esq





**USPS CERTIFIED MAIL**

9207 1969 0043 7100 0505 0191 16



2-796-16161-0000014-001-000-000-000-000
Estate of WALTER E THOMAS III
14 ACORN VALLEY WAY
CHARLESTOWN RI  02813-6107

# EXHIBIT A

RE:  Loan No. ██████████

Property Address:

**14 ACORN VALLEY WAY
CHARLESTOWN RI  02813-6107**

November 08, 2021

### NOTICE OF DEFAULT AND INTENT TO ACCELERATE

Estate of Walter E Thomas Iii:

Navy Federal Credit Union (herein as "Navy Federal") is currently servicing the mortgage loan that is secured by the above-referenced property. You are hereby formally notified that the mortgage loan associated with the referenced Deed of Trust/Mortgage is in default for failure to pay amounts due.

The loan payment and subsequent payments, plus late charges, fees, and other costs, was due on June 01, 2019. As of the date of this notice, the total delinquency and reinstatement amount is $60,183.58, which consists of the following:

| | |
|---|---|
| Next Payment Due Date: | June 01, 2019 |
| Current Monthly Payment: | $1,640.36 |
| Total Monthly Payments Due: | $50,235.38 |
| Late Charges: | $1,569.90 |
| Other Charges:  Uncollected NSF Fees: | $0.00 |
| Other Fees: | $0.00 |
| Corporate Advance Balance: | $8,378.30 |
| | |
| **TOTAL REQUIRED TO CURE DEFAULT:** | $60,183.58 |

796-2000-0913F

Page 1 of 3

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 5/24/2023 10:20 AM
Envelope: 4122014
Reviewer: Matthew H.

3-CV-00522-JJM-PAS    Document 3    Filed 12/12/23    Page 127 of 178 PageID #: 209

**It is possible that after payment of the amounts detailed above, there may be other fees still due and owing, including but not limited to other fees, escrow advances, or corporate advances that Navy Federal paid on behalf of the borrower or advanced to the account. Navy Federal is not waiving its right to collect such additional fees either now or in the future.**

This notice is a formal demand to pay $60,183.58.

If the loan is more than 120 days delinquent and the default, together with additional payments that subsequently become due, is not cured by December 13, 2021, Navy Federal may take steps to accelerate the maturity date of the account, declare the total balance immediately due and payable, and terminate your ownership in the property by a foreclosure proceeding, filing the Notice of Default in the land records or other action to seize the property.

IF YOU ARE UNABLE TO BRING THE ACCOUNT CURRENT, Navy Federal offers member assistance programs designed to help resolve delinquencies and avoid FORECLOSURE. These services are provided without cost to our members. You may be eligible for a loan workout plan. If you would like to learn more about these programs, please contact our Member Outreach Team, your single point of contact, toll-free at 1-888-503-7102, Option 4, weekdays between 8:00 am and 6:30 pm, Eastern Time. Additionally, you can reach us via email at **Mortgage_Collection_Loss_Mitigation@navyfederal.org** or by mail at 820 Follin Lane SE, Vienna, VA 22180-4907. WE ARE VERY INTERESTED IN ASSISTING YOU.

The default above can be cured by payment of the total delinquency and reinstatement amount plus any additional payments and fees that become due by December 13, 2021. Note that in addition to the regular monthly payments, additional charges, costs, and fees may become due during the period between the date of this notice and the date the aforementioned payments are due. To obtain updated payment information please call our Collections Department at **1-800-258-5948** Monday through Friday from 8:00 am to 11:00 pm and Saturday from 8:00 am to 4:30 pm, Eastern Time.

Please include the loan number and property address with the payment and send it to Navy Federal Credit Union, PO Box 3300, Merrifield, VA 22119-3300.

You may also make a payment by wire transfer using the information listed below.

| | |
|---|---|
| Financial Institution: | Navy Federal Credit Union |
| ABA/Routing No.: | 2560-7497-4 |
| Account No.: | ███████ |

If you wish to dispute the delinquency, or if you dispute the calculation of the delinquency and reinstatement amount, you may contact our Collections Department at 1-800-258-5948.

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 5/24/2023 10:20 AM
Envelope: 4122014
Reviewer: Matthew H.

Case 2:23-CV-00522-JJM-PAS    Document 3    Filed 12/12/23    Page 128 of 178 PageID #: 210

If you would like additional information or to report an error related to this matter, please write to Navy Federal Credit Union, Mortgage Servicing Error Resolution and Information Request, PO Box 3302, Merrifield, VA 22119-3302.

You have the right to reinstate the loan after acceleration. You also have the right to bring a court action to assert the non-existence of a default or any other defense to acceleration or foreclosure sale.

For your benefit and assistance, there are government approved homeownership counseling agencies designed to help homeowners avoid losing their homes. To obtain a list of approved counseling agencies you can access the Consumer Financial Protection Bureau's contact for housing counselors at **http://www.consumerfinance.gov/find-a-housing-counselor/** or by calling the Department of Housing and Urban Development at 1-800-569-4287.

This matter is very important. Please give it your immediate attention. Failure to respond to this notice may result in the loss of the property.

Sincerely,

Navy Federal Credit Union

**This is an attempt to collect a debt, and any information obtained will be used for that purpose. If you have filed for bankruptcy, you may no longer be personally liable for this debt. In that case, this notice is purely informational, based on your contact with us, and not an attempt to collect a debt. Please contact your bankruptcy attorney with any questions.**



Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 5/24/2023 10:20 AM
Envelope: 4122014
Reviewer: Matthew N.

1:23-CV-00522-JJM-PAS    Document 3    Filed 12/12/23    Page 129 of 178 PageID
#: 211

## NAVY FEDERAL ⊕
## Credit Union ®

November 8, 2021

Estate of Walter E Thomas III
14 Acorn Valley Way
Charlestown, RI 02813

FORM 34-27-3.2

| NOTICE OF MEDIATION CONFERENCE PURSUANT TO |
| R.I. GEN. LAWS § 34-27-3.2 |

### THIS IS NOT AN EVICTION NOTICE

This Notice is provided to you to inform you of the protections provided by R.I. Gen. Laws § 34-27-3.2 of The Rhode Island Mortgage Foreclosure and Sale Act.

**TO ASSIST YOU IN AVOIDING FORECLOSURE, YOU HAVE THE RIGHT TO A FREE, IN-PERSON OR TELEPHONE MEDIATION CONFERENCE WITH AN INDEPENDENT MEDIATION COORDINATOR. THE MORTGAGEE MAY NOT FORECLOSE UNLESS IT PROVIDES YOU THE OPPORTUNITY TO PARTICIPATE IN THE MEDIATION CONFERENCE, WHICH MUST BE SCHEDULED WITHIN SIXTY (60) DAYS OF THE RECEIPT OF A COMPLETED NOTICE OF MEDIATION, SINGLE POINT OF CONTACT INFORMATION FOR THE MORTGAGEE, AND PAYMENT INTIATING THE MEDATION PROCESS HAS BEEN RECEIVED BY THE MEDIATION COORDINATOR. YOU WILL BE CONTACTED BY A FORECLOSURE MEDIATION COORDINATOR TO SCHEDULE THAT MEDIATION CONFERENCE.**

**Name of Mortgagor:** Walter E Thomas III            **Phone #** 401-364-1288
**Mortgage Loan Number:** ███████████
**Address of Residential Real Estate:** 14 Acorn Valley Way, Charlestown, RI 02813

Date of Default: 06/02/2019
Date of release of loan from automatic stay in bankruptcy proceedings if applicable: N/A
Date of release of loan from protections of the Servicemembers Civil Relief Act, 50 U.S.C. App. § 501 et seq., or R.I. Gen. Laws § 34-27-4(d) if applicable: N/A
The mortgagee named below ("Mortgagee") hereby notifies you that you are in Default on your mortgage. If you fail to remedy this Default, the Mortgagee has the right to foreclose on the real estate securing the mortgage loan referenced in this Notice.

**Mortgagee: Navy Federal Credit Union**
**Mortgage Address:**
Street: **820 Follin Lane SE**
City, State, Zip Code: **Vienna, VA 22180-4907**

**Mortgagee Authorized Representative: Stacy Jennings**
Date Mailed: November 8, 2021

| Certified Article Number |
| 9414 7266 9904 2173 5725 49 |
| SENDER'S RECORD |

Estate of WALTER E THOMAS III
14 ACORN VALLEY WAY
CHARLESTOWN RI 02813

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 5/24/2023 10:20 AM
Envelope: 4122014
Reviewer: Matthew H.

23-CV-00522-JJM-PAS    Document 3    Filed 12/12/23    Page 130 of 178 PageID #: 212

**Contact Information for Mortgagee Authorized Representative:**
Telephone: **1-800-258-5948 x74694**    Email: **Stacy_Jennings@navyfederal.org**

cc: **Mediation Coordinator: William Martinelli**

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 5/24/2023 10:20 AM
Envelope: 4122014
Reviewer: Ma...
1:23-CV-00522-JJM-PAS    Document 3    Filed 12/12/23    Page 131 of 178 PageID
#: 213

**NAVY FEDERAL** 🌐
**Credit Union**

FORMULARIO 34-27-3.2

| NOTIFICACIÓN DE REUNIÓN DE MEDIACIÓN SEGÚN EL § 34-27-3.2 DE LAS LEYES GENERALES DE RHODE ISLAND (R.I.) |
|---|

### ESTO NO ES UN AVISO DE DESALOJO

Esta notificación se le proporciona para informarle sobre la protección que proveen las Leyes Generales de R.I. en el § 34-27-3.2 de la Mortgage Foreclosure and Sale Act (Ley de Ejecuciones Hipotecarias y Ventas) del estado de Rhode Island.

**PARA AYUDARLO A EVITAR LA EJECUCIÓN HIPOTECARIA, USTED TIENE DERECHO A UNA REUNIÓN DE MEDIACIÓN GRATUITA CON UN COORDINADOR DE MEDIACIÓN INDEPENDIENTE. DICHA REUNIÓN SE PODRÁ EFECTUAR PERSONALMENTE O POR TELÉFONO. EL ACREEDOR HIPOTECARIO NO PODRÁ EJECUTAR LA HIPOTECA SIN HABERLE PROPORCIONADO LA OPORTUNIDAD DE PARTICIPAR EN LA REUNIÓN DE MEDIACIÓN, LA CUAL DEBE ESTAR PROGRAMADA DENTRO DE LOS SESENTA (60) DÍAS DE RECIBIR EL AVISO DE CONFERENCIA DE MEDIACIÓN COMPLETO, PUNTO DE CONTACTO ÚNICO DEL ACREEDOR HIPOTECARIO , Y EL PAGO PARA EL INICIO DEL PROCESO DE MEDIACIÓN. USTED SERÁ CONTACTADO POR UN COORDINADOR DE MEDIACIÓN DE EJECUCIONES HIPOTECARIAS PARA PROGRAMMAR LA CONFERENCIA DE MEDIACIÓN.**

**Nombre del cliente:** Walter E Thomas III          **Teléfono:** 401-364-1288
**Ref.:** ███████████
**Escriba la Dirección de la Propiedad Resindencial:** 14 Acorn Valley Way, Charlestown, RI 02813

Fecha de Defecto: 06/02/2019
Fecha de liberación de préstamo de la suspensión, automática en un procedimiento de quiebra, si es aplicable: No aplicable
Fecha de liberación de la hipoteca de la protección de la ley general Servicemembers Civil Relief Act, 50 U.S.C. App. § 501 et seq., or R.I. Gen. Laws § 34-27-4(d), si corresponde: No aplicable
Por la presente, el acreedor hipotecario nombrado a continuación ("Acreedor hipotecario") lo notifica que usted está en mora en los pagos de su hipoteca. Si no soluciona esta mora, el Acreedor hipotecario tiene derecho a ejecutar la hipoteca de la propiedad que garantiza el préstamo hipotecario citado en la referencia de esta notificación.

**Acreedor hipotecario: Navy Federal Credit Union**
**Dirección del Acreedor hipotecario:**
**Calle: 820 Follin Lane SE**
**Ciudad, estado y código postal: Vienna, VA 22180-4907**

**Representante autorizado del Acreedor hipotecario: Stacy Jennings**
Fecha de envoi postal: November 8, 2021

**Información de contacto del representante autorizado del Acreedor hipotecario:**
**Teléfono: 1-800-258-5948 x74694**

Page 3 of 5

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 5/24/2023 10:20 AM
Envelope: 4122014
Reviewer: Matthew H.

Dirección de correo electrónico: **Stacy_Jennings@navyfederal.org**
cc: **Coordinador de Mediación: William Martinelli**

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 5/24/2023 10:20 AM
Envelope: 4122014
Reviewer: Ma

1:23-CV-00522-JJM-PAS    Document 3    Filed 12/12/23    Page 133 of 178 PageID
#: 215


**NAVY FEDERAL** Credit Union

FORMULÁRIO 34-27-3.2

| NOTIFICAÇÃO DE CONFERÊNCIA DE MEDIAÇÃO CONFORME LEIS R.I. GEN. § 34-27-3.2 |
|---|

## ISTO NÃO É UM AVISO DE DESPEJO

Esta Notificação destina-se a informar-lhe as proteções fornecidas pelas leis R.I. Gen. § 34-27-3.2 de Execução Hipotecária e a Lei de Venda de Valores Imobiliários de Rhode Island.

**PARA AJUDAR-ILE A EVITAR O EMBARGO (FORECLOSURE) DA SUA CASA, INFORMAMOS-IHE QUE TEM O DIREITO A UMA CONFERÊNCIA DE MEDIAÇÃO, GRATUITA SEJA VIA TELEFÓNICA SEJA PESSOALMENTE COM UM COORDENADOR INDEPENDENTE DE MEDIAÇÃO. O CREDOR HIPOTECARIO NÃO PODE EMBARGAR ATÉ DAR-LHE A OPORTUNIDADE DE PARTICIPAR NESTA CONFERENCIA A QUAL SERÁ MARCADA NO PERIODO DE SESSENTA (60) DIAS DESDE OU AO RECEBERMOS O AVISO DE CONFERÊNCIA DE MEDIAÇÃO PREENCHIDO E ASSINALANDO O PEDIDO DE INFORMAÇÁO DE UM CONTACTO PARA O CREDOR, OU O PAGO INICIAL REQUERIDO SEJA RECEBIDO PELO MEDIODOR UM COORDENADOR IRÁ CONTACTAR-LHE PARA MARCAR A DATA DESTA MEDIAÇÃO.**

**Nome do cliente:** Walter E Thomas III        **Telefone:** 401-364-1288
**Re:** ▮▮▮▮▮▮▮
**Endereço de Imóveis Residenciais:** 14 Acorn Valley Way, Charlestown, RI 02813

Data de delinquência: 06/02/2019
Data em que o empréstimo foi liberado da suspensão automática de falência, se aplicável: Não aplicável
Data da exoneração da hipoteca da proteção conferida pela lei dos Estados Unidos da America e do Estado de Rhode Island (Servicemembers Civil Relief Act, 50 U.S.C. App § 501 et seq. or R.I. Gen. Laws § 34-27-4(d)), se aplicave: Não aplicável
O Crédito Imobiliário denominada abaixo ("Créditos Imobiliários") por este instrument notifica –se que está inadimplente em sua hipoteca. Se você falhar em corrigir tal inadimplência, Créditos Imobiliários têm o direito de executar o empréstimo de hipoteca consistente dos bens imóveis relacionados nesta notificação.

**Créditos Imobiliários:** Navy Federal Credit Union
**Endereço de Créditos Imobiliários:**
Rua: **820 Follin Lane SE**
Cidade, Estado, CEP: **Vienna, VA 22180-4907**

Certified Article Number

9414 7266 9904 2173 5725 56

SENDER'S RECORD

**Representante Autorizado de Créditos Imobiliários: Stacy Jennings**
Data de envio: November 8, 2021

**Informações de Contato para Representante Autorizado de Créditos Imobiliários:**
Telefone: **1-800-258-5948 x 74694**        Email: **Stacy_Jennings@navyfederal.org**
cc: **Coordenador de Mediação: William Martinelli**

RHODE ISLAND HOUSING & MORTGAGE FINANCE CORPORATION
44 WASHINGTON ST
PROVIDENCE RI 02903

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 5/24/2023 10:20 AM
Envelope: 4122014
Reviewer: Ma...

1:23-CV-00522-JJM-PAS    Document 3    Filed 12/12/23    Page 134 of 178 PageID
#: 216



**NAVY**
**FEDERAL** ⊕
**Credit Union** ®

November 8, 2021

Estate of Walter E Thomas III
14 Acorn Valley Way
Charlestown, RI 02813

**FORM 34-27-3.2**

| NOTICE OF MEDIATION CONFERENCE PURSUANT TO R.I. GEN. LAWS § 34-27-3.2 |
|---|

### THIS IS NOT AN EVICTION NOTICE

This Notice is provided to you to inform you of the protections provided by R.I. Gen. Laws § 34-27-3.2 of The Rhode Island Mortgage Foreclosure and Sale Act.

**TO ASSIST YOU IN AVOIDING FORECLOSURE, YOU HAVE THE RIGHT TO A FREE, IN-PERSON OR TELEPHONE MEDIATION CONFERENCE WITH AN INDEPENDENT MEDIATION COORDINATOR. THE MORTGAGEE MAY NOT FORECLOSE UNLESS IT PROVIDES YOU THE OPPORTUNITY TO PARTICIPATE IN THE MEDIATION CONFERENCE, WHICH MUST BE SCHEDULED WITHIN SIXTY (60) DAYS OF THE RECEIPT OF A COMPLETED NOTICE OF MEDIATION, SINGLE POINT OF CONTACT INFORMATION FOR THE MORTGAGEE, AND PAYMENT INTIATING THE MEDATION PROCESS HAS BEEN RECEIVED BY THE MEDIATION COORDINATOR. YOU WILL BE CONTACTED BY A FORECLOSURE MEDIATION COORDINATOR TO SCHEDULE THAT MEDIATION CONFERENCE.**

**Name of Mortgagor:** Walter E Thomas III          **Phone #** 401-364-1288
**Mortgage Loan Number:** ███████████
**Address of Residential Real Estate:** 14 Acorn Valley Way, Charlestown, RI 02813

Date of Default: 06/02/2019
Date of release of loan from automatic stay in bankruptcy proceedings if applicable: N/A
Date of release of loan from protections of the Servicemembers Civil Relief Act, 50 U.S.C. App. § 501 et seq., or R.I. Gen. Laws § 34-27-4(d) if applicable: N/A
The mortgagee named below ("Mortgagee") hereby notifies you that you are in Default on your mortgage. If you fail to remedy this Default, the Mortgagee has the right to foreclose on the real estate securing the mortgage loan referenced in this Notice.

**Mortgagee: Navy Federal Credit Union**
**Mortgage Address:**
Street: **820 Follin Lane SE**
City, State, Zip Code: **Vienna, VA 22180-4907**

**Mortgagee Authorized Representative: Stacy Jennings**
Date Mailed: November 8, 2021

Page 1 of 5

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 5/24/2023 10:20 AM
Envelope: 4122014
Reviewer: Matthew H.

Case 1:23-CV-00522-JJM-PAS     Document 3     Filed 12/12/23     Page 135 of 178 PageID #: 217

**Contact Information for Mortgagee Authorized Representative:**
Telephone: **1-800-258-5948 x74694**     Email: **Stacy_Jennings@navyfederal.org**

cc: **Mediation Coordinator: William Martinelli**

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 5/24/2023 10:20 AM
Envelope: 4122014
Reviewer: Ma...

...3-CV-00522-JJM-PAS    Document 3    Filed 12/12/23    Page 136 of 178 PageID
#: 218

**NAVY FEDERAL** ⊕
**Credit Union** ®

FORMULARIO 34-27-3.2

| NOTIFICACIÓN DE REUNIÓN DE MEDIACIÓN SEGÚN EL § 34-27-3.2 DE LAS LEYES GENERALES DE RHODE ISLAND (R.I.) |
|---|

### ESTO NO ES UN AVISO DE DESALOJO

Esta notificación se le proporciona para informarle sobre la protección que proveen las Leyes Generales de R.I. en el § 34-27-3.2 de la Mortgage Foreclosure and Sale Act (Ley de Ejecuciones Hipotecarias y Ventas) del estado de Rhode Island.

**PARA AYUDARLO A EVITAR LA EJECUCIÓN HIPOTECARIA, USTED TIENE DERECHO A UNA REUNIÓN DE MEDIACIÓN GRATUITA CON UN COORDINADOR DE MEDIACIÓN INDEPENDIENTE. DICHA REUNIÓN SE PODRÁ EFECTUAR PERSONALMENTE O POR TELÉFONO. EL ACREEDOR HIPOTECARIO NO PODRÁ EJECUTAR LA HIPOTECA SIN HABERLE PROPORCIONADO LA OPORTUNIDAD DE PARTICIPAR EN LA REUNIÓN DE MEDIACIÓN, LA CUAL DEBE ESTAR PROGRAMADA DENTRO DE LOS SESENTA (60) DÍAS DE RECIBIR EL AVISO DE CONFERENCIA DE MEDIACIÓN COMPLETO, PUNTO DE CONTACTO ÚNICO DEL ACREEDOR HIPOTECARIO , Y EL PAGO PARA EL INICIO DEL PROCESO DE MEDIACIÓN. USTED SERÁ CONTACTADO POR UN COORDINADOR DE MEDIACIÓN DE EJECUCIONES HIPOTECARIAS PARA PROGRAMMAR LA CONFERENCIA DE MEDIACIÓN.**

**Nombre del cliente:** Walter E Thomas III          **Teléfono:** 401-364-1288
**Ref.:** ███████████
**Escriba la Dirección de la Propiedad Resindencial:** 14 Acorn Valley Way, Charlestown, RI 02813

Fecha de Defecto: 06/02/2019
Fecha de liberación de préstamo de la suspensión, automática en un procedimiento de quiebra, si es aplicable: No aplicable
Fecha de liberación de la hipoteca de la protección de la ley general Servicemembers Civil Relief Act, 50 U.S.C. App. § 501 et seq., or R.I. Gen. Laws § 34-27-4(d), si corresponde: No aplicable
Por la presente, el acreedor hipotecario nombrado a continuación ("Acreedor hipotecario") lo notifica que usted está en mora en los pagos de su hipoteca. Si no soluciona esta mora, el Acreedor hipotecario tiene derecho a ejecutar la hipoteca de la propiedad que garantiza el préstamo hipotecario citado en la referencia de esta notificación.

**Acreedor hipotecario: Navy Federal Credit Union**
**Dirección del Acreedor hipotecario:**
Calle: **820 Follin Lane SE**
Ciudad, estado y código postal: **Vienna, VA 22180-4907**

**Representante autorizado del Acreedor hipotecario: Stacy Jennings**
Fecha de envoi postal: November 8, 2021

**Información de contacto del representante autorizado del Acreedor hipotecario:**
Teléfono: **1-800-258-5948 x74694**

Page 3 of 5

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 5/24/2023 10:20 AM
Envelope: 4122014
Reviewer: Matthew H.

Dirección de correo electrónico: **Stacy_Jennings@navyfederal.org**
cc: **Coordinador de Mediación**: **William Martinelli**

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 5/24/2023 10:20 AM
Envelope: 4122014
Reviewer: Ma...

WC-2023-CV-00522-JJM-PAS    Document 3    Filed 12/12/23    Page 138 of 178 PageID #: 220



**NAVY FEDERAL**
Credit Union®

**FORMULÁRIO 34-27-3.2**

| NOTIFICAÇÃO DE CONFERÊNCIA DE MEDIAÇÃO CONFORME LEIS R.I. GEN. § 34-27-3.2 |
|---|

### ISTO NÃO É UM AVISO DE DESPEJO

Esta Notificação destina-se a informar-lhe as proteções fornecidas pelas leis R.I. Gen. § 34-27-3.2 de Execução Hipotecária e a Lei de Venda de Valores Imobiliários de Rhode Island.

**PARA AJUDAR-ILE A EVITAR O EMBARGO (FORECLOSURE) DA SUA CASA, INFORMAMOS-IHE QUE TEM O DIREITO A UMA CONFERÊNCIA DE MEDIAÇÃO, GRATUITA SEJA VIA TELEFÓNICA SEJA PESSOALMENTE COM UM COORDENADOR INDEPENDENTE DE MEDIAÇÃO. O CREDOR HIPOTECARIO NÃO PODE EMBARGAR ATÉ DAR-LHE A OPORTUNIDADE DE PARTICIPAR NESTA CONFERENCIA A QUAL SERÁ MARCADA NO PERIODO DE SESSENTA (60) DIAS DESDE OU AO RECEBERMOS O AVISO DE CONFERÊNCIA DE MEDIAÇÃO PREENCHIDO E ASSINALANDO O PEDIDO DE INFORMAÇÃO DE UM CONTACTO PARA O CREDOR, OU O PAGO INICIAL REQUERIDO SEJA RECEBIDO PELO MEDIODOR UM COORDENADOR IRÁ CONTACTAR-LHE PARA MARCAR A DATA DESTA MEDIAÇÃO.**

**Nome do cliente:** Walter E Thomas III          **Telefone:** 401-364-1288
**Re:** ████████
**Endereço de imóveis Residenciais:** 14 Acorn Valley Way, Charlestown, RI 02813

Data de delinquência: 06/02/2019
Data em que o empréstimo foi liberado da suspensão automática de falência, se aplicável: Não aplicável
Data da exoneração da hipoteca da proteção conferida pela lei dos Estados Unidos da America e do Estado de Rhode Island (Servicemembers Civil Relief Act, 50 U.S.C. App § 501 et seq. or R.I. Gen. Laws § 34-27-4(d)), se aplicave: Não aplicável
O Crédito Imobiliário denominada abaixo ("Créditos Imobiliários") por este instrument notifica –se que está inadimplente em sua hipoteca. Se você falhar em corrigir tal inadimplência, Créditos Imobiliários têm o direito de executar o empréstimo de hipoteca consistente dos bens imóveis relacionados nesta notificação.

**Créditos Imobiliários: Navy Federal Credit Union**
**Endereço de Créditos Imobiliários:**
Rua: **820 Follin Lane SE**
Cidade, Estado, CEP: **Vienna, VA 22180-4907**

**Representante Autorizado de Créditos Imobiliários: Stacy Jennings**
Data de envio: November 8, 2021

**Informações de Contato para Representante Autorizado de Créditos Imobiliários:**
Telefone: **1-800-258-5948 x 74694**          Email: **Stacy_Jennings@navyfederal.org**
cc: **Coordenador de Mediação: William Martinelli**

Page 5 of 5

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 5/24/2023 10:47 AM
Envelope: 4122014
Reviewer: Matthew H.

Case 1:23-cv-00522-IJM-PAS    Document 3    Filed 12/12/23    Page 139 of 178 PageID #: 221

**EXHIBIT B**



**BROCK & SCOTT** PLLC

**Consumer Hotline**
844-856-6646
**Phone:**
401-217-8701

1080 Main Street, Suite 200, Pawtucket, RI 02860
ConsumerContact@brockandscott.com
www.brockandscott.com

**Fax:**
401-217-8702

March 16, 2023

Estate of Walter E. Thomas, III
14 Acorn Valley Way
Charlestown, RI 02813-6107

RE:     14 Acorn Valley Way, Charlestown, RI 02813
        B&S File No.: 22-02515 FC01

Dear Madam or Sir:

This office has been retained by Federal Home Loan Mortgage Corporation as successor-in-interest to Navy Federal Credit Union, its successors and/or assigns, in connection with the mortgage loan on the above-referenced property.

I have enclosed a copy of a mortgagee's notice of foreclosure sale which indicates that the above-referenced property is to be sold at a foreclosure sale to be held at the time and place set forth therein.

The mortgagee reserves the right to pursue any deficiency remaining after foreclosure, if allowed by law.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. IF YOU: ARE A DEBTOR IN AN ACTIVE BANKRUPTCY CASE; ARE UNDER THE PROTECTION OF A BANKRUPTCY STAY; OR, HAVE RECEIVED A DISCHARGE IN BANKRUPTCY AND YOU HAVE NOT REAFFIRMED THE DEBT, THIS NOTICE IS FOR INFORMATIONAL PURPOSES ONLY AND SHOULD NOT BE CONSTRUED AS AN ATTEMPT TO COLLECT A DEBT FROM YOU PERSONALLY.**

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 5/24/2023 10:20 AM
Envelope: 4122014
Reviewer: Matthew H.

Case 1:23-CV-00522-JJM-PAS   Document 3   Filed 12/12/23   Page 140 of 178 PageID #: 222

## NOTICE REGARDING SERVICEMEMBERS' RIGHTS

NOTE: It should be noted that although the statute provision below refers to a period of nine (9) months after military service, federal law has increased that time period to one (1) year after military service.

**A servicemember on active duty or deployment or who has recently ceased such duty or deployment has certain rights under subsection 34-27-4(d) of the Rhode Island general laws set out below. To protect your rights if you are such a servicemember, you should give written notice to the servicer of the obligation or the attorney conducting the foreclosure, prior to the sale, that you are a servicemember on active duty or deployment or who has recently ceased such duty or deployment. This notice may be given on your behalf by your authorized representative. If you have any questions about this notice, you should consult with an attorney.**

(d) Foreclosure sales affecting servicemembers.-

(1) The following definitions shall apply to this subsection and to subsection (c):

(i) "Servicemember" means a member of the army, navy, air force, marine corps, or coast guard and members of the national guard or reserves called to active duty.

(ii) "Active duty" has the same meaning as the term is defined in 10 U.S.C. sections 12301 through 12304. In the case of a member of the national guard, or reserves "active duty" means and includes service under a call to active service authorized by the president or the secretary of defense for a period of time of more than thirty (30) consecutive days under 32 U.S.C. section 502(f), for the purposes of responding to a national emergency declared by the president and supported by federal funds.

(2) This subsection applies only to an obligation on real and related personal property owned by a service member that:

(i) Originated before the period of the servicemember's military service or in the case of a member of the national guard or reserves originated before being called into active duty and for which the servicemember is still obligated; and

(ii) Is secured by a mortgage or other security in the nature of a mortgage.

(3) Stay of right to foreclose by mortgagee. – Upon receipt of written notice from the mortgagor or mortgagor's authorized representative that the mortgagor is participating in active duty or deployment or that the notice as provided in subsection (c) was received within nine (9) months of completion of active duty or deployment, the mortgagee shall be barred from proceeding with the execution of sale of the property as defined in the notice until such nine (9) month period has lapsed or until the mortgagee obtains court approval in accordance with subdivision (d)(5) below.

(4) Stay of proceedings and adjustment of obligation. – In the event a mortgagee proceeds with foreclosure of the property during, or within nine (9) months after a servicemember's period of active duty or deployment notwithstanding receipt of notice contemplated by subdivision (d)(3) above, the servicemember or his or her authorized representative may file a petition against the mortgagee seeking a stay of such foreclosure, after a hearing on such petition, and on its own motion, the court may:

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 5/24/2023 10:20 AM
Envelope: 4122014
Reviewer: Matthew H.

3-CV-00522-JJM-PAS    Document 3    Filed 12/12/23    Page 141 of 178 PageID
#: 223

(i) Stay the proceedings for a period of time as justice and equity require; or

(ii) Adjust the obligation as permitted by federal law to preserve the interests of all parties.

(5) Sale or foreclosure.- A sale, foreclosure or seizure of property for a breach of an obligation of a servicemember who is entitled to the benefits under subsection (d) and who provided the mortgagee with written notice permitted under subdivision (d)(3) shall not be valid if made during, or within nine (9) months after, the period of the servicemember's military service except:

(i) Upon a court order granted before such sale, foreclosure or seizure after hearing on a petition filed by the mortgagee against such servicemember; or

(ii) If made pursuant to an agreement of all parties.

(6) Penalties.- A mortgagee who knowingly makes or causes to be made a sale, foreclosure or seizure of property that is prohibited by subsection (d)(3) shall be fined the sum of one thousand dollars ($1,000), or imprisoned for not more than one year, or both. The remedies and rights provided hereunder are in addition to and do not preclude any remedy for wrongful conversion otherwise available under law to the person claiming relief under this section, including consequential and punitive damages.

(7) Any petition hereunder shall be commenced by action filed in the superior court for the county in which the property subject to the mortgage or other security in the nature of a mortgage is situated. Any hearing on such petition shall be conducted on an expedited basis following such notice and/or discovery as the court deems proper.


Respectfully
Brock & Scott, PLLC


Enclosure
Certified Mail R/R/R
and Regular Mail (copy)

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 5/24/2023 10:20 AM
Envelope: 4122014
Reviewer: Matthew H.

1:23-CV-00522-JJM-PAS    Document 3    Filed 12/12/23    Page 142 of 178 PageID #: 224

## NOTICE OF MORTGAGEE'S SALE

14 Acorn Valley Way
Charlestown, RI 02813

The premises described in the mortgage will be sold, subject to all encumbrances, prior liens and such matters which may constitute valid liens or encumbrances after sale, at public auction on May 10, 2023 at 12:00 P.M. on the premises by virtue of the power of sale in said mortgage made by Walter E. Thomas III, dated October 20, 2014, and recorded in the Charlestown, Rhode Island Land Evidence Records in Book 399, Page 11 as affected by a Judgment recorded in said Land Evidence Records in Book 493, Page 182, the conditions of said mortgage having been broken. $5,000.00 in cash, certified or bank check required to bid. Other terms to be announced at the sale.

Brock & Scott, PLLC
1080 Main Street, Suite 200
Pawtucket, RI 02860
Attorney for the present
Holder of the Mortgage

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 5/24/2023 10:20 AM
Envelope: 4122014
Reviewer: Matthew H.

1:23-CV-00522-JJM-PAS     Document 3     Filed 12/12/23     Page 143 of 178 PageID #: 225



**BROCK &SCOTT**

PLLC

**Consumer Hotline**
844-856-6646
**Phone:**
401-217-8701

1080 Main Street, Suite 200, Pawtucket, RI 02860
ConsumerContact@brockandscott.com
www.brockandscott.com

**Fax:**
401-217-8702

March 16, 2023

TO INTERESTED PARTIES

     RE:    14 Acorn Valley Way, Charlestown, RI 02813

         File #:  22-02515 FC01

     Enclosed is a copy of a mortgagee's notice of foreclosure sale, which indicates that the above-referenced property is to be sold at a foreclosure sale to be held at the time and place set forth therein.  This notice will appear weekly in Providence Journal starting on April 17, 2023.

This notice is being sent to you because a title report indicates that you have an interest in the above-referenced property.

     If you have any questions, please do not hesitate to contact this office.

         Respectfully

         Brock & Scott, PLLC

Enclosure
Certified Mail R/R/R
and Regular Mail (copy)

## NOTICE OF MORTGAGEE'S SALE

14 Acorn Valley Way
Charlestown, RI 02813

The premises described in the mortgage will be sold, subject to all encumbrances, prior liens and such matters which may constitute valid liens or encumbrances after sale, at public auction on May 10, 2023 at 12:00 P.M. on the premises by virtue of the power of sale in said mortgage made by Walter E. Thomas III, dated October 20, 2014, and recorded in the Charlestown, Rhode Island Land Evidence Records in Book 399, Page 11 as affected by a Judgment recorded in said Land Evidence Records in Book 493, Page 182, the conditions of said mortgage having been broken. $5,000.00 in cash, certified or bank check required to bid. Other terms to be announced at the sale.

Brock & Scott, PLLC
1080 Main Street, Suite 200
Pawtucket, RI 02860
Attorney for the present
Holder of the Mortgage

22-02515 FC01

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 5/24/2023 10:20 AM
Envelope: 4122014
Reviewer: Matthew H.

3-CV-00522-JJM-PAS    Document 3    Filed 12/12/23    Page 145 of 178 PageID
#: 227

## NOTICE OF SALE – INTERESTED PARTIES

Re:     Record Owner:        Walter E. Thomas III and Donna J. Thomas
        Property Address:    14 Acorn Valley Way, Charlestown, RI 02813
        B&S File:            22-02515 FC01

You have received this notice because our records indicate that you are either the present owner, subordinate lienholder, or other interested party.

Tiffany Skinner-Desouza                    820 Follin Lane
55 Barneyville Rd                          Vienna, VA 22180
Swansea, MA 02777
                                           State of RI and Providence Plantations
Walter E Thomas IV                         DOR- Division of Taxation
50 Cutler Road                             1 Capitol Hill, Ste. 36
Dayville, CT 06241                         Providence, RI 02908

Shawn P Thomas                             Internal Revenue Service
14 Acorn Valley Way Apt K                  Advisory Consolidated Receipts
Charlestown, RI 02813                      7940 Kentucky Drive, Stop 2850F
                                           Florence, KY 41042
Amber L Thomas
14 Acorn Valley Way                        Town of Charlestown
Charlestown, RI 02813                      Tax Collector
                                           4540 South County Trail
                                           Charlestown, RI 02813
Navy Federal Credit Union

                              Respectfully,
                              *Brock & Scott, PLLC*

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 5/24/2023 10:20 AM
Envelope: 4122014
Reviewer: Matthew H.

Case 1:23-CV-00522-JJM-PAS    Document 3    Filed 12/12/23    Page 146 of 178 PageID #: 228



**Consumer Hotline**
844-856-6646
**Phone:**
401-217-8701

1080 Main Street, Suite 200, Pawtucket, RI 02860
ConsumerContact@brockandscott.com
www.brockandscott.com

**Fax:**
401-217-8702

March 16, 2023

Occupant(s)
14 Acorn Valley Way
Charlestown, RI 02813

RE: 14 Acorn Valley Way, Charlestown, RI 02813

Dear Madam/Sir:

With respect to the above-referenced matter, attached herewith please find a Notice of Pending Foreclosure. The above-referenced property is scheduled for a Foreclosure Sale on May 10, 2023.

If you have any questions, please do not hesitate to contact this office.

Respectfully,

Brock & Scott, PLLC

Enclosure
Regular Mail

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 5/24/2023 10:20 AM
Envelope: 4122014
Reviewer: Matthew H.

3-CV-00522-JJM-PAS     Document 3     Filed 12/12/23     Page 147 of 178 PageID #: 229

## APPENDIX A

**FORM 34-27-7**
March 16, 2023

Occupant(s)
14 Acorn Valley Way
Charlestown, RI 02813

---

### NOTICE OF PENDING FORECLOSURE

---

This Notice is provided to you to inform you of the intent to foreclose on property address listed above. The holder of the mortgage on the property address listed above hereby notifies you that the above referenced property is currently scheduled to be sold at foreclosure.

### TENANTS ARE HEREBY NOTIFIED OF THE FOLLOWING

1. The property listed above is scheduled to be sold at foreclosure;

2. The foreclosure sale is scheduled for May 10, 2023, 12:00 P.M., at 14 Acorn Valley Way, Charlestown, RI 02813

3. **Housing counseling services are available to you at no cost.** Counseling services that can help you understand your options and provide resources and referrals are available from counseling agencies approved by the United States Department of Housing and Urban Development (HUD). You can locate a HUD-approved counseling agency by calling HUD's toll-free telephone number, 1-800-569-4287, or by accessing HUD's Internet homepage at www.hud.gov. The TDD number is 1-800-877-8339. Counseling services are available free of charge through HUD's Housing Counseling Program.

4. Rhode Island Legal Services (RILS) may be able to provide assistance. RILS may be reached at (401) 274-2652 or www.rils.org and is located at 56 Pine Street, 4th Floor, Providence, Rhode Island 02903.

5. United Way 2-1-1 in Rhode Island is an information and referral line available 24 hours a day, 7 days a week, in 175 languages and dialects. This free and confidential service connects people resources offered by health and human service providers, government agencies, and community-based organizations. Dial 211 on your telephone or visit www.211RI.org. United Way of Rhode Island is located at 50 Valley Street, Providence, Rhode Island 02909.

6. This notice does not eliminate your obligation to pay rent. **You must continue to pay rent to the landlord until the foreclosure sale occurs.**

### THIS IS NOT AN EVICTION NOTICE.

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 5/24/2023 10:20 AM
Envelope: 4122014
Reviewer: Matthew H.

3-CV-00522-JJM-PAS    Document 3    Filed 12/12/23    Page 148 of 178 PageID #: 230

STATE OF RHODE ISLAND                          SUPERIOR COURT
WASHINGTON, SC

| | |
|---|---|
| Navy Federal Credit Union<br>Plaintiff )<br>)<br>)<br>v. )<br>)<br>Estate of Walter E. Thomas III, Tiffany )<br>L. Skinner-DeSouza, Walter E. Thomas )<br>IV, and Amber Thomas )<br>Defendants )<br>) | Case No.: WM-2022-0304 |

## AFFIDAVIT IN SUPPORT OF MOTION TO CONFIRM SALE

I, Neil Heiger, do hereby state under oath and depose as follows:

1.      I am an attorney employed by the Firm of Brock & Scott, PLLC ("Brock & Scott"), attorney for the Plaintiff in the above captioned matter.

2.      In the regular performance of my job functions, I am familiar with business records maintained by Brock & Scott.

3.      Brock & Scott's business records (which include data compilations, electronically imaged documents, and others), include documents provided by Navy Federal Credit Union ("Navy Federal"), which relate to the foreclosure of and acquisition of the Property located at 14 Acorn Valley Way, Charlestown, RI 02813, Rhode Island ("Property"). These records were made at or near the time by, or from information provided by, persons with knowledge of the activity and transactions reflected in such records and are kept in the course of business activity conducted regularly by Brock & Scott. It is the regular practice of Brock & Scott's business to make and maintain these records. In connection with making this affidavit, I have personally examined these business records.

4.      I am familiar with the foreclosure sale in connection with the property located at 14 Acorn Valley Way, Charlestown, RI 02813, Rhode Island.

5.      Brock & Scott was retained as foreclosure counsel for a foreclosure auction in connection with a Mortgage encumbering the property located at 14 Acorn Valley Way, Charlestown, RI 02813, Rhode Island.

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 5/24/2023 10:20 AM
Envelope: 4122014
Reviewer: Matthew H.

Case 1:23-CV-00522-JJM-PAS    Document 3    Filed 12/12/23    Page 149 of 178 PageID #: 231

6. I have reviewed Brock & Scott's business records and the collateral file associated with the foreclosure in connection with this mortgage loan, and state the following:

   a. By letter dated November 8, 2021, Estate of Walter E. Thomas III, was mailed in compliance with the terms and conditions of the Mortgage. A copy of said notices are attached hereto as **Exhibit "A"**.

   b. On January 20, 2023, this Court entered Judgment and an Interlocutory Order authorizing the Plaintiff to foreclose the Mortgage recorded in the Town of Charlestown Land Evidence Records in Book 399, at Page 11 by the exercise of power of sale therein and in accordance with R.I.G.L. § 34-27-1, et seq

   c. The Notice of sale was mailed to Estate of Walter E. Thomas, III on March 16, 2023, by certified mail, return receipt requested. A copy of said notices are attached hereto as **Exhibit "B"**.

7. In compliance with the terms of the Mortgage and the statutory power of sale, the following acts were conducted:

   a. The Notice of sale was mailed to Estate of Walter E. Thomas III on March 16, 2023, by certified mail, return receipt requested. The Notice of sale was mailed to Tiffany Skinner-Desouza, Walter E. Thomas IV and Amber L. Thomas, among others, as interested parties on March 16, 2023. A copy of the notices of sale are attached hereto as **Exhibit "B"**;

   b. The notice of sale was published on April 17, 2023, April 24, 2023 and May 1, 2023 in the Providence Journal, a public newspaper circulated in the Town of Charlestown in accordance with the provisions of the Mortgage.

   c. The auction was conducted on May 10, 2023 by Matthew J. Katz, a licensed auctioneer.

   d. The highest bidder at the auction was Jeffrey Domingoes in the sum of $405,000, subject to approval by Court. The bid was assigned to: an undivided 50% interest to Jeffrey A. Domingoes and Laura J. Domingoes, Trustees, or their successors in interest, of the Jeffrey A. Domingoes Revocable Living Trust dated August 30, 2018 and any amendments thereto, and an undivided 50% interest to Laura J. Domingoes and Jeffrey A. Domingoes, Trustees, or their successors in interest, of

2

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 5/24/2023 10:20 AM
Envelope: 4122014
Reviewer: Matthew H.
3-CV-00522-JJM-PAS      Document 3      Filed 12/12/23      Page 150 of 178 PageID #: 232

the Laura J. Domingoes Revocable Living Trust dated August 30, 2018, and any amendments thereto.

    e.   There were 17 bidders registered to bid at the auction in addition to Plaintiff;

    f.   The opening bid was in the sum of $181,049.47.

    g.   There were no less than 23 bids submitted.

    h.   The value of the property pursuant to the most recent valuation by the municipal tax assessor is $487,100.

8.  As of May 10, 2023, the principal balance of $137,775.35, plus accrued interest since the date of default, attorney fees and costs was due and owing to Plaintiff from Defendant in connection with the Note.

9.  No mortgagor named in the mortgage, or any other person having an interest of record in the Property at the time of the sale, or within one (1) year prior to said sale, was in the military service of the United States of America, as that term is defined in the Servicemembers Civil Relief Act.

10. No payments were made which cured the default set forth in the Verified Complaint prior to the sale.

11. The foreclosure sale was not subject to any federal, state or local moratoriums in effect at the time of the sale.

Dated: *May 23, 2023*                         _____
                                              Neil Heiger

Subscribed to and sworn before me this __23__ day of __May__ 2023.

_____
Notary Public
My Commission Expires:

LAURA A. PARTRIDGE
NOTARY PUBLIC
RHODE ISLAND
MY COMM EXPIRES __3-31-26__

3

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 5/24/2023 10:20 AM
Envelope: 4122014
Reviewer: Matthew H.

1:23-CV-00522-JJM-PAS    Document 3    Filed 12/12/23    Page 151 of 178 PageID #: 233

**Hearing Date : June 9, 2023**

STATE OF RHODE ISLAND                          SUPERIOR COURT
WASHINGTON, SC

| | |
|---|---|
| Navy Federal Credit Union )<br>Plaintiff )<br>)<br>v. )<br>)<br>Estate of Walter E. Thomas III, Tiffany )<br>L. Skinner-DeSouza, Walter E. Thomas )<br>IV, and Amber Thomas )<br>Defendants )<br>) | Case No.: WM-2022-0304 |

## <u>MOTION TO CONFIRM FORECLOSURE SALE</u>

Now comes Navy Federal Credit Union ("Plaintiff"), mortgagee of record, and respectfully requests the Court to issue an Order confirming the foreclosure sale of the property located at 14 Acorn Valley Way, Charlestown, RI 02813, as otherwise described in the Mortgage (the "Property"). In support thereof, Plaintiff states:

1. By letter dated November 8, 2021, Estate of Walter E. Thomas III, was mailed in compliance with the terms and conditions of the Mortgage. See copy of said notice attached to Affidavit of Neil Heiger ("Heiger Affidavit") as Exhibits "A"

2. On January 20, 2023, this Court entered Judgment and an Interlocutory Order authorizing the Plaintiff to foreclose the Mortgage recorded in the Town of Charlestown Land Evidence Records in Book 399, at Page 11 by the exercise of power of sale therein and in accordance with R.I.G.L. § 34-27-1, et seq.

3. The Notice of sale was mailed to Estate of Walter E. Thomas III on March 16, 2023, by certified mail, return receipt requested. See copy of said notice attached to the Neil Heiger Affidavit as Exhibit "B".

4. Plaintiff conducted such sale in accordance with the provisions of R.I.G.L. § 34-11-22 and R.I.G.L. § 34-27-4. See Affidavit of Neil Heiger Affidavit. Said Affidavit specifically confirms the following acts;

   a. The Notice of sale was mailed to Estate of Walter E. Thomas III March 16, 2023, by certified mail, return receipt requested;

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 5/24/2023 10:20 AM
Envelope: 4122014
Reviewer: Matthew H.

1:23-CV-00522-JJM-PAS    Document 3    Filed 12/12/23    Page 152 of 178 PageID #: 234

    b. The Notice of sale was mailed to Tiffany Skinner-Desouza, Walter E. Thomas IV and Amber L. Thomas, among others, as interested parties on March 16, 2023; and

    c. The notice of sale was published on April 17, 2023, April 24, 2023 and May 1, 2023 in the Providence Journal, a public newspaper circulated in the Town of Charlestown in accordance with the provisions of the Mortgage.

5. The auction was conducted on May 10, 2023 by Matthew J. Katz, a licensed auctioneer.

6. The highest bidder at the auction was Jeffrey Domingoes in the sum of $405,000, subject to approval by Court. The bid was assigned to: an undivided 50% interest to Jeffrey A. Domingoes and Laura J. Domingoes, Trustees, or their successors in interest, of the Jeffrey A. Domingoes Revocable Living Trust dated August 30, 2018 and any amendments thereto, and an undivided 50% interest to Laura J. Domingoes and Jeffrey A. Domingoes, Trustees, or their successors in interest, of the Laura J. Domingoes Revocable Living Trust dated August 30, 2018, and any amendments thereto.

7. There were 17 bidders registered to bid at the auction in addition to Plaintiff;

8. The opening bid was in the sum of $181,049.47.

9. There were no less than 23 bids submitted.

10. The value of the property pursuant to the most recent valuation by the municipal tax assessor is $487,100.

11. As of May 10, 2023, the principal balance of $137,775.35, plus accrued interest since the date of default, attorney fees and costs was due and owing to Plaintiff from Defendant in connection with the Note, as set forth in the Heiger Affidavit.

12. The foreclosure sale was not subject to any federal, state or local moratoriums in effect at the time of the sale.

WHEREFORE, Plaintiff prays that the following relief enter:

1. Declare that the foreclosure sale on May 10, 2023 conducted pursuant to the Mortgage recorded with the Town of Charlestown Land Evidence Records in Book 399, at Page 11 is a valid and lawful sale of the Property in accordance with the terms and conditions of the Mortgage and Rhode Island law;

2. The foreclosure sale was fairly advertised and conducted and there is no evidence of any fraud or impropriety which would justify its being set aside;

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 5/24/2023 10:20 AM
Envelope: 4122014
Reviewer: Matthew H.

1:23-CV-00522-JJM-PAS    Document 3    Filed 12/12/23    Page 153 of 178 PageID #: 235

3.  Enter an Order confirming the foreclosure sale and authorizing Plaintiff to convey a foreclosure deed to Jeffrey Domingoes as assigned to: an undivided 50% interest to Jeffrey A. Domingoes and Laura J. Domingoes, Trustees, or their successors in interest, of the Jeffrey A. Domingoes Revocable Living Trust dated August 30, 2018 and any amendments thereto, and an undivided 50% interest to  Laura J. Domingoes and Jeffrey A. Domingoes, Trustees, or their successors in interest, of the Laura J. Domingoes Revocable Living Trust dated August 30, 2018, and any amendments thereto., its successors or assigns, in the sum of $405,000, free and clear of any lien and encumbrances;

4.  Enter an Order authorizing Plaintiff to apply the proceeds from the sale to satisfy all sums due and owing in connection with the Note and Mortgage together with its expenses incurred in conducting the foreclosure sale.

5.  Foreclosing all equity of redemption;

6.  Release the recorded lis pendens; and

7.  Such other and further relief as this Honorable Court deems meet and just.

Plaintiff
By its attorney

/s/ *Michael R. Hagopian*

Dated: May 24, 2023

Michael R. Hagopian, Esq (3448)
Brock & Scott, PLLC
1080 Main Street, Suite 200
Pawtucket, Rhode Island 02860
(401) 217-8774
michael.hagopian@brockandscott.com

## CERTIFICATION OF SERVICE

I hereby certify that, on the  _24_  day of  _____May_____ , 2023:

[ ] I filed and served this document through the electronic filing system on the following:

The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

[ ] I served this document through the electronic filing system on the following:

_____ .

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 5/24/2023 10:20 AM
Envelope: 4122014
Reviewer: Matthew H.

Case 1:23-CV-00522-JJM-PAS   Document 3   Filed 12/12/23   Page 154 of 178 PageID
#: 236

The document electronically served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

[ X ] I mailed or [  ] hand-delivered this document to the attorney for the opposing party and/or the opposing party if self-represented, at the following addresses:

Estate of Walter E. Thomas III, 14 Acorn Valley Way, Charlestown, RI 02813
Amber Thomas, 14 Acorn Valley Way, Charlestown, RI 02813
Walter E. Thomas IV, 50 Cutler Road, Dayville, CT 06241
Tiffany J. Skinner-DeSouza, 1352 Huckle Berry Road, Manchester, KY 40962

/s/ *Michael R. Hagopian*

_____

Michael R. Hagopian, Esq

STATE OF RHODE ISLAND                         SUPERIOR COURT
WASHINGTON, sc

| | |
|---|---|
| Navy Federal Credit Union<br>Plaintiff<br><br>v.<br><br>Estate of Walter E. Thomas III, Tiffany<br>L. Skinner-DeSouza, Walter E. Thomas<br>IV, and Amber Thomas<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.: WM-2022-0304

## <u>ORDER FOR DEFAULT JUDGMENT</u>

The above entitled matter was before the Honorable Judge Taft-Carter on January 20, 2023, for consideration on Plaintiff, Navy Federal Credit Union, Motion for Entry of Default Judgment, authorizing the sale of the property located at 14 Acorn Valley Way, Charlestown, RI 02813, as otherwise described in the Mortgage. Counsel for Plaintiff appeared before the Court for hearing on the Motion. No one appeared on behalf of the Defendants. After hearing and consideration of the representations of the parties present and the motion, memorandum and affidavits filed by the Plaintiff, it is hereby:

ORDERED, ADJUDGED and DECREED

1. Plaintiff's Motion for Entry of Default Judgment against the Defendants is granted;

2. The Mortgage recorded in the Land Evidence Records for the Town of Charlestown Land Records in Book 399 at Page 11, is a valid first priority lien on the Property;

3. Walter E. Thomas III is in default of the obligations pursuant to the terms of the Note and Mortgage;

4. The sums secured by the Mortgage are immediately due and payable without further demand in accordance the Mortgage;

5. Plaintiff is authorized to foreclose the Mortgage recorded in the Town of Charlestown Land Records in Book 399 at Page 11, by the exercise of power of sale therein and in accordance with R.I.G.L. § 34-27-1, et seq. subject to confirmation by this Court;

6. Default Judgment pursuant to the terms of the Note and Mortgage is granted;

7. Plaintiff shall give notice of the sale and conduct such sale in accordance with the provisions of R.I.G.L. § 34-11-22 and §34-27-4; and

8. The provisions of RIGL § 34-27-3.1, do not apply to these proceedings;

9. The foreclosure mediation provisions of R.I.G.L § 34-27-3.2 do not apply;

10. Plaintiff or its designee be allowed to make a credit bid at the sale.


ENTER:                                                ORDER:


_Susan Pfefferlat_                         _Christine Feeney_

                                                      Prepared by

                                                      /s/ *Michael R. Hagopian*
                                                      _____
                                                      Michael R. Hagopian, Esq (3448)
                                                      Brock & Scott, PLLC
                                                      1080 Main Street, Suite 200
Dated: January 20, 2023                Pawtucket, Rhode Island 02860
                                                      (401) 217-8701 x2453
                                                      michael.hagopian@brockandscott.com

### CERTIFICATE OF SERVICE

I hereby certify that, on the __20th__ day of ___January___, 2023:
[  ] I filed and served this document through the electronic filing system on the following:

The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.
[ ] I served this document through the electronic filing system on the following:

_____.

The document electronically served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

[ X ] I mailed or [  ] hand-delivered this document to the attorney for the opposing party and/or the opposing party if self-represented, at the following address

Estate of Walter E. Thomas III, 14 Acorn Valley Way, Charlestown, RI 02813
Amber Thomas, 14 Acorn Valley Way, Charlestown, RI 02813
Walter E. Thomas IV, 50 Cutler Road, Dayville, CT 06241
Tiffany J. Skinner-DeSouza, 1352 Huckle Berry Road, Manchester, KY 40962

/s/ *Michael R. Hagopian*

Michael Hagopian, Esq. (3448)

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 12/8/2022 3:49 PM
Envelope: 3900161
Reviewer: Christine F.

Case 1:23-CV-00522-JJM-PAS    Document 3    Filed 12/12/23    Page 158 of 178 PageID #: 240



# STATE OF RHODE ISLAND

## SUPERIOR COURT

## OMNIBUS CALENDAR ASSIGNMENT FORM

| ☐ **Providence/Bristol County** | ☐ **Kent County** | ☒ **Washington County** | ☐ **Newport County** |
|---|---|---|---|

| | CASE NUMBER |
|---|---|
| Navy Federal Credit Union | WM-2022-0304 |
| VS. | |
| Estate of Walter E. Thomas III, et als | |

### CALENDAR TYPE MUST BE SELECTED FOR SCHEDULING PURPOSES
☒ FORMAL SPECIAL CAUSE CALENDAR  ☐ BUSINESS CALENDAR  ☐ DISPOSITIVE MOTION CALENDAR

### FORMAL SPECIAL CAUSE AND BUSINESS CALENDAR

| | |
|---|---|
| ☐ AGENCY APPEAL | ☐ MOTION FOR PROTECTIVE ORDER |
| ☐ ASSESSMENT OF DAMAGES | ☐ MOTION TO RECONSIDER |
| ☐ APPOINTMENT OF A SPECIAL MASTER | ☐ ORAL PROOF OF CLAIM |
| ☐ CONFIRM ARBITRATION | ☐ PETITION TO ALLOW SECURED CLAIM |
| ☐ DECLARATORY JUDGMENT | ☐ PETITION TO APPOINT TEMPORARY RECEIVER |
| ☐ ENTRY OF JUDGMENT | ☐ PROOF OF CLAIM |
| ☐ EVIDENTIARY HEARING | ☐ PETITION TO ENFORCE |
| ☐ FIRST AND FINAL REPORT | ☐ PETITION FOR INSTRUCTIONS |
| ☐ FORECLOSURE OF RIGHT OF REDEMPTION | ☐ PRELIMINARY INJUNCTION |
| ☐ FRIENDLY SUIT | ☐ APPOINTMENT OF PERMANENT SPECIAL MASTER |
| ☐ APPOINTMENT OF PERMANENT RECEIVER | ☐ PETITION TO RECLAIM |
| ☐ MOTION TO ATTACH | ☐ PARTITION PROCEEDINGS |
| ☐ MOTION FOR ATTORNEYS FEES | ☐ PETITION TO SELL |
| ☐ MOTION TO COMPEL RECEIVER | ☐ RECEIVERSHIP PROCEEDINGS |
| ☐ MOTION TO DEFAULT | ☐ SHOW CAUSE HEARING |
| ☐ MOTION FOR ENTRY OF FINAL JUDGMENT | ☐ SUPPLEMENTARY PROCEEDINGS |
| ☐ MECHANIC'S LIEN | ☐ TITLE PROCEEDINGS |
| ☐ MOTION FOR APPROVAL | ☐ TEMPORARY RESTRAINING ORDER |
| ☐ MANDATORY INJUNCTION | ☐ TRUSTEE PROCEEDINGS |
| ☐ MOTION TO ADJUDGE IN CONTEMPT | ☐ VACATE ARBITRATION |
| ☒ OTHER FORMAL MATTER (EXPLAIN) | ☐ WRIT OF MANDAMUS |
| Motion for Default Judgment - judicial foreclosure | ☐ WRIT OF REPLEVIN |
| ☐ OTHER BUSINESS MATTER (EXPLAIN) _____ | |

**If you require witnesses, state the estimated time frame of said hearing and attach a witness list and expected testimony to this form.**

### DISPOSITIVE MOTION CALENDAR

| | |
|---|---|
| ☐ MOTION TO DISMISS, UNDER RULE 12 | ☐ MOTION FOR PARTIAL SUMMARY JUDGMENT |
| ☐ MOTION FOR ENTRY OF JUDGMENT ON PLEADINGS | |
| ☐ OTHER DISPOSITIVE MOTION: (EXPLAIN) _____ | ☐ MOTION FOR SUMMARY JUDGMENT |

| **HEARING DATE**: January 20, 2023 at 9:30am | **APPROVED BY**: |
|---|---|

**Failure to fill out this form properly may result in your hearing date not being approved.**

| Signature of Attorney or Self-represented Litigant | Address: |
|---|---|
| /s/  Michael R. Hagopian | 1080 Main Street, Pawtucket, RI 02860 |

| Rhode Island Bar Number: 3448 | Office Telephone Number: 401-217-8755 | Date: 12/8/2022 |
|---|---|---|

Superior-37 (revised June 2020)

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 12/8/2022 3:49 PM
Envelope: 3900161
Reviewer: Christine F.

3-CV-00522-JJM-PAS    Document 3    Filed 12/12/23    Page 159 of 178 PageID
#: 241

STATE OF RHODE ISLAND                          SUPERIOR COURT
WASHINGTON, sc

Navy Federal Credit Union            )
           Plaintiff                 )
                                     )
v.                                   )          Case No.:  WM-2022-0304
                                     )
Estate of Walter E. Thomas III,      )
Tiffany L. Skinner-DeSouza, Walter   )
E. Thomas IV, and Amber Thomas       )
           Defendants                )
                                     )

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AND ORDER OF SALE

Plaintiff filed a Motion for entry of default judgment and order of sale, authorizing a foreclosure sale of the property that is secured by Plaintiff's Mortgage.  A statement of undisputed facts was included as part of Plaintiff's Motion.

### STANDARD

Defendants were served with a copy of the summons and complaint in accordance with R.I. Sup. Ct. R. 4.  Defendants, Estate of Walter E. Thomas III, Tiffany L. Skinner-DeSouza, Walter E. Thomas IV and Amber Thomas ("Defendant") failed to plead or otherwise defend.  The Clerk entered default against the Defendants in accordance with R.I. Sup. Ct. R. 55(a).  The Entry of Default is an interlocutory order entered in anticipation of a final judgment.  McMahon v. Twin Willows, Inc., 706 A.2d 1335 (RI 1998); D'Angelo v. The Moped Man, Inc., 764 A.2d 186 (RI 2000).  Plaintiff has filed a motion with the Court for entry of judgment by default as a final disposition of the case.  Id.; See R.I. Sup. Ct. R. 55(b).  Unless Judgment can enter as a sum certain by the clerk, the Court must decide the issues before the Court.  Reyes v. Providence Place Group, LLC, 853 A.2d 1242, 1246 (RI 2004); R.I. Sup. Ct. R. 55(b)(2).  Factual allegations within a complaint will be taken as true upon default.  Bashforth v. Zampini, 576 A.2d

1

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 12/8/2022 3:49 PM
Envelope: 3900161
Reviewer: Christine F.

23-CV-00522-JJM-PAS    Document 3    Filed 12/12/23    Page 160 of 178 PageID #: 242

1197 (RI 1990) (citing <u>Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.</u>, 722 F.2d 1319, 1323 (7th Cir. 1983)).   Generally, while default constitutes an admission of liability, damages must be proven.  <u>Id</u>.  Based on the uncontested facts set forth in the Verified Complaint and applicable law, Plaintiff has established a prima facie case for relief and is entitled to judgment as a matter of law.

## ARGUMENT

    1.      <u>The Defendants are in default of the Note and Mortgage</u>

      Defendant, Walter E. Thomas, III, executed the Note and Mortgage as set forth in Plaintiff's Verified Complaint.  The Note is the obligation of the borrower to repay the mortgage loan and the Mortgage is the security for that debt.  <u>Bucci v. Lehman Bros. Bank</u>, 68 A.3d 1069, 1077 (RI 2013) (citing <u>Pawtucket Institution for Savings v. Gagnon</u>, 475 A.2d 1028, 1030 (RI 1984)).  Pursuant to the terms and conditions of the Note and Mortgage, Walter E. Thomas, III was obligated to make regular payments to the lender or its assign.  Failure to make such payments would result in a default.  His heirs, successor or assigns have not satisfied the terms of the Note and Mortgage and the Mortgage remains a valid encumbrance on the Property.

      As evidenced by the Verified Complaint and the supporting Affidavit filed herein, the Walter E. Thomas, III is in default of the Note and Mortgage by reason of his/her failure to make timely principal and interest payments required therein.  The allegations set forth in the Verified Complaint, the supporting Affidavit as well as the judicial admissions of the Defendants (by reason of his failure to file an answer) support the fact that the loan obligation is in default and the terms and conditions of the Note and Mortgage have been breached.  Therefore, the Plaintiff has established a prima facie case to support its claim for relief.  There are no material facts in dispute to contradict these facts, nor has the Defendant come forward to defend against same.

      The right to exercise the power of sale is derived by the mortgage contract.  <u>Bucci</u> at 1084.  This contract is clear and unambiguous and therefore the issue before the Court is one of law.  <u>Beacon Mutual Ins. Co. v. Spino Brothers, Inc.</u>, 11 A.3d 645, 648 (RI 2011).  The Mortgage executed by the Walter E. Thomas, III contains clear, plain,

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 12/8/2022 3:49 PM
Envelope: 3900161
Reviewer: Christine F.

Case 1:23-CV-00522-JJM-PAS    Document 3    Filed 12/12/23    Page 161 of 178 PageID #: 243

ordinary and usual meanings and this Court should not depart from the literal language of the contract. Id. The clear and undisputed facts before the Court support Plaintiff's claim that as a result of the Defendant's breach of the Note and Mortgage, Plaintiff is entitled to enforce its remedies set forth therein, including, without limitation, the ability to conduct a statutory foreclosure sale of the property secured by the Mortgage. Ocwen Loan Servicing LLC v. Medina, 247 A.3d 140, 144 (RI 2021).

II.     The Plaintiff is entitled to foreclose the Mortgage

Rhode Island is a "title theory" state in which a mortgagee obtains a *lien* upon real estate through a grant within a mortgage deed and *legal title* to that property subject to defeasance upon payment of the debt. In re D'Ellena, 640 A.2d 530, 533 (RI 1994). Upon a breach of the terms and conditions of the Note and Mortgage for non-payment, Plaintiff entitled to exercise its remedies, including, without limitation, the right to commence a foreclosure sale of the property secured by the Mortgage. See Bucci at page 1085 (recognizing the power of sale as a valid remedy within a mortgage contract). As the mortgagee of the Mortgage, Plaintiff is entitled to enforce the Mortgage and exercise the remedies therein, including, without limitation, foreclosure. Bucci at 1085-1086. As such, pursuant to the terms of the Mortgage, Plaintiff is entitled to invoke the STATUTORY POWER OF SALE. This permits the Plaintiff to conduct a foreclosure sale of the Property. Bucci at 1085-1086.

In addition to a non-judicial foreclosure sale, Rhode Island law permits a person entitled to foreclose the equity of redemption in any mortgaged estate to enforce same through an Order of the Court. RIGL §34-27-1. Plaintiff has filed a complaint seeking to conduct a judicial foreclosure, specifically seeking an Order of this Court authorizing a sale in accordance with RIGL §34-27-1 rather than by proceeding with a non-judicial sale as permitted by RIGL §34-27-4. Plaintiff specifically requests an Order permitting it to conduct a foreclosure sale utilizing the process incorporated in the statutory power of sale as set forth in RIGL §34-27-4. Ocwen Loan Servicing LLC v. Medina, 247 A.3d 140, 143-144 (RI 2021). Any sale authorized by this Court will be subject to confirmation by the Court after the sale.

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 12/8/2022 3:49 PM
Envelope: 3900161
Reviewer: Christine F.

1:23-CV-00522-JJM-PAS     Document 3     Filed 12/12/23     Page 162 of 178 PageID #: 244

## CONCLUSION

For the reasons set forth in the motion and memorandum filed herein, Plaintiff requests partial summary judgment granting Plaintiff the authority to foreclose the Mortgage.   Plaintiff reserves the right to seek additional relief after the foreclosure sale regarding any deficiency judgment, confirmation of the sale and such other issues that may arise subsequent to the foreclosure sale.

Respectfully Submitted

Plaintiff
By Its Attorney,

/s/   *Michael R. Hagopian*

Date December 8, 2022
_____
        Michael R. Hagopian, Esq (3448)
Brock & Scott, PLLC
1080 Main Street, Suite 200
Pawtucket, Rhode Island
(401) 217-8755
michael.hagopian@brockandscott.com

## CERTIFICATE OF SERVICE

I hereby certify that, on the ___8___ day of ___December_____, 2022:
[  ] I filed and served this document through the electronic filing system on the following:

The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.
[  ] I served this document through the electronic filing system on the following:
_____.
The document electronically served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

[ X ] I mailed or [  ] hand-delivered this document to the attorney for the opposing party and/or the opposing party if self-represented, whose name is _____ at the following address

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 12/8/2022 3:49 PM
Envelope: 3900161
Reviewer: Christine F.

Case 1:23-CV-00522-JJM-PAS     Document 3     Filed 12/12/23     Page 163 of 178 PageID #: 245

Estate of Walter E. Thomas III, 14 Acorn Valley Way, Charlestown, RI 02813
Amber Thomas, 14 Acorn Valley Way, Charlestown, RI 02813
Walter E. Thomas IV, 50 Cutler Road, Dayville, CT 06241
Tiffany J. Skinner-DeSouza, 1352 Huckle Berry Road, Manchester, KY 40962

/s/ *Michael R. Hagopian*

_____
Michael Hagopian, Esq. (3448)

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 12/8/2022 3:49 PM
Envelope: 3900161
Reviewer: Christine F.

3-CV-00522-JJM-PAS    Document 3    Filed 12/12/23    Page 164 of 178 PageID #: 246

STATE OF RHODE ISLAND                       SUPERIOR COURT
WASHINGTON, sc

| | |
|---|---|
| Navy Federal Credit Union )<br>        Plaintiff )<br><br>v. )<br><br>Estate of Walter E. Thomas III, Tiffany )<br>L. Skinner-DeSouza, Walter E. Thomas )<br>IV, and Amber Thomas )<br>        Defendants ) | Case No.: WM-2022-0304 |

## AFFIDAVIT IN SUPPORT OF PLAINTIFF'S MOTION FOR
## ENTRY OF DEFAULT JUDGMENT

      I   Carlyn Bell        , of Navy Federal Credit Union. ("Navy Federal"), having personal knowledge of the facts contained in this affidavit, on oath, state as follows:

1. I am employed by or serve in the capacity of  Assistant Manager Loss Mitigation  at Navy Federal.

2. In my capacity as  Assistant Manager Loss Mitigation  , I along with others have knowledge of the business records of Navy Federal, as they relate to the Mortgage which is the subject of this action and affidavit. Navy Federal's records are kept in the ordinary course of business by persons who have a business duty to make such records. The records are made at or near the occurrence of events so recorded. To the extent records related to the loan come from another entity, those records were received by Navy Federal in the ordinary course of its business, have been incorporated into and maintained as part of Navy Federal's business records, and have been relied on by Navy Federal. I have personal knowledge of facts set forth in this affidavit based upon my review of Navy Federal's business records maintained in connection with the Mortgage and the related Mortgage loan account whose repayment the Mortgage Secures.

3. I have read and reviewed the Complaint to Foreclose previously filed herein together with all of the exhibits referenced in and attached to such complaint.

4. Navy Federal's business records reflect that the Borrower, Walter E. Thomas III (the "Borrower") secured a loan (the "Loan") from Navy Federal Credit Union on October 20, 2014.

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 12/8/2022 3:49 PM
Envelope: 3900161
Reviewer: Christine F.

3-CV-00522-JJM-PAS    Document 3    Filed 12/12/23    Page 165 of 178 PageID
#: 247

5. Borrower is the owner of the certain real property located 14 Acorn Valley Way, Charlestown, RI by virtue of a deed dated January 9, 1998, in Book 164 at Page 459. A true and accurate copy of the Deed is attached to the Verified Complaint as **Exhibit A.**

6. On October 20, 2014, Walter E. Thomas III executed and delivered to Citizens Bank of Rhode Island a certain promissory note in the original principal amount of $183,000.00. A true and accurate copy of the Note for the Property is attached to the Verified Complaint as **Exhibit B.**

7. To secure the Note, on October 20, 2014, Walter E. Thomas III executed and delivered to Navy Federal Credit Union a mortgage (the "Mortgage") of the Property, in the amount of $183,000.00, which Mortgage was recorded in the Town of Charlestown Land Records in Book 399 at Page 11. A true and accurate copy of the Mortgage is attached to the Verified Complaint as **Exhibit C**

8. Navy Federal is the holder of the Note and Mortgage.

9. Walter E. Thomas III failed to make required monthly payment obligations to Navy Federal due under the Note and Mortgage and his mortgage account with Navy Federal due for the June 1, 2019 payment together with all subsequently accrued but unpaid installments. As of the date of this affidavit, the account is still past due.

10. On November 8, 2021 the Estate of Walter E. Thomas III was notified that the loan was in default and the total debt was itemized therein. A true and accurate copy of the Notice is attached to the Verified Complaint as **Exhibit E.**

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 12/8/2022 3:49 PM
Envelope: 3900161
Reviewer: Christine F.

Case 1:23-CV-00522-JJM-PAS   Document 3   Filed 12/12/23   Page 166 of 178 PageID #: 248

11. Navy Federal has not received any payments on this account made by or on behalf of Walter E. Thomas III since the filing of the complaint initiating this action.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY this _____7th_____ day of ____December_____, 2022.

Navy Federal Credit Union

By:   Carlyn Bell

Title:   Assistant Manager Loss Mitigation

STATE OF ___Virginia_____
COUNTY OF ___Fairfax_____

The foregoing instrument was acknowledged and sworn before me this ___7th_____ day of ___December_____, 2022 by ___Carlyn Bell_____ as a ___Assistant Manager Loss Mitigation_____ of Navy Federal Credit Union. who is personally known to me or who has produced ___Personally Known_____ as identification.

Signature of Notary Public:  Judith Alison Grant

Name of Notary Public:  Judith Alison Grant
Commission #7593210 Expires: 10/31/~~2022~~ 2026
Personally known:  ___Carlyn Bell_____
OR Produced Identification_____
Type of Identification Produced_____



Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 12/8/2022 3:49 PM
Envelope: 3900161
Reviewer: Christine

**Hearing Date: January 20, 2023 at 9:30AM**

STATE OF RHODE ISLAND                           SUPERIOR COURT
WASHINGTON, sc

Navy Federal Credit Union            )
      Plaintiff                          )
                                         )
v.                                   )            Case No.: WM-2022-0304
                                         )
Estate of Walter E. Thomas III, Tiffany  )
L. Skinner-DeSouza, Walter E. Thomas     )
IV, and Amber Thomas                 )
      Defendants                         )
                                         )

## <u>PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT</u><br><u>AND ORDER OF SALE</u>

Now comes the Plaintiff, Navy Federal Credit Union. ("Plaintiff") and hereby moves the Court to Enter Default Judgment against the Defendants, Estate of Walter E. Thomas III, Tiffany L. Skinner-DeSouza, Walter E. Thomas IV and Amber Thomas ("Defendants"), as consistent with the prayers for relief set forth in Plaintiff's complaint and order the sale of the property located at 14 Acorn Valley Way, Charlestown, RI 02813, as otherwise described in the Mortgage (the "Property"). In support thereof, Plaintiff relies on the verified averments set forth in its Verified Complaint. Plaintiff further states:

1. Plaintiff filed this complaint for a judicial foreclosure on August 3, 2022.

2. On or about, August 9, 2022, Walter E. Thomas IV was served with a copy of the summons and Complaint by certified mail. A true copy of the return was filed with the Court.

3. On or about, August 18, 2022, Amber Thomas was served with a copy of the summons and Complaint by constable. A true copy of the return was filed with the Court.

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 12/8/2022 3:49 PM
Envelope: 3900161
Reviewer: Christine F.

3-CV-00522-JJM-PAS    Document 3    Filed 12/12/23    Page 168 of 178 PageID #: 250

4. On or about, August 18, 2022, Estate of Walter E. Thomas III was served with a copy of the summons and Complaint by constable. A true copy of the return was filed with the Court.

5. On or about, September 30, 2022, Tiffany L. Skinner-DeSouza was served with a copy of the summons and Complaint by constable. A true copy of the return was filed with the Court.

6. On December 1, 2022, the Clerk entered default against Estate of Walter E. Thomas III, Tiffany L. Skinner-DeSouza, Walter E. Thomas IV and Amber Thomas for failure of said Defendants to file an Answer to the Complaint or otherwise plead.

7. Walter E. Thomas III and Donna J. Thomas, as tenants by the entirety, are the record owners of the certain real property located at 14 Acorn Valley Way, Charlestown, RI 02813 (the "Property) by virtue of a deed dated January 9, 1998 and recorded in the Town of Charlestown Land Evidence Records on January 9, 1998, in Book 164 at Page 459.

8. Donna J. Thomas died on July 3, 2014 and Walter E. Thomas III became the sole owner of the Property as the surviving joint tenant.

9. On October 20, 2014, Walter E. Thomas III executed and delivered to Navy Federal Credit Union a certain promissory note in the original principal amount of $183,000.00 (the "Note"). A true and correct copy of the Note for the Property is attached to the Verified Complaint as **Exhibit B**.

10. To secure the Note, on October 20, 2014, Walter E. Thomas III. executed and delivered to Navy Federal Credit Union a mortgage (the "Mortgage") of the Property, in the amount of $183,000.00, which Mortgage was recorded in the Town of

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 12/8/2022 3:49 PM
Envelope: 3900161
Reviewer: Christine F.

23-CV-00522-JJM-PAS    Document 3    Filed 12/12/23    Page 169 of 178 PageID
#: 251

Charlestown Land Records in Book 399 at Page 11. A copy of the Mortgage is attached to the Verified Complaint as **Exhibit C**.

11. A prior Mortgage from Walter E. Thomas III and Donna J. Thomas to Navy Federal Credit Union in the sum of $40,000.00 dated November 24, 2006 as recorded in the Town of Charlestown Land Records in Book 305 at Page 239, was subordinated to the Mortgage by a subordination agreement recorded in Book 399 at Page 5. A copy of the prior mortgage and subordination are attached to the Verified Complaint as **Exhibit D**.

12. Walter E. Thomas III died on March 13, 2019. A copy of the obituary is attached to the Verified Complaint as **Exhibit F**.

13. The mortgage is secured by the Property located in the Town of Charlestown, Rhode Island, more particularly by the mortgage and described as follows: 14 Acorn Valley Way, Charlestown, RI 02813.

14. Plaintiff is the present mortgage holder.

15. The mortgage is a valid first priority mortgage and senior in priority to all other liens and encumbrances.

16. Upon information and belief, Walter E. Thomas III died leaving 3 children, namely Tiffany L. Skinner-DeSouza, Walter E. Thomas IV, and Amber Thomas, who may have an interest in the Property as heirs of Walter E. Thomas III.

17. Walter E. Thomas III failed to make the monthly payments for June 1, 2019 and consequently defaulted on the Note. The sum due in connection with the Note is the June 1, 2019 payment together with all subsequently accrued but unpaid installments and accrued interest.

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 12/8/2022 3:49 PM
Envelope: 3900161
Reviewer: Christine F.

3-CV-00522-JJM-PAS    Document 3    Filed 12/12/23    Page 170 of 178 PageID #: 252

18. The mortgage account is now due for the June 1, 2019 payment together with all subsequently accrued but unpaid installments and accrued interest.

19. On November 8, 2021 the Estate of Walter E. Thomas III was notified that the loan was in default and the total debt was itemized therein.  A true and accurate copy of the Demand Letters are attached to the Verified Complaint as **Exhibit E**.

20. At present, the mortgage loan evidenced by the Note and secured by Mortgage remains delinquent and in default.

21. All conditions precedent to the acceleration of the Mortgage and the Note and to foreclosure under the Mortgage have been fulfilled or have occurred.

22. At present, the mortgage loan evidenced by the Note and secured by Mortgage remains delinquent and in default.

23. Defendants have not raised defenses or right of set off with respect to the amounts due in connection with the Note.

24. The foreclosure mediation provisions of R.I. Gen. Laws §34-27-3.2 do not apply. Specifically, Banking Regulation 230-RICR-40-10-4 Section 4.5A(6) permits a mortgagee to proceed to foreclosure without providing a Notice of Mediation Conference to the mortgagor.

25. The foreclosure counseling provisions of R.I. Gen. Laws §34-27-3.1 do not apply to foreclosure conducted pursuant to R.I. Gen. Laws §34-27.1.

26. Plaintiff through its attorney, caused a Notice of Availability of Loss Mitigation and Mediation Prgrams to be provided to the Defendants upon service of the Complaint. The notice informs the Defendants of Plaintiff's preparedness to evaluate the Defendants for loss mitigation upon the presentation of a completed financial

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 12/8/2022 3:49 PM
Envelope: 3900161
Reviewer: Christine F.

1:23-CV-00522-JJM-PAS    Document 3    Filed 12/12/23    Page 171 of 178 PageID #: 253

package and/or to participate in mediation. The notice further requests the Defendants to notify Plaintiff's attorney and the Court if they are interested in pursuing either loss mitigation or mediation. To date, the docket does not reveal any statement of interest filed with the Court.

27. Plaintiff is entitled to foreclose the mortgage, in full or partial satisfaction of the Estate's obligation in connection with the Note and Mortgage pursuant to their terms and applicable law.

28. Plaintiff is entitled to foreclose the Mortgage by entry and possession and by exercise of the power of sale contained therein, in accordance with R.I.G.L. §34-27-1, et seq.

29. Upon information and belief, there are no persons having any interest of ownership who are in the military service of the United States of America or otherwise are entitled to the relief and benefits provided by the Act of Congress known as the Soldiers' and Sailors' Civil Relief Act of 1940, as Amended.

WHEREFORE, Plaintiff prays that the following relief enter:

1. Declare that the Mortgage recorded in the Town of Charlestown Land Records in Book 399 at Page 11 is a valid first priority lien on the Property;

2. Declare that the Walter E. Thomas III, his successors and/or assigns, is in default of the terms and conditions of the Note and Mortgage.

3. Declare that the sums secured by the Mortgage are immediately due and payable without further demand in accordance with the terms of the Mortgage;

4. Declare that the foreclosure mediation provisions of R.I.G.L § 34-27-3.2 do not apply;

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 12/8/2022 3:49 PM
Envelope: 3900161
Reviewer: Christine F.

1:23-CV-00522-JJM-PAS    Document 3    Filed 12/12/23    Page 172 of 178 PageID #: 254

5. Enter Default Judgment, authorizing the Plaintiff to foreclose the Mortgage recorded in the Land Evidence Records for the City of Town of Charlestown Land Records in Book 399 at Page 11 by the exercise of power of sale therein and

6. Plaintiff shall give notice of the sale and conduct such sale in accordance with the provisions of R.I.G.L. §34-11-22 and R.I.G.L. §34-27-4;

7. Plaintiff or its designee be allowed to make a credit bid at the sale;

8. Plaintiff shall be entitled to collect all expenses, including costs and all reasonable attorney's fees, incurred in bringing this action and conducting the foreclosure sale, including without limitation, attorneys' fees, foreclosure fees and expenses as shall be established at such time as the Court considers confirmation of the foreclosure sale;

9. Such other and further relief as this Honorable Court deems meet and just.

Respectfully Submitted

Plaintiff,.
By Its Attorney,

/s/  *Michael R. Hagopian*

December 8, 2022, 2022          Michael Hagopian, Esq. (3448)
                               Brock & Scott, PLLC
                               1080 Main Street, Suite 200
                               Pawtucket, Rhode Island
                               (401) 217-8701 x 2453

## CERTIFICATE OF SERVICE

I hereby certify that, on the ___8th___ day of ___December___, 2022:
[   ] I filed and served this document through the electronic filing system on the following:

The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.
[   ] I served this document through the electronic filing system on the following:

_____.

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 12/8/2022 3:49 PM
Envelope: 3900161
Reviewer: Christine F.

1:23-CV-00522-JJM-PAS     Document 3     Filed 12/12/23     Page 173 of 178 PageID
#: 255

The document electronically served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

[ X ] I mailed or [  ] hand-delivered this document to the attorney for the opposing party and/or the opposing party if self-represented, whose name is _____ at the following address

Estate of Walter E. Thomas III, 14 Acorn Valley Way, Charlestown, RI 02813
Amber Thomas, 14 Acorn Valley Way, Charlestown, RI 02813
Walter E. Thomas IV, 50 Cutler Road, Dayville, CT 06241
Tiffany J. Skinner-DeSouza, 1352 Huckle Berry Road, Manchester, KY 40962

/s/ *Michael R. Hagopian*

_____
Michael Hagopian, Esq. (3448)

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 11/30/2022 8:13 PM
Envelope: 3889078
Reviewer: Brittany A.

Case 1:23-CV-00522-JJM-PAS    Document 3    Filed 12/12/23    Page 174 of 178 PageID #: 256

STATE OF RHODE ISLAND              SUPERIOR COURT
WASHINGTON, sc

|  |  |  |
|---|---|---|
| Navy Federal Credit Union<br>Plaintiff | ) ) ) | |
| v. | ) ) | Case No.: WM-2022-0304 |
| Estate of Walter E. Thomas III,<br>Tiffany L. Skinner-DeSouza, Walter<br>E. Thomas IV, and Amber Thomas<br>Defendants | ) ) ) ) ) ) | |

## ENTRY OF DEFAULT

It appearing that the the Defendants, Estate of Walter E. Thomas III, Tiffany L. Skinner-DeSouza, Walter E. Thomas IV and Amber Thomas, in the above entitled action, have failed to plead or otherwise defend as provided by the Rhode Island Superior Court Rules of Civil Procedure, default shall enter.

Default is hereby entered for the Plaintiff and against the the Defendants, Estate of Walter E. Thomas III, Tiffany L. Skinner-DeSouza, Walter E. Thomas IV and Amber Thomas, this _1st_ day of _December_, 2022.



/s/ *Brenden T. Oates*
Clerk of Court

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 11/30/2022 8:13 PM
Envelope: 3889078
Reviewer: Brittany A.

3-CV-00522-JJM-PAS    Document 3    Filed 12/12/23    Page 175 of 178 PageID
#: 257

STATE OF RHODE ISLAND                          SUPERIOR COURT
WASHINGTON, sc

|                                          |   |                        |
|------------------------------------------|---|------------------------|
| Navy Federal Credit Union                | ) |                        |
|     Plaintiff        | ) |                        |
|                                          | ) |                        |
| v.                                       | ) | Case No.:  WM-2022-0304|
|                                          | ) |                        |
| Estate of Walter E. Thomas III,          | ) |                        |
| Tiffany L. Skinner-DeSouza, Walter       | ) |                        |
| E. Thomas IV, and Amber Thomas           | ) |                        |
|     Defendants       | ) |                        |
|                                          | ) |                        |

## AFFIDAVIT

I, Michael R. Hagopian, being duly sworn, upon oath depose and say:

1. That I am an attorney of record for the Plaintiff and have personal knowledge of the facts set forth in this affidavit.

2. That on or about August 3, 2022, the Verified Complaint was filed with this Court.

3. On or about, August 9, 2022, Walter E. Thomas IV was served with a copy of the summons and Complaint by certified mail. A true copy of the return was filed with the Court.

4. On or about, August 18, 2022, Amber Thomas was served with a copy of the summons and Complaint by constable. A true copy of the return was filed with the Court.

5. On or about, August 18, 2022, Estate of Walter E. Thomas III was served with a copy of the summons and Complaint by constable. A true copy of the return was filed with the Court.

6. On or about, September 30, 2022, Tiffany L. Skinner-DeSouza was served with a copy of the summons and Complaint by constable. A true copy of the return was filed with the Court.

7. That more than twenty (20) days have elapsed since service of the summons and Complaint on said Defendants, Estate of Walter E. Thomas III, Tiffany L. Skinner-DeSouza, Walter E. Thomas IV and Amber Thomas.

8. The Defendants, Estate of Walter E. Thomas III, Tiffany L. Skinner-DeSouza, Walter E. Thomas IV and Amber Thomas, have failed to plead or otherwise defend as to Plaintiff's Complaint. This affidavit is executed by your affiant herein in accordance with Rule No. 55(a) of the Rhode Island Superior Court Rules of Civil Procedure, for the purpose of enabling the Plaintiff to obtain an

Case Number: WM-2022-0304
Filed in Washington County Superior Court
Submitted: 11/30/2022 8:13 PM
Envelope: 3889078
Reviewer: Brittany A.

3-CV-00522-JJM-PAS   Document 3   Filed 12/12/23   Page 176 of 178 PageID
#: 258

entry of default against the Defendants for failure to plead or otherwise defend
as to the Plaintiff's Complaint.

9.   That the Defendants, Estate of Walter E. Thomas III, Tiffany L. Skinner-
DeSouza, Walter E. Thomas IV and Amber Thomas have failed to appear in
said action and to the best of my Knowledge, upon information and belief, the
individual defendants were not at the time of the commencement of same, nor
are they now in the Military Service of the United States as defined in Article 1
of the "Soldiers and Sailors Civil Relief Act of 1940" as amended, nor an
infant or incompetent.

/s/ _____   11/29/22

Michael R. Hagopian

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

Subscribed and sworn to before me this 29th day of November, 2022.

_____
Notary Public

MATTHEW MACDONALD
NOTARY PUBLIC
STATE OF RHODE ISLAND
My Commission Expires 08/30/2025

STATE OF RHODE ISLAND                           SUPERIOR COURT
WASHINGTON, sc

| | |
|---|---|
| Navy Federal Credit Union )<br>Plaintiff )<br> )<br>v. )<br> )<br>Estate of Walter E. Thomas III, )<br>Tiffany L. Skinner-DeSouza, Walter )<br>E. Thomas IV, and Amber Thomas )<br>Defendants )<br> ) | Case No.: WM-2022-0304 |

## APPLICATION TO CLERK FOR ENTRY OF DEFAULT

The Plaintiff, in the above entitled action, pursuant to Rule No. 55(a) of the

Rhode Island Superior Court Rules of Civil Procedure hereby makes application to the

Clerk for Entry of Default for the Plaintiff and against the Defendants, Estate of Walter

E. Thomas III, Tiffany L. Skinner-DeSouza, Walter E. Thomas IV and Amber Thomas,

for failure of said Defendants to plead or otherwise defend.

Said failure of Defendants, Estate of Walter E. Thomas III, Tiffany L. Skinner-

DeSouza, Walter E. Thomas IV and Amber Thomas, to plead or otherwise defend is set

forth on the Affidavit immediately following this application.

Plaintiff
By its attorney,

/s/    **Michael R. Hagopian  11/30/2022**

Michael R. Hagopian  RI Bar #3448
Brock & Scott, PLLC
1080 Main Street, Suite 200
Pawtucket, RI 02860
(401) 217-8755
michael.hagopian @brockandscott.com

STATE OF RHODE ISLAND                         SUPERIOR COURT
WASHINGTON, sc

| | |
|---|---|
| Navy Federal Credit Union )<br>Plaintiff )<br> )<br>v. )<br> )<br>Estate of Walter E. Thomas III, )<br>Tiffany L. Skinner-DeSouza, Walter )<br>E. Thomas IV, and Amber Thomas )<br>Defendants )<br> ) | Case No.:  WM-2022-0304 |

## ENTRY OF DEFAULT

It appearing that the the Defendants, Estate of Walter E. Thomas III, Tiffany L. Skinner-DeSouza, Walter E. Thomas IV and Amber Thomas, in the above entitled action, have failed to plead or otherwise defend as provided by the Rhode Island Superior Court Rules of Civil Procedure, default shall enter.

Default is hereby entered for the Plaintiff and against the the Defendants, Estate of Walter E. Thomas III, Tiffany L. Skinner-DeSouza, Walter E. Thomas IV and Amber Thomas, this _____ day of _____, 2022.


_____
Clerk