UNITED STATES DISTRICT COUR
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| Navy Federal Credit Union )<br>        Plaintiff )<br>)<br>v. )<br>)<br>Estate of Walter E. Thomas III, Tiffany )<br>L. Skinner-DeSouza, Walter E. Thomas )<br>IV, and Amber Thomas )<br>        Defendants )<br>)<br>v. )<br>)<br>Internal Revenue Service and State of )<br>Rhode Island Division of Taxation )<br>) | Case No.: 1:23-cv-00522 JJM |

## **PLAINTIFF'S MOTION FOR DISBURSEMENT OF SURPLUS FUNDS**

The plaintiff, Navy Federal Credit Union, moves for an order of disbursement of Surplus Funds deposited with the Registry of Court. In support thereof Plaintiff states:

1. The above captioned matter is a judicial foreclosure which was filed with the Washington County Superior Court, docket number WM-2022-0304. Following a foreclosure sale, Plaintiff sought to deposit surplus funds with the Registry of the Court.

2. By Order entered on November 20, 2023, the Court authorized and directed Plaintiff to deposit the sum of $216,481.41 into the Registry of the Court ("Surplus Funds"). The Surplus Funds were duly deposited with the Superior Court Registry of the Court.

3. Since Walter E. Thomas III died March 13, 2019 the United States of America was interpleaded as a party because no discharge of the automatic inheritance tax lien was recorded.

4. The United States of America, on behalf of the Internal Revenue Service filed a Notice of Removal on December 7, 2023.

5. An Answer was not filed by the United States of America until January 22, 2024.

6. Based on the Answer filed by the United States of America, the Internal Revenue has unrecorded unsecured federal income tax liabilities for which the United States of America claim an interest.

7. Navy Federal Credit Union is the mortgagee of a junior mortgage from Walter E Thomas III and Donna J. Thomas on the property in the amount of $40,000.00 recorded with the Land Evidence Records for the Town of Charlestown in Book 305, Page 239 ("Junior Mortgage").

8. The Junior Mortgage was subordinate only to the foreclosed mortgage and has a superior interest the Surplus Funds due to its superior recorded interest in the Property. As such, the Junior Mortgage has a priority claim in and to the Surplus Funds.

9. The sum due and owing in connection with the Junior Mortgage is $18,522.25. (See Exhibit A – previously filed with the Washington County Superior Court).

WHEREFORE, the Plaintiff prays that on order enter as follows:

1. This Court approve and authorize the disbursement of the sum of $18,522.25 to Navy Federal Credit Union in satisfaction of the Junior Mortgage.

2. This Court grant Plaintiff a reasonable fee filing this motion and the delay caused by the removal of this matter from the State Court;

3. Approve and enter an order authorizing the Plaintiff to disburse the sum of $18,522.25 to Plaintiff in full satisfaction of its junior mortgage;

4. Declare that the obligations of Plaintiff and its attorneys with respect to the Junior Mortgage as it relates to the Surplus Funds are fully adjudicated and that Plaintiff is discharged of any liability in connection with the Surplus funds; and

5. Such other and further relief as this Honorable Court deems meet and just

                              Navy Federal Credit Union

                              By its attorney

                              /s/ *Michael R. Hagopian*

Dated: February 23, 2024              Michael R. Hagopian, Esq (3448)
Brock & Scott, PLLC
23 Messenger St – 2nd Floor
Plainville, MA 02762
(401) 217-8774
michael.hagopian@brockandscott.com

22-02515

## CERTIFICATE OF SERVICE

I hereby certify that, on the __23__ day of ____February_____, 2024 I filed and served this document through the electronic filing system with electronic service on the following: Sarah Stoner
With copies mailed to:
- Estate of Walter E. Thomas III, 14 Acorn Valley Way, Charlestown, RI 02813
- Amber Thomas, 14 Acorn Valley Way, Charlestown, RI 02813
- Walter E. Thomas IV, 50 Cutler Road, Dayville, CT 06241
- Tiffany J. Skinner-DeSouza, 1352 Huckle Berry Road, Manchester, KY 40962
- State of Rhode Island Division of Taxation, 1 Capitol Hill, Ste 1, Providence, RI 02908

                              /s/ *Michael R. Hagopian*

                              Michael R. Hagopian

STATE OF RHODE ISLAND           SUPERIOR COURT
WASHINGTON, SC

| | |
|---|---|
| Navy Federal Credit Union ) | |
|          Plaintiff ) | |
| ) | |
| v. ) | Case No.: WM-2022-0304 |
| ) | |
| Estate of Walter E. Thomas III, Tiffany ) | |
| L. Skinner-DeSouza, Walter E. Thomas ) | |
| IV, and Amber Thomas ) | |
|          Defendants ) | |

### AFFIDAVIT IN SUPPORT OF CLAIM OF NAVY FEDERAL CREDIT UNION

         I **Aaron J. Williams**, of Navy Federal Credit Union. ("Navy Federal"), having personal knowledge of the facts contained in this affidavit, on oath, state as follows:

1. I am employed by or serve in the capacity of **Assistant Manager** at Navy Federal.

2. In my capacity as **Assistant Manager**, I along with others have knowledge of the business records of Navy Federal, as they relate to the Mortgage which is the subject of this action and affidavit. Navy Federal's records are kept in the ordinary course of business by persons who have a business duty to make such records. The records are made at or near the occurrence of events so recorded. To the extent records related to the loan come from another entity, those records were received by Navy Federal in the ordinary course of its business, have been incorporated into and maintained as part of Navy Federal's business records, and have been relied on by Navy Federal. I have personal knowledge of facts set forth in this affidavit based upon my review of Navy Federal's business records maintained in connection with the Mortgage and the related Mortgage loan account whose repayment the Mortgage Secures.

3. On November 24, 2006, Walter E. Thomas III and Donna J. Thomas executed and delivered to Navy Federal Credit Union a mortgage (the "2006 Mortgage") of the Property, in the amount of $40,000.00, which Mortgage was recorded in the Town of Charlestown Land Records in Book 305 at Page 239. A true and accurate copy of the Mortgage is attached as **Exhibit 1.**

4. Navy Federal is the holder of the Note and Mortgage.

5. The 2006 Mortgage was subordinated to the subject mortgage of the Plaintiff's Complaint by a subordination agreement recorded in the Town of Charlestown Land Records in Book 399 at Page 5. A true and accurate copy of the Subordination Agreement is attached as **Exhibit 2.**

6. Upon the foreclosure of the subject mortgage of the Plaintiff's Complaint, the 2006 Mortgage was no longer secured by the Property.

7. The payoff for the 2006 Mortgage is $18,522.25 which is detailed as follows:

   a. Principal Balance        $14,489.46
   b. Interest as of 8/22/23   $2,338.43
   c. Fees                     $49.00
   d. Late charges             $620.00
   e. Recoverable advances     $1,025.00

8. Walter E. Thomas III failed to make required monthly payment obligations to Navy Federal due under 2006 Mortgage. As of the date of this affidavit, the account is still past due.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY this __27__ day of __September__, 2023.

Navy Federal Credit Union

By: _____

Aaron J. Williams

Title: Assistant Manager

STATE OF __Virginia__
COUNTY OF __Fairfax__

The foregoing instrument was acknowledged and sworn before me this __27__ day of __September__, 2023 by __Aaron J. Williams__ as a __Assistant Manager__ of Navy Federal Credit Union, who is personally known to me or who has produced _____ as identification.

Signature of Notary Public: _____

Name of Notary Public: __Alexis Nelson__

Personally known: __✓__
OR Produced Identification _____
Type of Identification Produced _____

[Notary Seal: ALEXIS DOMINIC NELSON, NOTARY PUBLIC, REG # 7860345, MY COMMISSION EXPIRES 12/31/2024, COMMONWEALTH OF VIRGINIA]

INST: 00003331
BK: 305 PG: 239
TOWN OF CHARLESTOWN, R.I.
JODI P. LACROIX CMC
Town Clerk
Dec 29, 2006 12:47:48P

# MORTGAGE

THIS MORTGAGE is made this **24th** day of **November, 2006**, between the Mortgagor, **WALTER E THOMAS III and DONNA J THOMAS**

(herein "Borrower"), whose address is
**14 ACORN VALLEY WAY, CHARLESTOWN, RI 02813**

and the Mortgagee, **Navy Federal Credit Union**, a corporation organized and existing under the laws of **the U.S. Govt (12USC1751)**, whose address is **820 Follin Lane, Vienna, VA 22180**

(herein "Lender").

WHEREAS, Borrower is indebted to Lender in the principal sum of U.S. $40,000.00, which indebtedness is evidenced by Borrower's note dated **November 24, 2006** and extensions and renewals thereof (herein "Note"), providing for monthly installments of principal and interest, with the balance of indebtedness, if not sooner paid, due and payable on **December 01, 2026**;

TO SECURE to Lender the repayment of the indebtedness evidenced by the Note, with interest thereon; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Mortgage; and the performance of the covenants and agreements of Borrower herein contained, Borrower does hereby mortgage, grant and convey to Lender, with power of sale, the following described property located in **CHARLESTOWN**, State of Rhode Island:

which has the address of **14 ACORN VALLEY WAY**   [Street]
**CHARLESTOWN**   [City], Rhode Island **02813**   [ZIP Code] (herein "Property Address");

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents, all of which shall be deemed to be and remain a part of the property covered by this Mortgage; and all of the foregoing, together with said property (or the leasehold estate if this Mortgage is on a leasehold) are hereinafter referred to as the "Property."

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

**2. Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Mortgage and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender.

**RHODE ISLAND** - SECOND MORTGAGE - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT

Form 3840
Amended 6/05

-76(RI) (0506) 01
Page 1 of 4
VMP Mortgage Solutions, Inc

Initials:  

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Mortgage that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Mortgage.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Mortgage, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Mortgage.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

**4. Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Mortgage, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Mortgage.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Mortgage is on a leasehold. If this Mortgage is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Mortgage, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Mortgage, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Mortgage. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

**10. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Mortgage granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Mortgage by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.



**11. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Mortgage, but does not execute the Note, (a) is co-signing this Mortgage only to mortgage, grant and convey that Borrower's interest in the Property to Lender under the terms of this Mortgage, (b) is not personally liable on the Note or under this Mortgage, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Mortgage or the Note without that Borrower's consent and without releasing that Borrower or modifying this Mortgage as to that Borrower's interest in the Property.

**12. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Mortgage shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Mortgage shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**13. Governing Law; Severability.** The state and local laws applicable to this Mortgage shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of federal law to this Mortgage. In the event that any provision or clause of this Mortgage or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Mortgage or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Mortgage and the Note are declared to be severable. As used herein, "costs," "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

**14. Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Mortgage at the time of execution or after recordation hereof.

**15. Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

**16. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Mortgage. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Mortgage.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Mortgage. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Mortgage without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Acceleration; Remedies. Upon Borrower's breach of any covenant or agreement of Borrower in this Mortgage, including the covenants to pay when due any sums secured by this Mortgage, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Mortgage and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a Court action to assert the nonexistence of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Mortgage to be immediately due and payable without further demand and Lender may invoke the STATUTORY POWER OF SALE and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorneys' fees.**

**If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in paragraph 12 hereof. Lender shall publish the notice of sale and the Property shall be sold in the manner prescribed by applicable law. Lender or Lender's designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to, reasonable attorneys' fees and costs of title evidence; (b) to all sums secured by this Mortgage; and (c) the excess, if any, to the person or persons legally entitled thereto.**

**18. Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Mortgage due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Mortgage discontinued at any time prior to the earlier to occur of (i) the fifth day before sale of the Property pursuant to the power of sale contained in this Mortgage or (ii) entry of a judgment enforcing this Mortgage if: (a) Borrower pays Lender all sums which would be then due under this Mortgage and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Mortgage; (c) Borrower pays all reasonable expenses incurred by Lender in enforcing the covenants and agreements of Borrower contained in this Mortgage, and in enforcing Lender's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Mortgage, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Mortgage shall continue unimpaired. Upon such payment and cure by Borrower, this Mortgage and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

**19. Assignment of Rents; Appointment of Receiver.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender shall be entitled to have a receiver appointed by a court to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by the receiver shall be applied first to payment of the costs of management of the Property



-76(RI) (0506) 01    Page 3 of 4    Initials:

and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Mortgage. The receiver shall be liable to account only for those rents actually received.

**20. Release.** Upon payment of all sums secured by this Mortgage, this Mortgage shall become null and void, and Lender shall discharge this Mortgage without charge to Borrower. Borrower shall pay all costs of recordation, if any.

**21. Waiver of Homestead.** If Borrower heretofore has acquired or hereafter acquires an estate of homestead in the Property, Borrower hereby agrees that such homestead estate is waived to the extent of this Mortgage and the amount due under the Note and to the extent of all renewals, extensions and modifications of this Mortgage or the Note, and that said homestead estate is subject to all of the rights of Lender under this Mortgage and the Note and all renewals, extensions and modifications of this Mortgage and the Note, and is subordinate to the lien evidenced by this Mortgage, and all renewals, extensions and modifications of this Mortgage. Futhermore, Borrower hereby waives the benefits of any homestead or similar laws or regulations that may otherwise be applicable from time to time.

## REQUEST FOR NOTICE OF DEFAULT
## AND FORECLOSURE UNDER SUPERIOR
## MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Mortgage to give Notice to Lender, at Lender's address set forth on page one of this Mortgage, of any default under the superior encumbrance and of any sale or other foreclosure action.

IN WITNESS WHEREOF, Borrower has executed this Mortgage.

_____ (Seal)      _____ (Seal)
WALTER E THOMAS III              -Borrower   DONNA J THOMAS                  -Borrower

_____ (Seal)      _____ (Seal)
                                 -Borrower                                   -Borrower

_____ (Seal)      _____ (Seal)
                                 -Borrower                                   -Borrower

_____ (Seal)      _____ (Seal)
                                 -Borrower                                   -Borrower

*(Sign Original Only)*

STATE OF RHODE ISLAND,     Washington     County ss:

On this 24th day of November, 2006, in CHARLESTOWN in said County, before me personally appeared WALTER E THOMAS III and DONNA J THOMAS

each and all to me known and known to me to be the person(s) executing the foregoing instrument and acknowledged said execution to be his/her/their free act and deed.

_____
Notary Public   Notary Public
William E Polmikas Jr
my commission expires 9/8/09

VMP-76(RI) (0509).01            Page 4 of 4            Form 3840

INST: 00003331
BK: 305 Pg: 243

**Exhibit A (Legal Description)**

ALL THAT PARCEL OF LAND IN TOWNSHIP OF CHARLESTOWN, WASHINGTON COUNTY, STATE OF RHODE ISLAND, AS MORE FULLY DESCRIBED IN DEED BOOK 164, PAGE 459, TAX ID# 023-030-001, BEING KNOWN AND DESIGNATED AS;

THAT CERTAIN TRACT OR PARCEL OF LAND WITH ALL BUILDINGS AND IMPROVEMENTS THEREON SITUATED IN THE TOWN OF CHARLESTOWN, COUNTY OF WASHINGTON, AND STATE OF RHODE ISLAND, BEING DELINEATED AS LOT ONE (1) ON THAT CERTAIN PLAT ENTITLED, "FINAL PLAN, ACORN VALLEY, IN THE TOWN OF CHARLESTOWN, RHODE ISLAND, DESIGNED AND PLATTED FOR JOHN F. & EVELYN J. SMITH, 17 CAROLINA BACK ROAD, CHARLESTOWN, R.I. 02813, JUNE, 1995, SCALE: 1" = 50'" RECORDED IN THE LAND EVIDENCE RECORDS OF THE TOWN OF CHARLESTOWN IN PLAT BOOK 12 AT PAGE 96.

TOGETHER WITH A ONE-THIRD (1/3RD) UNDIVIDED INTEREST, IN AND TO THOSE CERTAIN PARCELS LAID OUT AND DELINEATED ON THE AFOREMENTIONED RECORDED PLAT AS OPEN SPACE, WHICH INTEREST SHALL BE APPURTENANT TO THE AFOREMENTIONED LOT NUMBER 1; AND WHICH INTEREST SHALL BE CONVEYED WITH ANY CONVEYANCE OF ABOVE SAID LOT, WHETHER SAID INTEREST IS SPECIFICALLY MENTIONED IN ANY SUCH CONVEYANCE OR NOT.

BY FEE SIMPLE DEED FROM DARTMOUTH HOMES, INC. AS SET FORTH IN BOOK 164 PAGE 459 DATED 01/09/1998 AND RECORDED 01/09/1998, WASHINGTON COUNTY RECORDS, STATE OF RHODE ISLAND.

Page 1

```
BK:   399 PG:      5
INST:  00002135
```



Return to: 14NT04RI
**Navy Federal Title Services**
21550 Beaumeade Circle, Suite A
Ashburn, VA 20147

```
TOWN OF CHARLESTOWN, R.I.
     AMY ROSE WEINREICH
           TOWN CLERK
     Oct 24,2014 11:53:39A
```

## SUBORDINATION AGREEMENT

THIS SUBORDINATION AGREEMENT RESULTS IN YOUR SECURITY INTEREST IN THE PROPERTY BECOMING SUBJECT TO AND OF LOWER PRIORITY THAN THE LIEN OF SOME OTHER OR LATER SECURITY INSTRUMENT

**THIS AGREEMENT** made this __14th__ day of ____October 2014____ by ____Walter E Thomas III____, owner of the land hereinafter described and hereinafter referred to as "Owner" and NAVY FEDERAL CREDIT UNION, present owner and holder of the deed of trust and note first hereinafter described and hereinafter referred to as "Beneficiary",

### WITNESSETH

**THAT WHEREAS,** Owner did execute a DEED OF TRUST, MORTGAGE, OPEN-END MORTGAGE DEED OR SECURITY DEED, hereinafter described and hereinafter referred to as "Security Instrument", dated __November 24, 2006__ covering:

SEE ATTACHED LEGAL DESCRIPTION MADE A PART HEREOF.

to secure a note in the sum of $ __40,000.00__ of even date as the aforesaid Security Instrument in favor of Beneficiary, which Security Instrument was recorded on __December 29, 2006__ in ____Book 35 at Page 239____ among the Land Records of ____Washington____ County,

1

BK: 399 PG: 6
INST: 00002135

  **WHEREAS,** Owner has executed, or is about to execute, a Security Instrument and note is the sum of $ 183,000.00 , dated  October 24, 2014  in favor of NAVY FEDERAL CREDIT UNION hereinafter referred to as "Lender" payable with interest and upon the terms and conditions described therein, which Security Instrument is also to be recorded concurrently herewith; and

  **WHEREAS,** it is a condition precedent to obtaining said loan from Lender that said Security Instrument last above mentioned shall unconditionally be and remain at all times a lien or charge upon the land hereinbefore described, prior and superior to the lien or charge of the Security Instrument first above mentioned; and

  **WHEREAS,** Lender is willing to make said loan provided the Security Instrument securing the same is a lien or charge upon the above described property prior and superior to the lien or charge of the Security Instrument first above mentioned and provided that Beneficiary will specifically and unconditionally subordinate the lien or charge of Security Instrument first above mentioned to the lien or charge of Security Instrument in favor of the Lender; and

  **WHEREAS,** it is to the mutual benefit of the parties hereto that Lender makes such loan to Owner; and Beneficiary is willing that the Security Instrument securing the same shall, when recorded, constitute a lien or charge upon said land which is unconditionally prior and superior to the lien or charge of the Security Instrument first above mentioned.

  **NOW, THEREFORE,** in consideration of the mutual benefits accruing to the parties hereto and other valuable consideration, the receipt and sufficiency of which consideration is hereby acknowledged, and in order to induce Lender to make the loan above referred to, it is hereby declared, understood and agreed as follows:

  (1) That said Security Instrument securing said note in favor of Lender, and any renewals or extensions thereof, shall unconditionally be and remain at all times a lien or charge on the property therein described, prior and superior to the lien or charge of the Security Instrument first above mentioned.

  (2) That Lender would not make its loan above described without this subordination agreement

  (3) That this agreement shall be the whole and only agreement with regard to the subordination of the lien or charge of the Security Instrument first above mentioned to the lien or charge of the Security Instrument in favor of Lender above referred to and shall supersede and cancel, but only

2

```
BK:    399  PG:
INST:   00002135    7
```

insofar as would affect the priority between the Security Instrument hereinbefore specifically described, any prior agreement as to such subordination including, but not limited to those provisions, if any, contained in the Security Instrument first above mentioned, which provide for the subordination of the lien or charge thereof to another deed of deeds of trust or to another mortgage of mortgages or to another deed of security deeds.

Beneficiary declares, agrees and acknowledges that:

(a) Beneficiary consents to and approves (i) all provisions of the note and Security Instrument in favor of Lender above referred to, and (ii) all agreements, including but not limited to any loan or escrow agreements, between Owner and Lender for the disbursement of the proceeds of Lender's loan; and

(b) Lender in making disbursements pursuant to any such agreement is under no obligation or duty to, nor has Lender represented that it will, see to the application of such proceeds by the person or persons to whom Lender disburses such proceeds and any application or use of such proceeds for the purposes other than those provided for in such agreement of agreements shall not defeat the subordination herein made in whole or in part; and

(c) Beneficiary intentionally and unconditionally waives, relinquishes and subordinates the lien or charge of the Security Instrument first above mentioned in favor of the lien or charge upon said land of the Security Instrument in favor of Lender above referred to and understands that in reliance upon, and in consideration of, this waiver, relinquishment and subordination specific loans and advances are being and will be made and, as part and parcel thereof, specific monetary and other obligations are being and will be entered into which would not be made or entered into but for said reliance upon this waiver, relinquishment and subordination; and

(d) An endorsement has been placed upon the note secured by the Security Instrument first above mentioned that said Security Instrument has by this instrument been subordinated to the lien or charge of the Security Instrument in favor of Lender above referred to.

NOTICE: THIS SUBORDINATION AGREEMENT CONTAINS A PROVISION WHICH ALLOWS THE PERSON OBLIGATED ON YOUR REAL PROPERTY SECURITY TO OBTAIN A PORTION OF WHICH MAY BE EXPENDED FOR OTHER PURPOSES THAN IMPROVEMENT OF THE LAND.

3

BK: 399 PG: 8
INST: 00002135

NAVY FEDERAL CREDIT UNION, Beneficiary

By, _____
DONNA M. BRADFORD, ASSISTANT TREASURER

STATE OF Virginia

COUNTY OF Fairfax        to wit: _____

I HEREBY CERTIFY, that on this 18th day of 15th, 2014 before me, the undersigned officer, personally appeared Donna Bradford, who Acknowledged himself/herself to be the Assistant Treasurer of NAVY FEDERAL CREDIT UNION and that he/she, as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained, by signing the name of the corporation by himself/herself as said officers.

IN WITNESS WHEREOF, I hereto set my hand and official seal.

_____
Notary Public

My commission expires: _____

```
BIJAL NAIK
NOTARY PUBLIC
Commonwealth of Virginia
Reg. #7561093
My Commission Expires July 31, 2017
```

4

```
BK:   399 PG:      9
INST: 00002135
```

_____ (Owner)
Walter E Thomas III

_____ (Owner)

STATE OF  Rhode Island

COUNTY OF  Washington  to wit: _____

I HEREBY CERTIFY, that on this 20th day of October before me, the undersigned officer, a Notary Public, in and for the aforesaid State and County, personally appeared  Walter E. Thomas III , known to me as satisfactorily proven to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged that he/she/they executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_____
Notary Public
Ashley F. Avelar

My Commission expires: 2-2-2016


STATE OF _____

COUNTY OF _____ to wit: _____

I HEREBY CERTIFY, that on this ____ day of _____ before me, the undersigned officer, a Notary Public, in and for the aforesaid State and County, personally appeared _____, known to me as satisfactorily proven to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged that he/she/they executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_____
Notary Public

My Commission expires: _____

*IT IS RECOMMENDED THAT, PRIOR TO THE EXECUTION OF THIS SUBORDATION AGREEMENT, THE PARTIES CONSULT WITH THEIR ATTORNEYS WITH RESPECT THERETO*

BK: 399 PG: 10
INST: 00002135

# **EXHIBIT A**

That certain tract or parcel of land with all the buildings and improvements thereon situated in the Town of Charlestown, County of Washington, in the State of Rhode Island, being delineated as Lot No. 1 on that certain plat entitled "FINAL PLAN, ACORN VALLEY, IN THE TOWN OF CHARLESTOWN, RHODE ISLAND, Designed and Platted for JOHN F. & EVELYN J. SMITH, 17 Carolina Bank Road, Charlestown, R.I. 02813, JUNE, 1995; SCALE: 1"=50'", recorded I the Land Evidence Records of the Town of Charleston in Plat Book 12 at Page 96.

TOGETHER WITH a one-third (1/3rd) undivided interest in and to those certain parcels laid out and delineated on the aforementioned recorded plat as OPEN SPACE.